1 MELISSA M. HARNETT (Bar No. 164309; mharnett@wcclaw.com)
2 ROBERT L. ESENSTEN (Bar No. 65728; resensten@wcclaw.com)
  GREGORY B. SCARLETT (Bar No. 131486; gscarlett@wcclaw.com)
  **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
3 5567 Reseda Boulevard, Suite 330
  Post Office Box 7033
4 Tarzana, California 91357-7033
  Telephone: (818) 705-6800 • (323) 872-0995
5 Facsimile: (818) 345-0162

6 Jeffrey F. Keller, Esq. (Bar No. 148005; jfkeller@kellergrover.com)
  **KELLER GROVER LLP**
7 425 2nd Street, Suite 500
  San Francisco, CA 94107
8 Telephone: (415) 543-1305
  Facsimile: (415) 543-7861

9

10 Attorneys for DANIEL FRIEDMAN,
   THOMAS HERNAN Jr., LUIS RIOJAS,
11 CRAIG JONES, MOLLY KRAMER,
   DEBORAH MCKENNA, AND ON
   BEHALF OF ALL OTHERS
12 SIMILARLY SITUATED

FILED
CLERK, U.S. DISTRICT COURT
AUG 2 1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

13

14                **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16

17 DANIEL FRIEDMAN, an individual,        CASE NO. CV 06-06282 AHM (CTx)
   THOMAS HERNAN, Jr., an individual,
   LUIS RIOJAS, an individual,           **PUTATIVE CLASS ACTION**
18 CRAIG JONES, and individual,
   MOLLY KRAMER, an individual,          **FOURTH AMENDED COMPLAINT**
19 DEBORAH MCKENNA, an individual,        **REDACTED**
   and on Behalf of all Others Similarly
20 Situated,
                                         **JURY TRIAL DEMANDED**
21         Plaintiffs,

22    vs.

23 24 HOUR FITNESS USA, INC.,

24         Defendants.

25

26

27

28        Plaintiffs, on behalf of themselves and all others similarly situated, bring this

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

action against Defendant 24 HOUR FITNESS USA, INC. ("Defendant"), demanding a trial by jury, as follows:

## PARTIES

1.    Individual and representative plaintiff Daniel Friedman is a resident of the County of Los Angeles, State of California.

2.    Individual and representative plaintiff Thomas Hernan, Jr. is a resident of the County of Alameda, State of California.

3.    Individual and representative plaintiff Luis Riojas is a resident of the County of Snohomish, State of Washington.

4.    Individual and representative plaintiff Craig Jones is a resident of the County of Harris, State of Texas.

5.    Individual and representative plaintiff Molly Kramer is a resident of the County of Clark, State of Nevada.

6.    Individual and representative plaintiff Deborah McKenna is a resident of the County of Teller, State of Colorado.

7.    Defendant 24 Hour Fitness USA, Inc., is a California corporation and a wholly-owned subsidiary of 24 Hour Fitness Worldwide, Inc., with its principal place of business in San Ramon, California, registered to do business and doing business in the State of California.

## JURISDICTION AND VENUE

8.    This action asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, the California Unfair Competition Act, California Business & Professions Code § 17200 *et seq.*, the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, and for breach of contract. This Court has original jurisdiction over this action under 28 U.S.C. §

1   1331 (federal question), 18 U.S.C. § 1965(a) (federal RICO) and 15 U.S.C. §

2   1693m(e) (EFTA), and supplemental jurisdiction under 28 U.S.C. § 1367.

3       9.    This Court has original jurisdiction over this class action pursuant to 28

4   U.S.C. § 1332(d)(Class Action Fairness Act), in that the matter in controversy

5   exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at

6   least 100 members of the proposed class, and at least one member of the class is a

7   citizen of a different state than Defendant.   In addition to the federal claims

8   nationally applicable, the pendent state claims at issue here include claims

9   applicable to citizens of 5 different states in the United States, including California.

10      10.    This Court has general and specific personal jurisdiction over the

11  Defendant.   Defendant was and is engaged in unfair business practices and a

12  racketeering enterprise directed at and/or causing injury to persons residing, located

13  or doing business throughout the United States.

14      11.    Venue is proper in this district under 18 U.S.C. § 1965(a) and 28

15  U.S.C. § 1391(b) and (c), because Defendant transacts business, maintains offices,

16  or is otherwise found within this district, and many of Defendant's unlawful acts

17  giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected

18  interstate trade and commerce described below has been carried out in this district.

19  Plaintiffs are informed and believe that of the 385 or more clubs owned by

20  Defendants, at least 20 of the health clubs are located in the Los Angeles area.

21      12.    California has a significant contact or aggregation of contacts to the

22  claims at issue herein.   Defendant does business in California, Defendant's

23  headquarters and principal offices are in California, a significant number of

24  Defendant's members are California residents, and the wrongful acts alleged herein,

25  which affected Class Members within the 14 states in which it has health clubs,

26  emanated from Defendant's management and employees in California and were

27  effectuated in California.   Defendant's headquarters, and its other major situs of

28  operations in Carlsbad, California, hosts the offices of 24 Hour's chief executive

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

officer and most other decision-making executives and departments who set the membership policies for the entire chain. All finance and information technology operations for the entire chain are located and managed in California. All electronic fund transfer ("EFT") processing for members is handled exclusively through the Carlsbad, California office. The wire instructions which were issued by Defendant to effectuate the unauthorized overcharges were issued from California. The contracts at issue were prepared in California and are disseminated from California. The contracts all contain an address in California to which members are instructed to mail notice of cancellation. From its California headquarters, Defendant controls its approximately 346 health clubs located in 14 states, with approximately 3 million members.

13. The business activities of Defendant at issue in this Complaint were within the flow of and substantially affected interstate trade and commerce. There has been a continuous and uninterrupted flow of activities in interstate commerce throughout the class period.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. This action arises from an ongoing pattern of racketeering activity effectuated by Defendant's unauthorized and unlawful collection of membership dues by Electronic Fund Transfers for health clubs owned and operated by Defendant, doing business under the name of 24 Hour Fitness.

15. Defendant 24 Hour Fitness is the largest privately owned and operated fitness center chain in the world. Defendant owns and operates more than 385 fitness clubs in at least 14 states, including Arizona, Hawaii, Oregon, Washington, California, Nevada, Texas, Colorado, Utah, Kansas, Nebraska, Missouri, Tennessee, and Florida, boasting over 3 million members and annual revenues of more than $1.1 billion. Defendant states on its website that it owns and operates fitness clubs

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 in Hong Kong, Malaysia, Singapore and Taiwan, and thus engages in international
2 as well as interstate commerce. Defendant continues to expand and has advertised
3 that clubs in New York State are expected to open soon.

4      16.   Defendant sells to consumers monthly membership to its clubs.
5 Defendant titles this form of membership as either a "Monthly Membership," or in
6 California after January 1, 2006, a "Monthly Payment Membership" (hereinafter
7 jointly "Monthly Membership").

8      17.   Within the last four (4) years, every named plaintiff and every putative
9 class member signed a form contract containing the same material form language
10 which states on its face that they were entering into a monthly membership. Each of
11 Defendant's monthly membership form contracts ("Monthly Contracts") contains an
12 integration clause which states that "…neither 24 Hour, nor anyone else, made any
13 representation or promises upon which you relied that are not stated in this
14 agreement…. This document contains the entire agreement between you and 24
15 Hour and replaces any oral or other written agreement." This integration language
16 is uniform to all of Defendant's Monthly Contracts throughout the United States.

17      18.   Defendant requires each new monthly member to pre-pay the first and
18 "Last Month's Dues" at the time of enrollment. A consumer terminating a Monthly
19 Membership owes no further fees upon cancellation because the "Last Month's
20 Dues" are always paid upon enrollment.

21      19.   Defendant requires that monthly dues be paid by Electronic Fund
22 Transfers ("EFTs"). In all cases, in all clubs nationwide, Defendant refuses to
23 accept payments by cash or check for the monthly dues, although such methods of
24 payment are permitted for the initial fees at the time of enrollment and for the pre-
25 paid long-term memberships (which are not at issue in this action).

26      20.   Defendant requires that monthly dues be paid by EFT because the
27 process gives Defendant the ability to take money from consumers' accounts,
28 without the consumers' active participation in effectuating the payments. This

868071.1

1  mechanism is central to Defendant's illegal scheme to maximize profits by taking
2  additional EFTs after the member has cancelled the Monthly Membership and the
3  member's EFT authorization has been terminated. If Defendant permitted monthly
4  dues to be paid by cash or check, Defendant would have no vehicle by which it
5  could force further payments after a member cancelled the monthly membership.

6      21.   Upon or after cancellation of the Monthly Membership, each Plaintiff
7  and class member was wrongly charged by EFT for additional dues, and then the
8  member's pre-paid last month dues were applied to the 30 day period following the
9  month for which the additional EFT tap was applied after cancellation. Each
10  Plaintiff and class member was thus wrongly charged for additional membership
11  dues after the member cancelled the Monthly Membership.

12      22.   Defendant's practice of charging fees for membership after the member
13  cancels the Monthly Membership is the same for all club members regardless of
14  location, varying only as to the amount of additional dues the members were
15  charged.

16      23.   In the case of each named Plaintiff and each absent class member in the
17  United States, Defendant acknowledged in its records the member's cancellation of
18  the Monthly Membership, no matter by which means the member cancelled, and
19  subsequently made at least one unauthorized post-cancellation Electronic Funds
20  Transfer (EFT) "tap" against that member's bank account or credit card account.

21      24.   California Plaintiff Daniel Friedman joined 24 Hour Fitness as a
22  "monthly" member on July 25, 2005 at Club number 70 in Sherman Oaks,
23  California. A true and correct copy of Mr. Friedman's contract is attached hereto as
24  Exhibit "A" and incorporated herein by reference. The 24 Hour Fitness employee
25  who sold Mr. Friedman the "monthly" membership was Ricker Larson, Employee
26  I.D. # 8639A. On July 25, 2005, Mr. Friedman pre-paid his last month dues in the
27  amount of $36.99. Mr. Friedman relied upon the statements in the contract that it
28  was a monthly agreement and set forth the terms that governed his relationship with

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Defendant, such that upon cancellation of his membership, which he was permitted
2  to do at any time, Defendant's authority to effectuate EFTs from his debit account
3  would cease and Defendant would apply the prepaid last month dues to the last
4  month, such that he would not be charged for any further dues.

5     25. Defendant provided to Mr. Friedman a phone number to call to cancel
6  his membership. At all times relevant, the phone number provided to Mr. Friedman
7  is the same phone number Defendant provides to each member who seeks to cancel
8  membership, as members are not permitted to give notice of cancellation at a club
9  location. Mr. Friedman cancelled his membership on August 1, 2006. The
10 membership records maintained by Defendant acknowledge and record in writing
11 that Mr. Friedman cancelled his membership on August 1, 2006. Yet, Defendant
12 subsequently made an unauthorized EFT "tap" against Mr. Friedman's bank account
13 on August 25, 2006 in the amount of $26.99, which covered additional unauthorized
14 membership for thirty days ending September 24, 2006, and which funds were
15 transferred from the financial institution to Defendant. Defendant secured the
16 unauthorized funds by misrepresenting to LASALLE BANK NATIONAL
17 ASSOCIATION ("LaSalle") that it had authority to obtain the funds, instructing
18 LaSalle by telephone or other electronic data wire transmission to tap Mr.
19 Friedman's account on or about August 25, 2006, which instructions LaSalle
20 followed, collected the funds from the bank holding Mr. Friedman's bank account
21 and transferred the funds to Defendant. Defendant then applied the pre-paid Last
22 Month Dues to the 30 days following September 25, 2006, such that Mr. Friedman
23 was charged for membership through October 24, 2006. Mr. Friedman was thus
24 charged for membership for 84 days after he cancelled.

25    26. California Plaintiff Thomas Hernan, Jr. joined 24 Hour Fitness as a
26 monthly member on December 20, 2006 at Club number 550 in Livermore,
27 California. A true and correct copy of Mr. Hernan's contract is attached hereto as
28 Exhibit "B" and incorporated herein by reference. The name of the 24 Hour Fitness

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 employee who sold Mr. Hernan the "monthly" membership is illegible on the
2 contract, but his Employee I.D. # is 58420. On December 20, 2006, Mr. Hernan
3 prepaid his last month dues in the amount of $32.99. Mr. Hernan relied upon the
4 statements in the contract that it was a monthly payment agreement and set forth the
5 terms that governed his relationship with Defendant, such that upon cancellation of
6 his membership, Defendant's authority to effectuate EFTs from his credit card
7 account would cease and Defendant would apply the prepaid last month dues to the
8 last month, such that he would not be charged for any further dues after notifying
9 Defendant of cancellation.

10      27.   Mr. Hernan cancelled his membership on June 11, 2007.   The
11 membership records maintained by Defendant acknowledge and record in writing
12 that Mr. Hernan cancelled his membership on June 11, 2007.   Yet, Defendant
13 subsequently made an unauthorized EFT "tap" against Mr. Hernan's VISA account
14 on June 20, 2007 in the amount of $23.09, which covered additional unauthorized
15 membership through July 11, 2007, and which funds were transferred from the
16 financial institution to Defendant.   Defendant secured the unauthorized funds by
17 misrepresenting   to   PAYMENTECH   MERCHANT   SERVICES,   INC.
18 ("Paymentech") that it had authority to obtain the funds, instructing Paymentech by
19 telephone or other electronic data wire transmission to tap Mr. Hernan's credit card
20 account on or about June 20, 2007, which instructions Paymentech followed,
21 collected the funds from the credit company proving Mr. Hernan with the applicable
22 credit account and transferred the funds to Defendant.   Defendant then applied the
23 pre-paid Last Month Dues to the 30 days following July 11, 2006, such that Mr.
24 Hernan was charged for membership through August 10, 2006.   Mr. Hernan was
25 thus charged for membership for 60 days after he cancelled.

26      28.   Washington Plaintiff Luis Riojas joined 24 Hour Fitness as a "monthly"
27 member on March 16, 2006 at Club number 418 in Lynnwood, Washington.   A true
28 and correct copy of Mr. Riojas' contract is attached hereto as Exhibit "C" and

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  incorporated herein by reference.  The name of the 24 Hour Fitness employee who
2  sold Mr. Riojas the "monthly" membership was Gregory Hanson, Employee I.D. #
3  8077C.  On March 16, 2006, Mr. Riojas prepaid his last month dues in the amount
4  of $21.77, including tax.  Mr. Riojas understood that the contract was a monthly
5  agreement and relied upon the contract to set forth the terms that governed his
6  relationship with Defendant, such that upon canceling, which he was permitted to do
7  at any time, Defendant's authority to effectuate EFTs from his debit account would
8  cease and Defendant would apply the prepaid last month dues to that 30 day "last
9  month" notice period, such that he would not be charged for any further dues.

10       29.  Defendant provided to Mr. Riojas a phone number to call to cancel his
11  membership.  At all times relevant, the phone number provided to Mr. Riojas is the
12  same phone number Defendant provides to each member who seeks to cancel
13  membership, as members are not permitted to give notice of cancellation at a club
14  location.  Mr. Riojas cancelled his membership on April 13, 2007.  The membership
15  records maintained by Defendant acknowledge and record in writing that Mr. Riojas
16  cancelled his membership on April 13, 2007.  Yet, Defendant subsequently made an
17  unauthorized EFT "tap" against Mr. Riojas' bank account on or about April 20, 2007
18  in the amount of $21.77, which covered additional unauthorized membership
19  through May 20, 2007, and which funds were transferred from the financial
20  institution to Defendant.    Defendant secured the unauthorized funds by
21  misrepresenting to LaSalle that it had authority to obtain the funds, instructing
22  LaSalle by telephone or other electronic data wire transmission to tap Mr. Riojas'
23  account on or about May 20, 2007, which instructions LaSalle followed, collected
24  the funds from the bank holding Mr. Riojas' bank account and transferred the funds
25  to Defendant.  Defendant then applied the pre-paid Last Month Dues to the 30 days
26  following May 20, 2007, such that Mr. Riojas was charged for membership through
27  June 20, 2007.  Mr. Riojas was thus charged for membership for 67 days after he
28  cancelled.

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

30.   Texas Plaintiff Craig Jones joined 24 Hour Fitness as a "monthly" member on January 15, 2005 at Club number 349 in Humble, Texas.  A true and correct copy of Mr. Jones' contract is attached hereto as Exhibit "D" and incorporated herein by reference.  The 24 Hour Fitness employee who sold Mr. Jones the "monthly" membership was John Taylor, Employee I.D. # 9029A.  On January 15, 2005, Mr. Jones prepaid his last month dues in the amount of $36.99. Mr. Jones understood that the contract was a monthly agreement and relied upon the contract to set forth the terms that governed his monthly relationship with Defendant, such that upon canceling, which he was permitted to do at any time, Defendant's authority to effectuate EFTs from his credit card account would cease and Defendant would apply the prepaid last month dues to that 30 day "last month" notice period, such that he would not be charged for any further dues.

31.   Mr. Jones cancelled his membership on July 13, 2005, when Mr. Jones mailed to Defendant a notice of cancellation.  The membership records maintained by Defendant acknowledge and record in writing that Mr. Jones cancelled his membership on July 13, 2005.  Yet, Defendant subsequently made an unauthorized EFT "tap" against Mr. Jones' credit card on July 15, 2005 in the amount of $40.04, which covered additional unauthorized membership through August 15, 2005, and which funds were transferred from the financial institution to Defendant.  Defendant secured the unauthorized funds by misrepresenting to Paymentech that it had authority to obtain the funds, instructing Paymentech by telephone or other electronic data wire transmission to tap Mr. Jones' credit card account on or about July 15, 2005, which instructions Paymentech followed, collected the funds from the credit company providing Mr. Jones' credit account and transferred the funds to Defendant.  Defendant then applied the pre-paid Last Month Dues to the 30 days following August 15, 2005, such that Mr. Jones was charged for membership through September 14, 2005.  Mr. Jones was thus charged for membership for 62 days after he cancelled.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

32.   Nevada Plaintiff Molly Kramer joined 24 Hour Fitness as a "monthly" member on April 27, 2007 at Club number 194 in Las Vegas, Nevada.  A true and correct copy of Ms. Kramer's contract is attached hereto as Exhibit "E" and incorporated herein by reference.  The name of the 24 Hour Fitness employee who sold Ms. Kramer the "monthly" membership is illegible on the contract, but that person's Employee I.D. # is 96119.  On April 27, 2007 Ms. Kramer prepaid her last month dues in the amount of $36.99.  Ms. Kramer understood that the contract was a monthly agreement and relied upon the contract to set forth the terms that governed her monthly relationship with Defendant, such that upon canceling, which she was permitted to do at any time, Defendant's authority to effectuate EFTs from her credit card account would cease and Defendant would apply the prepaid last month dues to that 30 day "last month" notice period, such that she would not be charged for any further dues.

33.   Defendant provided to Ms. Kramer a phone number to call to cancel her membership.  At all times relevant, the phone number provided to Ms. Kramer is the same phone number Defendant provides to each member who seeks to cancel membership, as members are not permitted to give notice of cancellation at a club location.  Ms. Kramer cancelled her membership on June 8, 2007.  The membership records maintained by Defendant acknowledge and record in writing that Ms. Kramer cancelled her membership on June 8, 2007.  Yet, Defendant subsequently made an unauthorized EFT "tap" against Ms. Kramer's American Express account on June 25, 2007 in the amount of $36.99, which covered additional unauthorized membership through July 25, 2007, and which funds were transferred from the financial institution to Defendant.  Defendant secured the unauthorized funds by misrepresenting to Paymentech that it had authority to obtain the funds, instructing Paymentech by telephone or other electronic data wire transmission to tap Ms. Kramer's credit card account on or about July 25, 2007, which instructions Paymentech followed, collected the funds from the credit company providing Ms.

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  Kramer's credit account and transferred the funds to Defendant.  Defendant then
2  applied the pre-paid Last Month Dues to the 30 days following July 25, 2007, such
3  that Ms. Kramer was charged for membership through August 24, 2007.  Ms.
4  Kramer was thus charged for membership for 77 days after she cancelled.

5      34.    Colorado Plaintiff Deborah McKenna joined 24 Hour Fitness as a
6  "monthly" member on July 26, 2007 at Club number 00346 in Colorado Springs,
7  Colorado.  Ms. McKenna does not currently have a copy of her executed contract,
8  but attaches hereto as Exhibit "F" a copy of the form contract which Plaintiffs are
9  informed and believe 24 Hour Fitness used in Colorado in July 2007.  She was sold
10  the "monthly" membership by Employee I.D. # 3505F.  On July 26, 2007, Ms.
11  McKenna prepaid her last month dues in the amount of $29.99.  Ms. Kramer
12  understood that the contract was a monthly agreement and relied upon the contract
13  to set forth the terms that governed her monthly relationship with Defendant, such
14  that upon canceling, which she was permitted to do at any time, Defendant's
15  authority to effectuate EFTs from her debit card account would cease and Defendant
16  would apply the prepaid last month dues to that 30 day "last month" notice period,
17  such that she would not be charged for any further dues.

18      35.    Defendant provided to Ms. McKenna a phone number to call to cancel
19  her membership.  At all times relevant, the phone number provided to Ms. McKenna
20  is the same phone number Defendant provides to each member who seeks to cancel
21  membership, as members are not permitted to give notice of cancellation at a club
22  location.  Ms. McKenna cancelled her membership on November 8, 2007. Ms.
23  McKenna is informed and believes that the membership records maintained by
24  Defendant acknowledge and record in writing that Ms. McKenna cancelled her
25  membership on November 8, 2007.  Defendant subsequently made an unauthorized
26  EFT "tap" against Ms. McKenna's Park State Bank & Trust bank account on or
27  about November 25, 2007 in the amount of $29.99, which covered additional
28  unauthorized membership through December 25, 2007, and which funds were

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    transferred from the financial institution to Defendant. Defendant secured the

2    unauthorized funds by misrepresenting to LaSalle that it had authority to obtain the

3    funds, instructing LaSalle by telephone or other electronic data wire transmission to

4    tap Ms. McKenna's bank account on or about July 25, 2007, which instructions

5    LaSalle followed, collected the funds from the bank holding Ms. McKenna's bank

6    account and transferred the funds to Defendant. Defendant then applied the pre-paid

7    Last Month Dues to the 30 days following December 25, 2007, such that Ms.

8    McKenna was charged for membership through on or about January 25, 2008. Ms.

9    McKenna was thus charged for membership for approximately 77 days after she

10   cancelled.

11       36.    At all times relevant, Defendant has not secured valid authorization, in

12   writing or otherwise, to collect by EFT from a "monthly" member's credit card

13   account or to withdraw funds from the member's debit card account after that

14   member had cancelled his or her monthly membership. The EFT authorization in

15   the Monthly Contracts provides that authorization continues only until the

16   membership is "terminated or cancelled in writing" or "terminated or cancelled,

17   whichever occurs first." Further, each month of membership, the member is

18   charged dues on the member's tap date in advance of the month which covered by

19   that tap. As the member has already prepaid "last month dues," and has already paid

20   by EFT dues for the month in which the cancellation takes place, no further dues are

21   owed to 24 Hour Fitness on the "monthly" membership.

22       37.    Each post-cancellation, unauthorized credit card or debit card "tap"

23   described in this complaint is effectuated by Defendant using telephone and other

24   data transmission wires.

25       38.    At all times relevant hereto, Defendant effectuated and facilitated the

26   unauthorized post-cancellation EFT "taps" by contracting with outside credit and

27   debit card processing companies Paymentech and LaSalle. From 1999 to the

28   present, Paymentech has processed Defendant's EFT credit card "taps," and LaSalle

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1   has processed Defendant's EFT debit card taps, upon the instructions of Defendant

2   24 Hour Fitness.  Without the processing of EFTs by Paymentech, LaSalle or a

3   similar clearing house, 24 Hour Fitness would be unable to effectuate the illegal

4   scheme of overcharging its "monthly" members who have cancelled their

5   memberships by means of unauthorized electronic fund transfers. A true and correct

6   copy of the payment processing contract entered into between defendant and

7   Paymentech is attached hereto as Exhibit "G."  A true and correct copy of the

8   payment processing contract entered into between Defendant and LaSalle is attached

9   hereto as Exhibit "H."

10         39.    No class member has received full refunds for the unauthorized post-

11  cancellation EFT charges billed to their credit or debit card accounts.  Thus, no class

12  member has been placed in the position he or she was in before Defendant, without

13  valid authorization, assessed post-cancellation charges against their credit or debit

14  cards.

15         40.    Defendant's act in instructing Paymentech and LaSalle to collect dues

16  by EFT from each monthly member's credit or debit accounts upon or after

17  cancellation by the monthly member, and Paymentech and LaSalle's reliance upon

18  those instructions as valid authorization to collect the sums from the member's

19  account and transfer the amounts to the account(s) of Defendant was the proximate

20  cause of each Plaintiffs' and putative class member's injury, as this was a substantial

21  factor in the sequence of causation responsible for the injury.  The payment

22  processors would not have tapped the cancelled members' accounts but for the

23  instructions from Defendant to do so, and thus the tap instructions from defendant

24  proximately caused the injuries at issue.

25         41.    24 Hour Fitness admits that the 24 Hour Fitness chain loses 2% to 3%

26  of its members each month, and according to former 24 Hour Fitness CEO Mark

27  Mastrov, "one-third of its membership base each year."  Defendant has further

28  admitted that, nationwide, between 40,000 and 50,000 of its monthly members

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

cancel each month.

42.    Defendant's post-cancellation EFT overcharge scheme, as described above, conservatively yields an additional $16 million to $20 million in revenue for Defendant each year.

43.    Plaintiffs and all absent class members were charged more in membership fees than they owed.  Plaintiffs and all absent class members each suffered economic injury as a result of Defendant's conduct.

44.    Defendant is guilty of oppression, fraud and/or malice in doing the acts alleged herein.

## CLASS DEFINITIONS AND ALLEGATIONS

45.    Plaintiffs bring this action both on behalf of themselves, and as a class action on behalf of the following class (the "Federal Class"):

> All individuals in the United States who signed a 24 Hour Fitness Monthly Contract during the time period of June 1, 2004 to the present, and who were required to pay dues upon or after notification of cancellation by Electronic Funds Transfer, whether by debit card or credit card, excluding members of the Weir Settlement Class.[1]

---

[1] The "Weir Settlement Class," whose members are specifically excluded from the Classes sought herein, is comprised of all members who did not validly opt-out of the class certified in Shona Weir et al. v. 24 Hour Fitness USA, Inc., San Francisco Superior Court case no. CGC-05-438478., which settlement class was defined as: "all Individuals who, while residing within the geographic boundaries of the State of California, entered into Monthly Membership Agreements with 24 Hour Fitness USA, Inc. in The State of California prior to January 1, 2006 and who either (1) (footnote continued)

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

46.     In addition to the foregoing, with respect to those claims brought under California State law, Plaintiffs bring this action on behalf of the following class ("State Law Class"):

> All residents of California, Colorado, Nevada, Texas, and Washington who signed a 24 Hour Fitness monthly membership contract during the time period of June 1, 2004 to the present in California, Colorado, Nevada, Texas, or Washington, and who were required to pay dues upon or after notification of cancellation, whether by prepaid last month dues and/or Electronic Funds Transfer, excluding members of the Weir Settlement Class.

47.     Said definitions may be further defined by additional pleadings, evidentiary hearings, a class certification hearing, and order of this Court. Said Classes may be further sub-classed if necessary.

48.     On January 1, 2006, in response to the Weir class action, 24 Hour Fitness changed language in its Monthly Contract for use in California only. These changes did not clarify the contractual terms, but rather exacerbated the subterfuge. For manageability purposes, if the Court deems necessary, Plaintiffs propose that the State Law Class may be sub-classed to address this change in the post-Weir contract used in California.

49.     This action has been brought and may be maintained as a class action

––––––––––––––––––––

gave Notice Of Termination of their Monthly Membership on or after November 1, 2001 and paid Additional Dues after they gave Notice Of Termination; or (2) have not given Notice Of Termination of their Monthly Membership Agreements as of the date of the Judgment. However, the following Individuals are excluded from the Settlement Class: Individuals who excluded themselves from the Class that was certified in this action on June 13, 2006."

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 under Rule 23 of the Federal Rules of Civil Procedure.

3 **FEDERAL CLASS ALLEGATIONS**

5     50.   <u>**Numerosity of the class – Fed. R. Civ. P. 23(a)(1)**</u>.  Although Plaintiffs do not know the exact number of the members of the Federal Class, since such information is within the exclusive control of Defendant, Plaintiffs believe that due to the nature of the commerce involved, the number of members of the Federal Class are each sufficiently numerous, most likely hundreds of thousands of members, that it is impracticable to bring all members of the classes before the Court.  The names and addresses of class members can be obtained from 24 Hour Fitness' records.  Federal Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary by the Court.

14     51.   <u>**Existence and predominance of common questions of fact and law – Fed. R. Civ. P. 23(a)(2), 23(b)(3)**</u>.  Numerous questions of law and fact are common to the Federal Class, which predominate over any individual issues. Questions of law and fact which are common to the Federal Class include, without limitation:

        (a)     Whether Defendant's post-cancellation EFT charges to members' credit and debit accounts without the members' authorization constitutes wire fraud within the meaning of 18 U.S.C. § 1343;

        (b)     Whether Defendant's post-cancellation EFT charges to members' credit and debit accounts without the members' authorization constitutes bank fraud within the meaning of 18 U.S.C. § 1344(2);

        (c)     Whether Defendant's practice of tapping post-cancellation EFT charges every month, for approximately

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   50,000 cancelled members per month without the members'

2   authorization, constitutes a pattern of racketeering activity;

3   (d)   Whether Defendant is part of an "enterprise" as defined

4   in 18 U.S.C. §1961(5);

5   (e)   Whether Defendant's collection of post-cancellation

6   EFT charges constitute the conduct of an enterprise's affairs

7   through a pattern of racketeering activity or the collection of

8   unlawful debt;

9   (f)   Whether Defendant is a corporate "person" within the

10   meaning of 18 U.S.C. §1961(4);

11   (g)   Whether the monthly member's Electronic Funds

12   Transfer authorization terminates when the member cancels

13   membership;

14   (h)   Whether Defendant has engaged in an ongoing, open-

15   ended scheme, artifice and pattern of racketeering;

16   (i)   Whether an association-in-fact enterprise exists between

17   Defendant, Paymentech and LaSalle;

18   (j)   Whether all three associated-in-fact entities forming the

19   enterprise conduct lawful business activity unrelated to the

20   illegal wire fraud that constitutes the pattern of racketeering;

21   (k)   Whether from 1999 to the present, Paymentech has

22   facilitated the credit card transactions (EFTs) between

23   Defendant and monthly members;

24   (l)   Whether Paymentech processes post-cancellation EFT

25   taps of customers' credit cards upon the instructions of

26   Defendant notwithstanding the cancellation of the monthly

27   membership by the member;

28   (m)   Whether Defendant would be able to effectuate the

consumer fraud of overcharging its monthly members who have cancelled their monthly membership by means of electronic fund transfers without the processing of EFTs by Paymentech or a similar clearing house;

(n)     Whether, pursuant to the terms of Paymentech's Credit Card Processing Services Agreement with Defendant, 24 Hour Fitness is required to maintain a fair policy with regard to the exchange, return/cancellation and adjustment of Electronic Fund Transfers, and whether Defendant is required to disclose the policy to the monthly members;

(o)     Whether from 1999 to the present, LaSalle has facilitated the credit card transactions (EFTs) between Defendant and monthly members;

(p)     Whether LaSalle processes post-cancellation EFT taps of customers' credit cards upon the instructions of Defendant notwithstanding the cancellation of the monthly membership by the member;

(q)     Whether Defendant would be able to effectuate the mail fraud and bank fraud in overcharging its monthly members who have cancelled their monthly membership by means of electronic fund transfers without the processing of EFTs by LaSalle or a similar clearing house;

(r)     Whether, pursuant to the terms of LaSalle's Credit Card Processing Services Agreement with Defendant, 24 Hour Fitness is required to maintain a fair policy with regard to the exchange, return/cancellation and adjustment of Electronic Fund Transfers, and whether Defendant is required to disclose the policy to the monthly members;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

(s)  Whether Paymentech and LaSalle relied upon Defendant's instructions to tap member's accounts as being valid representations that Defendant had legal authorization to collect the overcharges at issue;

(t)  Whether Plaintiffs and the Class would have suffered the economic injury at issue (the EFT charge after cancellation) but for the reliance by Paymentech and LaSalle on Defendant's EFT instructions as being valid representations that Defendant had legal authorization to collect the overcharges at issue;

(u)  Whether the EFT taps effected as a result of Paymentech's and LaSalle's reliance upon the validity of the EFT instructions were the proximate cause of the economic injury suffered by Plaintiffs and the Class;

(v)  Whether Defendant further facilitated an illegal racketeering scheme via (1) 24 Hour Fitness' exclusive computer network by wire from its locations nationwide back to its Headquarters in California via its proprietary Global Membership System (GMS); (2) wire transfer by Defendant of instructions to Paymentech and LaSalle as to who should be tapped for EFT payment each month, on which date and in which amount, both pre- and post-cancellation; (3) Paymentech and LaSalle then communicating by wire to the customers' banks as to the post-cancellation EFT taps using Automated Clearing House (ACH) debits issued to those customers' bank and credit card accounts; (4) those banks then wiring the money back to Paymentech and LaSalle, which then take their percentage of the transaction and wire the

868071.1

20

remainder of the money back to 24 Hour Fitness account;

(w)   Whether as part of the racketeering scheme described herein, Defendant 24 Hour Fitness USA Inc. has used the racketeering enterprises to expand its operations nationally, opening new clubs and soliciting new members, with the effect of increasing the book value of the Defendant corporation for future sale;

(x)   Whether Defendant failed to obtain authorization in writing of the EFT assessed by Defendant after cancellation;

(y)   Whether Defendant failed to provide reasonable advance notice of the amount to be transferred by EFT when the amounts varied and the scheduled date of the transfer for post-cancellation EFT assessments;

(z)   The nature and extent of damages and other remedies to which the conduct of Defendant entitles the members of the Federal Class, and/or which should be assessed against Defendants.

52.   **Typicality – Fed. R. Civ. P. 23(a)(3).**   The claims of Plaintiffs are typical of the claims of the members of the Federal Class.  Plaintiffs and each of the Federal Class Members were charged and paid fees by EFT to Defendant for memberships after they cancelled Monthly Membership and terminated EFT authorization, which were in excess of the fees owed to Defendant.  Defendant's deceptive and misleading practices and procedures, as outlined above, were employed as to each of the Plaintiffs and members of the Federal Class.

53.   Defendant engaged in a common course of conduct involving similar or identical plans, intent, design, statutory violations, and schemes.  Individual questions, if any, pale by comparison to the numerous questions that dominate this litigation.  The injuries sustained by the members of the Federal Class arise from a

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

21

1   common nucleus of operative facts involving the Defendant's misconduct.

2       54.   **Adequacy – Fed. R. Civ. P. 23(a)(4).**   Plaintiffs will fairly and
3   adequately represent the interests of the members of the Federal Class in that
4   Plaintiffs are typical purchasers of membership at 24 Hour Fitness Health Clubs.
5   Plaintiffs' interests do not conflict with the interests of the other class members that
6   they seek to represent.   Furthermore, Plaintiffs have retained competent counsel
7   experienced in class action litigation.  Plaintiffs' counsel will fairly and adequately
8   protect the interests of the members of the Federal Class.

9       55.   **Superiority – Fed. R. Civ. P. 23(b)(3).**   This class action is superior
10  to the alternatives, if any, for the fair and efficient adjudication of this controversy.
11  The Federal Class is readily definable.   A class action will enable claims to be
12  handled in an orderly and expeditious manner.   A class action will save time and
13  expense and will ensure uniformity of decisions.

14      56.   The relief sought per individual member of the Federal Class is small
15  given the burden and expense of individual prosecution of the potentially extensive
16  litigation necessitated by the conduct of Defendant.   The economic injury suffered
17  by each Plaintiff is expected to be less than $500 each.   Furthermore, it would be
18  virtually impossible for the Federal Class members to seek redress on an individual
19  basis.   Even if the Federal Class members themselves could afford such individual
20  litigation, the court system could not.

21      57.   Individual litigation of the legal and factual issues raised by the conduct
22  of Defendant would increase delay and expense to all parties and to the court
23  system.   The class action device presents far fewer management difficulties and
24  provides the benefits of a single, uniform adjudication, economies of scale and
25  comprehensive supervision by a single court.   Given the similar nature of the
26  Federal Class members' claims, and the law applicable thereto, the Court and the
27  parties will easily be able to manage a class action.

28      58.   Prosecution of separate actions by individual members of the Federal

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Class, would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant.

59.     Injunctive relief is appropriate as to the Federal Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Classes.

## STATE LAW CLASS ALLEGATIONS

60.     **Numerosity of the class – Fed. R. Civ. P. 23(a)(1).**   Although Plaintiffs do not know the exact number of the members of the State Law Class, since such information is within the exclusive control of Defendant, Plaintiffs believe that due to the nature of the commerce involved, the number of members of the State Law Class are each sufficiently numerous, most likely hundreds of thousands of members, that it is impracticable to bring all members of the classes before the Court.  The names and addresses of class members can be obtained from 24 Hour Fitness' records.   State Law Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary by the Court.

61.     **Existence and predominance of common questions of fact and law – Fed. R. Civ. P. 23(a)(2), 23(b)(3).**   Numerous questions of law and fact are common to the State Law Class, which predominate over any individual issues. Questions of law and fact which are common to the State Law Class include, without limitation:

(a)     Whether Defendant's Monthly Contracts are likely to deceive;

(b)     Whether it is deceptive, wrongful, and/or unfair for Defendant to take an EFT following the consumer's notice of cancellation and to apply the pre-paid "last month" dues to an additional month;

868071.1

(c)     Whether the pre-paid "last month" dues in fact were applied to cover the last month of the monthly membership governed by the Monthly Contract;

(d)     Whether Defendant wrongly charged excessive fees to the consumer after cancellation;

(e)     Whether Defendant employs a cancellation policy which materially differs from the cancellation clause in the Monthly Contract;

(f)     Whether Defendant has wrongly and illegally taken funds from consumers via electronic fund transfer and as to which Defendant had no right;

(g)     Whether Defendant was unjustly enriched;

(h)     Whether Defendant's Monthly Contracts contain unconscionable provisions;

(i)     Whether Defendant made misrepresentations in its Monthly Contracts that the Monthly Plans had characteristics or benefits which they did not have, with the intended result of selling members a Monthly Plan that in fact has a term which extends beyond a month and requires members to remain a member for at least two months after cancellation of the "Monthly" membership;

(j)     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the members of the State Law Class, and/or which should be assessed against Defendants.

62.     **Typicality – Fed. R. Civ. P. 23(a)(3).**  The claims of Plaintiffs are typical of the claims of the members of the State Law Class.  Plaintiffs and each of the State Law Class Members were charged and paid fees by EFT to Defendant for

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  memberships after they gave notice of cancellation which were in excess of the fees
2  owed to Defendant.  Defendant's deceptive and misleading practices and procedures,
3  as outlined above, were employed as to each of the Plaintiffs and members of the
4  State Law Class.

5       63.    Defendant engaged in a common course of conduct involving similar or
6  identical plans, intent, design, statutory violations, and schemes.    Individual
7  questions, if any, pale by comparison to the numerous questions that dominate this
8  litigation.  The injuries sustained by the members of the State Law Class arise from
9  a common nucleus of operative facts involving the Defendant's misconduct.

10      64.    **Adequacy – Fed. R. Civ. P. 23(a)(4).**    Plaintiffs will fairly and
11  adequately represent the interests of the members of the State Law Class in that
12  Plaintiffs are typical purchasers of membership at 24 Hour Fitness Health Clubs.
13  Plaintiffs' interests do not conflict with the interests of the other class members that
14  they seek to represent.   Furthermore, Plaintiffs have retained competent counsel
15  experienced in class action litigation.  Plaintiffs' counsel will fairly and adequately
16  protect the interests of the members of the State Law Class.

17      65.    **Superiority – Fed. R. Civ. P. 23(b)(3).**   This class action is superior
18  to the alternatives, if any, for the fair and efficient adjudication of this controversy.
19  The State Law Class is readily definable.  A class action will enable claims to be
20  handled in an orderly and expeditious manner.  A class action will save time and
21  expense and will ensure uniformity of decisions.

22      66.    The relief sought per individual member of the State Law Class is small
23  given the burden and expense of individual prosecution of the potentially extensive
24  litigation necessitated by the conduct of Defendant.  The economic injury suffered
25  by each Plaintiff is expected to be less than $500 each.  Furthermore, it would be
26  virtually impossible for the class members to seek redress on an individual basis.
27  Even if the State Law Class members themselves could afford such individual
28  litigation, the court system could not.

868071.1

67.     Individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court.  Given the similar nature of the state Law Class members' claims, and the law applicable thereto, the Court and the parties will easily be able to manage a class action.

68.     Prosecution of separate actions by individual members of the State Law Class, would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant.

69.     Injunctive relief is appropriate as to the classes as a whole because Defendants have acted or refused to act on grounds generally applicable to the State Law Class.

## FIRST CLAIM FOR RELIEF

### (For Violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968

### (Asserted on Behalf of the Federal Class)

70.     Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

71.     In relevant part, 18 U.S.C. § 1961(1) defines "racketeering activity" as …(B) "any act which is indictable under any of the following provisions of title 18, United States Code: [including] … section 1343 [18 USCS § 1343] (relating to wire fraud), section 1344 [18 USCS § 1344] relating to financial institution fraud…."

72.     18 U.S.C. § 1961(3) defines "person" to "include[] any individual or entity capable of holding a legal or beneficial interest in property;"

73.     18 U.S.C. § 1961(4) defines "enterprise" to "include[] any individual,

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;"

74.    18 U.S.C. § 1961(5) provides that a "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;"

75.    18 U.S.C. § 1343, the federal wire fraud statute specifically identified by 18 U.S.C. § 1961(1) as an indictable predicate act for purposes of racketeering, provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

76.    18 U.S.C. § 1344, the federal bank fraud statute specifically identified by 18 U.S.C. § 1961(1) as an indictable predicate act for purposes of racketeering, states:

"Whoever knowingly executes, or attempts to execute, a scheme or artifice --

1.  to defraud a financial institution, or

2.  to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises shall be fined not more than $1,000,000 or imprisoned for not more than 30 years, or both."

77.    18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person

1  employed by or associated with any enterprise engaged in, or the activities of which
2  affect, interstate or foreign commerce, to conduct or participate, directly or
3  indirectly, in the conduct of such enterprise's affairs through a pattern of
4  racketeering activity or collection of unlawful debt.

5      78.    At all times relevant hereto, Defendant 24 Hour Fitness USA, Inc. was
6  a corporate "person" within the meaning of 18 U.S.C. § 1961(4), with a definable
7  corporate structure and a hierarchy of corporate direction and control.

8      79.    At all times relevant hereto, each named plaintiff in this Fourth
9  Amended Complaint, and each putative member of the federal class, was and is a
10 "person" within the meaning of 18 U.S.C. § 1961(3).

11

12              **Defendant's Ongoing Pattern of Racketeering**

13     80.    Within the past four years, each and every "monthly" contract made
14 between Defendant 24 Hour Fitness and each and every "monthly" member
15 nationwide expressly provides that the member's Electronic Funds Transfer
16 authorization terminates when the membership is cancelled. Because each and
17 every "monthly" member has prepaid last month dues, no further dues are owed
18 upon cancellation of the monthly membership by the member.

19     81.    Within the past four years, Defendant 24 Hour Fitness USA, Inc., has
20 knowingly, intentionally, and/or recklessly engaged in an ongoing, open-ended
21 scheme, artifice and pattern of racketeering under 18 U.S.C. § 1962(c) by
22 committing thousands of  predicate acts of wire fraud within the meaning of 18
23 U.S.C. § 1343, and bank fraud within the meaning of 18 U.S.C. § 1344(2), by
24 knowingly and intentionally effecting, without authorization, one or more Electronic
25 Fund Transfers (EFTs) from the bank accounts and credit card accounts of members
26 who have cancelled their memberships, as described in paragraphs 14 through 43 of
27 this Fourth Amended Complaint.

28     82.    As described in Paragraph 36, the EFT authorization language in

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

1 Plaintiffs' Monthly Contracts is clear: Defendant did not have authority to tap the
2 bank and credit card accounts of Plaintiffs and Federal Class members after
3 termination and/or cancellation of their monthly membership.

4     83.    At all times relevant hereto, Defendant 24 Hour Fitness USA Inc.
5 perpetrated its pattern of wire fraud and bank fraud through its association-in-fact
6 with outside credit card processing companies Paymentech and LaSalle, together
7 forming a racketeering enterprise to effectuate the predicate acts of wire fraud and
8 bank fraud under the control and direction of Defendant 24 Hour Fitness USA Inc.
9

10                          **The RICO Enterprise**

11     84.    The association-in-fact enterprise between 24 Hour Fitness USA Inc.,
12 Paymentech and LaSalle is separate and distinct from the pattern of racketeering
13 described herein. All three associated-in-fact entities forming the enterprise conduct
14 lawful business activity unrelated to the illegal wire fraud that constitutes the pattern
15 of racketeering alleged herein.

16     85.    Plaintiffs are informed and believe that  Paymentech and Chase
17 Merchant Services formed a joint merchant processing operation, Chase
18 Paymentech Solutions LLC. The company is jointly owned by JPMorgan Chase &
19 Co. (51%) and First Data Corp. (49%), which previously owned part of Chase
20 Merchant Services and Paymentech.  The company entity is expected to process
21 about 13.1 billion transactions annually with more than $500 billion in annual bank
22 card volume in the U.S. and Canada. It has a merchant base of more than 541,000
23 merchants, separate and apart from its associated-in-fact enterprise with Defendant.
24 Paymentech CEO Michael P. Duffy heads the venture, which has become the largest
25 financial transaction processor in North America. The company is headquartered in
26 Dallas, the site of Paymentech's headquarters, and employs Paymentech's 1,700
27 employees.

28     86.    Founded in 1927 as National Builders Bank of Chicago, LaSalle

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

changed its name to LaSalle National Bank in 1940. ABN acquired the bank in 1979. In a merger of co-owned banks, the present name was adopted in 1999. It was the largest bank headquartered in Chicago with $72.2 billion in assets and $46.8 billion in deposits. LaSalle Bank has maintained regional offices in Atlanta, Boca Raton, Boston, Cincinnati, Cleveland, Columbus, Connecticut, Dallas, Denver, Des Moines, Houston, Indianapolis, Kansas City, Los Angeles, Miami, Milwaukee, Minneapolis, Nashville, New Jersey, New York City, Omaha, Philadelphia, Pittsburgh, San Francisco, St. Louis, Tampa, Tustin, and Washington, D.C. Subsidiaries included LaSalle National Leasing Corporation, LaSalle Business Credit, LLC, and LaSalle Financial Services, Inc. On April 23, 2007, an agreement was made to sell LaSalle Bank Corporation to Bank of America for $21 billion. Bank of America Corp officially took over LaSalle Bank Corp on October 1, 2007. The banks adopted the Bank of America name on Sunday, May 4, 2008.

87. As a corporation, Defendant has a legal existence separate from its participation in the racketeering. In addition to its illegal acts of racketeering, the corporation conducts the lawful business activity of providing fitness club services to its members, including the provision of personal training, nutritional products and other fitness related merchandise which is sold directly to consumers without the involvement of the payment processors.

88. The RICO enterprise described herein is controlled, managed and directed by Defendant 24 Hour Fitness USA Inc. for the common purpose of making enormous illicit profits for Defendant with the unwitting complicity of the other members of the enterprise.

### The Racketeering Scheme

89. From 1999 to the present date, 24 Hour Fitness has contracted with Paymentech to facilitate the credit card transactions (electronic fund transfers or EFTs) between 24 Hour Fitness and its "monthly" members, all of whom are

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

required by their monthly contract to pay by EFT. Paymentech processes post-cancellation EFT taps of customers' credit cards upon the instructions of 24 Hour Fitness notwithstanding the provision in each monthly contract that the member's EFT authorization terminates upon cancellation.

90. From 1999 to the present date, LaSalle has facilitated the bank debit card transactions (electronic fund transfers or EFTs) between 24 Hour Fitness and its "monthly" members who are required by their 24 Hour Fitness contract to pay by credit card or EFT. LaSalle processes post-cancellation EFT taps of customers' bank accounts upon the instructions of 24 Hour Fitness notwithstanding the provision in each 24 Hour Fitness contract that the member's EFT authorization terminates upon cancellation.

91. Without the processing of EFTs by Paymentech and LaSalle, or by a similar clearing house, 24 Hour Fitness would be unable to effectuate the consumer fraud of overcharging its "monthly" members who have cancelled their membership by virtue of electronic fund transfers.

92.



93.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

94.     Paymentech and LaSalle reasonably rely on the instructions issued by 24 Hour Fitness as being accurate representations that 24 Hour is owed this money and has the authority to collect it via electronic fund transfer, when in fact 24 Hour Fitness is not owed this money by members who have cancelled their memberships and does not have the authority to collect it via electronic fund transfer, or at all. Acting upon this reliance, the payment processing vendors (Paymentech and LaSalle) collect the sums identified in the wire instructions from the credit or bank accounts of the members identified in the wire instructions, and then notify 24 Hour Fitness that the sums have been collected and deposited in 24 Hour Fitness' account. As a result, Defendant has committed wire fraud.

95.

96.

97.     The scheme is facilitated by 24 Hour Fitness' (1) exclusive use of the wires to transmit contracts of new members from its locations nationwide back to 24 Hour's headquarters via GMS; (2) wire transmission by 24 Hour Fitness of instructions to Paymentech and LaSalle Bank as to who should be tapped for EFT payment each month, on which date and in which amount, both pre- and post-cancellation; (3) Paymentech and LaSalle Bank then communicate by wire to the customers' banks as to the post-cancellation EFT taps using Automated Clearing House (ACH) debits to those customers' bank and credit card accounts; (4) those

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 | banks then wire the money back to Paymentech and LaSalle Bank, which take their
2 | percentage of the transaction and wire the remainder of the money back to a 24
3 | Hour Fitness account.

4 |       98.    By thus utilizing Paymentech and LaSalle as Automated Clearing
5 | Houses to obtain from cancelled members' bank accounts funds to which it is not
6 | entitled and which are under the custody and control of the various financial
7 | institutions, 24 Hour Fitness is guilty of bank fraud within the meaning of 18 U.S.C.
8 | § 1344(2). The fraudulent scheme enacted by Defendant, in instructing the payment
9 | processors, Paymentech and LaSalle, to tap Monthly Member's accounts by EFT
10 | after the Monthly Member has cancelled and without authorization to do so for dues
11 | not owed by the Monthly Member, constitutes bank fraud as the false tap
12 | instructions given by Defendant to the payment processors cause the payment
13 | processors to obtain money from Monthly Members' accounts held by financial
14 | institutions, by means of false or fraudulent pretenses and representations. The
15 | financial institutions release that money to be transferred to the account of
16 | Defendant in reliance upon the false representation that Defendant, and the payment
17 | processors acting on its behalf, are authorized to secure those funds by EFT, and
18 | thus the financial institutions are defrauded as a result.

19 |       99.    In the past four years, the pattern of racketeering carried out by 24
20 | Hour Fitness and its association-in-fact with Paymentech and LaSalle Bank of
21 | making unauthorized, post-cancellation EFT taps on monthly members' bank
22 | accounts and credit card accounts has yielded illicit profits to 24 Hour Fitness
23 | conservatively estimated to be between $64 million and $80 million.[2] Every year

24 |

25 |

26 | [2] █████████████████████████████████████████████████████

27 | ████████████████████████████████████████████████████████

28 | (footnote continued)

that this illegal activity continues, 24 Hour Fitness brings in an additional $16 million to $20 million in fraudulently obtained revenues.

### The Effect of the Racketeering Enterprise on Interstate Commerce

100.   As part of the racketeering scheme described herein, Defendant 24 Hour Fitness USA Inc. has used the racketeering enterprise to expand its operations nationally, opening new clubs and soliciting new members.  This expansion has the effect of increasing the book value of the Defendant corporation for future sale.

101.   The interstate commerce requirement of a RICO claim is satisfied here because the racketeering claims alleged in this Fourth Amended Complaint arise out of, and are based upon, Defendant's use of interstate wire transfers in furtherance of the racketeering scheme as alleged herein above.

### Injury to Plaintiffs in their Business or Property by Reason of the Pattern of Racketeering Activity

102.   Defendant misrepresented its authority to tap the bank and credit cards accounts of Plaintiffs and class members, which is the direct and proximate cause Plaintiffs' and class members' injury and damages—the unauthorized taking of dues after notice of cancellation and/or termination of their monthly membership.



WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

103. But for Defendant's misrepresentation concerning its authorization to tap the bank and credit card accounts of Plaintiffs and class members, the processors (Paymentech and LaSalle) would not have processed and effected the post-cancellation EFT taps, withdrawing moneys from class members' bank and credit card accounts.

104. Plaintiffs and class members are the only direct victims of Defendant's wrongful and unlawful conduct; without authorization, moneys from their bank and credit card accounts were withdrawn after they canceled their monthly membership and thus terminated the EFT authorization.

105. As the direct victims of Defendant's wrongful and unlawful conduct the Federal Class plaintiffs have also been injured in an amount according to proof, but believed to be between $64 million and $80 million over the past four years. Damages will be calculated with greater accuracy according to information in Defendant's records. Because the information necessary to calculate damages is contained in Defendant's records, the Court will not need to adopt complicated rules apportioning damages in order to obviate multiple recoveries. Plaintiffs will seek leave of Court to amend this Fourth Amended Complaint to set forth the exact amount thereof when the same is ascertained.

106. The pattern of racketeering activity, as described herein, is continuous, ongoing, and will continue unless Defendant is enjoined from continuing these racketeering practices. Defendant 24 Hour Fitness has consistently demonstrated its unwillingness to discontinue the illegal practices described herein, and continues its pattern of racketeering as of this moment, earning at a minimum over $1 million per month from its fraudulent post-cancellation EFT taps alone.

107. As a direct and proximate result of the racketeering activities of Defendant 24 Hour Fitness USA Inc., as described herein, Plaintiffs, on behalf of themselves and the absent Federal Class members, are entitled to recover treble damages for the injuries they have sustained, according to proof, restitution, as well

1   as costs of suit and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c).

2      108.   As a direct and proximate result of the racketeering activities of

3   Defendant 24 Hour Fitness USA Inc., as described herein, Plaintiffs, on behalf of

4   themselves and the absent Federal Class members, are entitled to an Order, pursuant

5   to 18 U.S.C. § 1964(a), enjoining and prohibiting Defendant from further engaging

6   in the unlawful conduct which the enterprise has engaged in.

7

8                    **SECOND CLAIM FOR RELIEF**

9              **(For Violations of the Electronic Funds Transfer Act,**

10                    **(15 U.S.C. § 1693 et seq. )**

11              **(Asserted on Behalf of the Federal Class)**

12

13      109.   Plaintiffs incorporate by reference all the above allegations as if fully

14   set forth herein.

15      110.   As its common and uniform practice, Defendant makes unauthorized

16   electronic withdrawals of unauthorized membership fees from consumer bank

17   accounts, without providing the advance notice required by the Electronic Funds

18   Transfer Act, 15 U.S.C., §§ 1693, et seq. ("EFTA").

19      111.   At all times pertinent hereto, Plaintiffs and the Federal Class Members

20   were "consumers" as that term is defined by §1693a(5) of the EFTA.

21      112.   At all times pertinent hereto, Defendant was a "person" subject to

22   liability under §1693m of the EFTA.

23      113.   Defendant has violated §1693e(a), in that Defendant failed to obtain

24   authorization from the Plaintiffs and the Federal Class, in writing, of the EFT

25   assessed by Defendant after cancellation.  As described in Paragraph 36, the EFT

26   authorization language in Plaintiffs' Monthly Contracts is clear: Defendant did not

27   have authority to tap the bank and credit card accounts of Plaintiffs and Federal

28   Class members after termination and/or cancellation of their monthly membership.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

114.   Defendant has violated §1693e(b), in that Defendant failed to provide reasonable advance notice to Plaintiffs and the Federal Class of the amount to be transferred when amounts varied, and the scheduled date of the transfer for post-cancellations EFT assessments.   Mr. Hernan was charged a different amount of $23.09 on June 20, 2007, instead of the $32.99 previously charged.   He was not provided with notice of the change in amount prior to June 20, 2007.

115.   As a result of the conduct of Defendant as alleged herein, Plaintiffs and the Federal Class should be awarded actual damages in the full amount provided by law, as well as costs and reasonable attorney's fees pursuant to §1693m(a)(2)(B) and (3) of the EFTA.

116.   As described herein and pursuant to 15 U.S.C. § 1693, Plaintiffs, on behalf of themselves and the absent Federal Class members, are entitled to recover: treble damages for the injuries they have sustained, according to proof; punitive damages in an amount sufficient to deter and make an example of Defendant for its frequent, persistence, and intentional EFTA violations; and restitution in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### (For Violations of The California Consumers Legal Remedies Act Proscribed Practice §1770(a)(19)—Unconscionable Contract Provisions),

### (Cal. Civ. Code § 1750 et seq. )

### (Asserted on behalf of the State Law Class)

117.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

118.   Plaintiffs and members of the State Law Class are consumers who have purchased membership services from Defendant for personal or family purposes .

119.   This cause of action is asserted against Defendant on behalf of

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Plaintiffs and the State Law Class.

2  120.  Plaintiffs are informed and believe that 24 Hour Fitness uses form
3  contracts which were developed, instigated, and/or disseminated by management
4  and employees in California.

5  121.  Defendant's California corporate office established standard protocols
6  and procedures for termination of the Monthly Memberships that were uniformly
7  implemented in all clubs.  Defendant included standardized clauses in the Monthly
8  Contract purporting to state 24 Hour's uniform termination policies applicable to all
9  monthly members.

10  122.  Defendant's cancellation clause, and each version issued during the
11  relevant time period, is an unconscionable provision in the Monthly Contract in that
12  it is written in a manner which is impossible for a reasonable, average consumer to
13  understand, is incomprehensible and designed to confuse and conceal that the
14  Monthly Contracts are not, in fact, Monthly Memberships and are enforced in a
15  manner differing from the language.  This unconscionable provision is illegal and
16  against public policy to the extent it effectuates Defendant's scheme to wrongly take
17  and transfer funds from member's checking accounts after the member has cancelled
18  his/her monthly membership, which amounts are not owed to Defendant.

19  123.  Plaintiffs, and the members of the State Law Class, have each been
20  damaged in that they have been subjected by Defendant to the deceptive business
21  practices prohibited by California Civil Code § 1770(a)(19) as outlined above, and
22  thus have had their legal rights infringed.  Further, Plaintiffs, and each of the
23  members of the State Law Class, have suffered damage by making payment for fees
24  to Defendant.  Plaintiffs' claims are typical of the claims of the State Law Class
25  members, because each has had his/her legal rights infringed by Defendant's
26  deceptive business practices as outlined above.

27  124.  More than thirty (30) days have passed since notice was sent to
28  Defendant in writing by certified mail pursuant to California Civil Code § 1782 (a),

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

in which demand was made that Defendant make an appropriate correction, repair or replacement, or other remedy with respect to the Product.  Defendant has failed to make an appropriate correction, repair or replacement, or other remedy.

125.  As a result of the conduct of Defendant as alleged herein, Plaintiffs and the State Law Class should be awarded actual damages in the amount overcharged for the health club services, restitution, attorneys fees and costs, and punitive damages pursuant to California Civil Code § 1780(a).

126.  Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts:

(a)  From conducting any further sales or marketing of membership:

(1)  in conjunction with any representation that the Monthly Contracts can be cancelled at any time, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(2)  without fully disclosing that, under the Monthly Memberships, the consumer will be liable for payment of at least 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(3)  using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(4)  referring to, describing and/or entitling the membership plans as Monthly Membership or Monthly Payment Membership, when the minimum membership

868071.1

term exceeds monthly period;

(b)     From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)     From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)     From any other conduct which the Court determines warranted.

## FOURTH CLAIM FOR RELIEF

**(For Violations of The California Consumers Legal Remedies Act Proscribed Practice §1770(a)(5)—Contractual Misrepresentations),**

**(Cal. Civ. Code § 1750 et seq. )**

**(Asserted on behalf of the State Law Class)**

127.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

128.   Plaintiffs and members of the State Law Class are consumers who have purchased membership services from Defendant for personal or family purposes.

129.   This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

130.   Plaintiffs are informed and believe that 24 Hour Fitness uses form contracts which were developed, instigated, and/or disseminated by management and employees in California.

131.   Defendant had and continues to have a deceptive practice of misrepresenting in writing, and did misrepresent to the Class members, that the Monthly Contracts had characteristics or benefits which they did not have, with the

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

intended result of selling membership in a Monthly Contract, that in fact has a term which extends beyond a month and requires the consumer to remain a member for at least two months after cancellation of the membership, and that the prepaid last month dues will be applied to the last month of the monthly membership when in fact Defendant applies the prepaid last month dues so as to extend the membership beyond the monthly membership period for a period of at least two months after cancellation.

132. Plaintiffs, and the members of the State Law Class, have each been damaged in that they have been subjected by Defendant to the deceptive business practices prohibited by California Civil Code § 1770(a)(5) as outlined above, and thus have had their legal rights infringed. Further, Plaintiffs, and each of the members of the State Law Class, have suffered damage by making payment for fees to Defendant. Plaintiffs' claims are typical of the claims of the State Law Class members, because each has had his/her legal rights infringed by Defendant's deceptive business practices as outlined above.

133. More than thirty (30) days have passed since notice was sent to Defendant in writing by certified mail pursuant to California Civil Code § 1782 (a), in which demand was made that Defendant make an appropriate correction, repair or replacement, or other remedy with respect to the Product. Defendant has failed to make an appropriate correction, repair or replacement, or other remedy.

134. As a result of the conduct of Defendant as alleged herein, Plaintiffs and the State Law Class should be awarded actual damages in the amount overcharged for the health club services, restitution, attorneys fees and costs, and punitive damages pursuant to California Civil Code § 1780(a).

135. Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts:

(a) From conducting any further sales or marketing of

membership:

(1)    in conjunction with any representation that the Monthly Contracts can be cancelled at any time, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(2)    without fully disclosing that, under the Monthly Memberships, the consumer will be liable for payment of at least 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(3)    using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(4)    referring to, describing and/or entitling the membership plans as Monthly Membership or Monthly Payment Membership, when the minimum membership term exceeds a monthly period;

(b)    From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)    From defining the cancellation notice period until the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)    From any other conduct which the Court determines warranted.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

**FIFTH CLAIM FOR RELIEF**

**(For Violations of The California Consumers Legal Remedies Act Proscribed Practices §1770(a)(5)—Misrepresentation of Contractual Terms, §1770(a)(13)—Making False Statements), (Cal. Civ. Code § 1750 et seq. )**

**(Asserted by Plaintiffs Hernan and Friedman on Behalf of the General Public for Injunctive Relief Only)**

136.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

137.   Plaintiffs are consumers who have purchased membership services from Defendant for personal or family purposes .

138.   This cause of action is asserted against Defendant by Plaintiffs Hernan and Friedman in their individual capacity on behalf of the general public.  Plaintiffs Hernan and Friedman do not seek certification of this cause of action on behalf of any class.

139.   Plaintiffs Hernan and Friedman have each been damaged in that they have been subjected by Defendant to the deceptive business practices prohibited by California Civil Code § 1770(a)(5) and §1770(a)(13), and thus have had their legal rights infringed.  Further, Plaintiffs Hernan and Friedman have suffered damage by making payment for fees to Defendant.

140.   Defendant has a deceptive and unfair practice of making, and did unfairly make, false statements of fact concerning reasons for, existence of, or amounts of price reductions for membership to 24 Hour Fitness health clubs, intended to result in the sale of Monthly Memberships by Defendants to consumers uninterested in the more expensive long term membership plans.   In order to

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

868071.1

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   pressure a potential consumer into immediately signing up for membership,

2   Defendant engages in a pattern and practice of deceptively advising all potential

3   consumers that the Defendant is currently offering a "special" which will expire that

4   day or soon thereafter.  This tactic is intended to rush the consumer and is another

5   mechanism used to deter the consumer's thorough reading of the Monthly Contract.

6       141.  Defendant, in fact, offers some sort of "special" every day.  Because a

7   "special" is always offered, the fees which Defendant advises potential customers

8   are the "regular" rates are not, in fact, regularly employed, if at all.  In truth, a

9   consumer will always be offered some type of "special," and should never be

10   pressured to sign up immediately.  Defendant's practice of pressuring potential

11   consumers into signing up immediately is thus deceptive and unfair.  Hereafter, this

12   practice will be referred to as the "special deal tactic."

13       142.  Defendant also advises customers that the Monthly Contract "is not a

14   Contract."  By advising consumers that the Monthly Contract is not a contract,

15   Defendant seeks to either persuade consumers that they are not locked into any long

16   term payment commitment or that the terms set forth in the Monthly Contract will

17   not be binding upon the consumer.

18       143.  Plaintiffs Friedman and Hernan, in addition to the claims sought on

19   behalf of themselves and the Classes as set forth in the other causes of action herein,

20   also separately and individually seek solely injunctive relief on behalf of the general

21   public with respect to Defendant's Special Deal Tactic and Defendant's practice of

22   advising customers that the Monthly Contract "is not a contract."

23       144.  Friedman and Hernan, in their individual capacity, request that this

24   Court enter a permanent injunction enjoining Defendant, and its agents, servants,

25   employees and all persons acting under or in concert with it, to cease and desist

26   from: (1) advising consumers that the rate to be charged the consumer is a "special"

27   deal which will promptly (or any synonym thereof) expire, unless Defendant also

28   notifies the consumer that the "special" deal will immediately be replaced with

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    another "special" deal or that Defendant always has mandatory special deals

2    available; (2) advising consumers that the deal they are being offered is a discount

3    or special from regular, usual or normal (or any synonym thereof) rates unless those

4    rates are indeed charged to consumers for identical plans more than 50% of the time;

5    and (3) telling any customer that the Monthly Contract is "not a contract."  As a

6    result of the conduct of Defendant as alleged herein, Plaintiffs should be awarded

7    injunctive relief and attorneys fees and costs pursuant to California Civil Code §

8    1780(a).

9

10                        **SIXTH CLAIM FOR RELIEF**

11    **VIOLATION OF UNFAIR COMPETITION ACT BY UNLAWFUL**

12                              **CONDUCT**

13                   **(CAL. B & P CODE § 17200 et seq.)**

14              **(asserted on behalf of the State Law Class)**

15

16        145.  Plaintiffs incorporate by reference all the above allegations as if fully

17    set forth herein.

18        146.  This cause of action is asserted against Defendant on behalf of

19    Plaintiffs and the State Law Class.

20        147.  The actions of Defendant, as complained herein, constitute unlawful

21    practices committed in violation of the California Unfair Competition Act.  The

22    conduct of Defendant was unlawful because, among other things:

23            (a)    Defendant violated the Racketeer Influenced and Corrupt

24            Organizations Act ("RICO"), 18 U.S.C. § 1962(c);

25            (b)    Defendant violated RICO, 18 U.S.C. § 1962(d);

26            (c)    Defendant violated the Electronic Funds Transfer Act

27            ("EFTA"), 15 U.S.C. § 1693 et seq. ;

28            (d)    Defendant violated the Consumer Legal Remedies Act

868071.1

("CLRA"), by committing acts proscribed by California Civil Code §1770(a)(5) and (19).

148.   Plaintiffs and Class members have each been injured in that they have been subjected by Defendant to unlawful practices, prohibited by California's unfair competition laws, as outlined above, and thus have had their legal rights infringed. Further, Plaintiffs and each of the members of the Class have suffered economic injury by having fees illegally transferred from their accounts and into Defendant's account(s), which fees were not returned by Defendant. Plaintiffs' claims are typical of the claims of the State Law Class members because each has had his/her legal rights infringed by Defendant's illegal business practices as outlined above.

149.   Plaintiffs and the State Law Class members further have suffered economic injury as a result of the conduct of Defendant, because Plaintiffs and the members of the State Law Class were charged fees, and by EFT did in fact pay fees to Defendant, which they did not owe to Defendant.

150.   Plaintiffs meet the standing requirements to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.   Further, Plaintiffs have standing to bring this action as Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's conduct.

151.   All of the conduct alleged herein occurs and continues to occur in Defendant's business.   Defendant's conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.   Plaintiffs further had taken from them by Defendant money which Plaintiffs did not owe to Defendant.

152.   Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices as provided in Bus. & Prof. Code § 17203, and for such other relief as set forth below.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

153. Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

(a)    From conducting any further sales or marketing of membership:

(1)    in conjunction with any representation that the Monthly Memberships can be cancelled "at any time," unless in fact Defendant refrains from penalizing the members by charging membership dues for a term longer than the month of cancellation;

(2)    without fully disclosing that, under the Monthly Membership, the consumer will be liable for payment of 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees upon notification to Defendant of cancellation;

(3)    using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(b)    From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)    From postponing the cancellation notice period until the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)    From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

154. Plaintiffs, on behalf of themselves and the State Law Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, *et seq*., plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not in the interest of justice necessarily be paid out of the recovery, if any (as the cost of litigation by itself may exceed the monetary amounts paid by way of restitution).

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION ACT BY <u>UNFAIR</u> CONDUCT

### (CAL. B & P CODE § 17200 et seq.)

### (asserted on behalf of the State Law Class)

155. Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

156. This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

157. Within the past four years, each and every "Monthly Membership" contract made between Defendant 24 Hour Fitness and each and every "monthly" member in the State Law Class expressly provides that the member's Electronic Funds Transfer authorization terminates when the membership is cancelled.

158. Contrary to its contractual representations, Defendant does not apply the pre-paid "Last Month's Dues" to the last month upon cancellation. Rather, after

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

cancellation, Defendant imposes upon the member an additional EFT  charge in violation of its own EFT authorization language. Defendant then applies the pre-paid "Last Month's Dues" after and in addition to the unauthorized post-cancellation EFT, so as to unilaterally extend the monthly membership for a term of at least two months following cancellation.

159.   The membership each monthly member receives is not in fact a Monthly Membership.  Every so-called monthly member is overcharged for a period extending to or beyond two months of the Monthly Membership that he or she is supposed to be able to cancel at any time.  Because every monthly contract states that the person is buying a monthly membership, when in fact he or she is locked into more than a month-long membership, the contract is false and misleading. Each named plaintiff and each absent class member has been overcharged as a result.

160.   Under no circumstances can a monthly member cancel "at any time" without incurring what amounts to undisclosed penalties of additional monthly dues on top of the pre-paid last month's dues.  Under no circumstances can a member provide notice as indicated on the Monthly Contract and avoid being charged additional months' dues.  A consumer is always charged for at least two months of membership after cancellation of the cancel "at any time" Monthly Membership. Defendant's practice of charging for at least two months of fees to members even after notice of cancellation of the Monthly Membership is the same for all club members regardless of location, varying only as to the amount of additional dues the members were charged.

161.   The actions of Defendant, as complained herein, constitute unfair practices committed in violation of the Unfair Competition Act.  The conduct of Defendant was unfair because, among other things:

(a)    Defendant represented in the Monthly Contracts that the membership being purchased was a monthly membership which

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

could be cancelled at any time, when in fact the member must remain a member for at least two additional months following notice of the member's intent to cancel;

(b)     Defendant represented in the Monthly Contracts that it would apply the pre-paid last month dues to the last month of membership such that it would cover the 30 day cancellation notice period, when in fact Defendant applies the pre-paid last month dues to a period of time following the notice period for cancellation of membership;

(c)     Defendant crafted and utilized a Monthly Contract that contained incomprehensible and misleading terms regarding the length of the membership, the cancellation policy, and the application of the prepaid last month dues;

(d)     Defendant developed and perpetrated a scheme in that Defendant required all membership dues to be paid by electronic funds transfer, defendant then obtained member's banking information and authority to process electronic funds transfers from the member's account while representing in the Monthly Contract that its authority to effectuate an electronic funds transfer would extinguish upon cancellation by the member, yet Defendant continued to make an additional electronic funds transfer following cancellation of membership by the member, notwithstanding the fact that Defendant had already collected from the member prepayment of the member's last month dues;

(e)     Defendant wrongly and forcibly took money from the consumer which was not owed after Defendant was aware that the consumer had cancelled the membership;

(f)     Defendant has wrongly and illegally taken funds from

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

50

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

consumers via electronic fund transfer and as to which Defendant had no right to take;

(g)     Defendant employs a cancellation policy applicable to its Monthly Membership that is intended to delay cancellation by members, so as to garner more membership fees and extend the membership term to a period of at least an additional two months, such that the Monthly membership is actually a quarterly membership;

(h)     Defendant utilizes a Monthly Contract that is unconscionable;

(i)     Defendant has violated RICO, the EFTA, and the CLRA.

162.    Plaintiffs and Class members have each been injured in that they have been subjected by Defendant to unfair business practices, prohibited by California's unfair competition laws, as outlined above, and thus have had their legal rights infringed. Further, Plaintiffs and each of the members of the Class have suffered economic injury by virtue of Defendant taking money from them that Defendant had no right to take. Plaintiffs' claims are typical of the claims of the State Law Class members because each has had his/her legal rights infringed by Defendant's unfair business practices as outlined above.

163.    Plaintiffs and the State Law Class members further have suffered economic injury as a result of the conduct of Defendant, because Plaintiffs and the State Law Class members were charged fees, and by EFT did in fact pay fees to Defendant, which they did not owe to Defendant or for which they should not have been charged.

164.    Plaintiffs meet the standing requirements to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court. Further, Plaintiffs have standing to bring this

1 action as Plaintiffs have suffered injury in fact and have lost money as a result of
2 Defendant's conduct.

3   165.   All of the conduct alleged herein occurs and continues to occur in
4 Defendant's business.  Defendant's conduct is part of a pattern or generalized course
5 of conduct repeated on thousands of occasions daily.  Each of the Plaintiffs relied
6 upon the misrepresentations, concealments and omissions in the Monthly Contracts,
7 to their detriment.  Plaintiffs further had taken from them by Defendant money
8 which Plaintiffs did not owe to Defendant.

9   166.   Plaintiffs request that this Court enter such orders or judgments as may
10 be necessary to restore to any person in interest any money which may have been
11 acquired by means of such unfair practices as provided in Bus. & Prof. Code §
12 17203, and for such other relief as set forth below.

13   167.   Plaintiffs further request that this Court enter a permanent injunction
14 enjoining Defendant, and their agents, servants, employees and all persons acting
15 under or in concert with them, to cease and desist from the following acts:

16       (a)     From conducting any further sales or marketing of
17       membership:

18             (1)     in conjunction with any representation that the
19             Monthly Memberships can be cancelled "at any time,"
20             unless in fact Defendant refrains from penalizing the
21             members by charging membership dues for a term longer
22             than the month of cancellation;

23             (2)     without fully disclosing that, under the Monthly
24             Membership, the consumer will be liable for payment of
25             60 days worth of membership fees after the consumer
26             notifies Defendant of cancellation, unless in fact
27             Defendant refrains from charging the consumer fees upon
28             notification to Defendant of cancellation;

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

(3)     using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(b)     From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)     From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)     From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

168.   Plaintiffs, on behalf of themselves and the Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not in the interest of justice necessarily be paid out of the recovery, if any (as the cost of litigation by itself may exceed the monetary amounts paid by way of restitution).

## EIGHTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION ACT BY FRAUDULENT CONDUCT

### (CAL. B & P CODE § 17200 et seq.)

**(asserted on behalf of the State Law Class)**

169.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

170.   This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

171.   The actions of Defendant, as complained herein, constitute deceptive practices committed in violation of the Unfair Competition Act.  The conduct of Defendant was fraudulent because, among other things:

(a)    Defendant falsely represented in the Monthly Contracts that the membership being purchased was a monthly membership which could be cancelled at any time;

(b)    Defendant falsely represented in the Monthly Contracts that it would apply the pre-paid last month dues to the last month of membership such that it would cover the notice period, when in fact Defendant applied the pre-paid last month dues to a period of time following the notice period for cancellation of membership;

(c)    Defendant crafted and utilized a Monthly Contract that contained incomprehensible and misleading terms regarding the length of the membership, the cancellation policy and the application of the prepaid last month dues;

(d)    Defendant developed and perpetrated a deceptive scheme in that Defendant required all membership dues to be paid by electronic funds transfer, defendant then obtained member's banking information and authority to process electronic funds transfers from the member's account while falsely representing in the Monthly Contract that its authority to effectuate an electronic

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

funds transfer would extinguish upon cancellation by the member, yet Defendant continued to make an additional electronic funds transfer following cancellation of membership by the member, notwithstanding the fact that Defendant had already collected from the member prepayment of the member's last month dues;

(e)     Defendant wrongly charged excessive fees to the consumer after notification of cancellation;

(f)     Defendant has wrongly and illegally taken funds from consumers via electronic fund transfer and as to which Defendant had no right to take;

(g)     Defendant employs a cancellation policy that is intended to delay cancellation by members, so as to garner more membership fees;

(h)     Defendant mischaracterized the Monthly Contracts as "monthly" membership while concealing that they were in fact at least quarterly membership.

172.   Plaintiffs and Class members have each been injured in that they have been subjected by Defendant to fraudulent business practices, prohibited by California's unfair competition laws, as outlined above, and thus have had their legal rights infringed. Further, Plaintiffs and each of the members of the State Law Class have suffered economic injury by making payment for fees to Defendant after cancellation. Plaintiffs' claims are typical of the claims of the State Law Class members because each has had his/her legal rights infringed by Defendant's deceptive business practices as outlined above.

173.   Plaintiffs and the State Law Class members further have suffered economic injury as a result of the conduct of Defendant, because Plaintiffs and the State Law Class members purchased membership plans which were materially

FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

different than what the Monthly Contract stated on its face. Plaintiffs and the members of the State Law Class were charged fees, and by EFT did in fact pay fees to Defendant, which they did not owe to Defendant.

174. Plaintiffs meet the standing requirements to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court. Each of the Plaintiffs relied upon the misrepresentations, concealments and omissions in the Monthly Contracts, to their detriment. Further, Plaintiffs have standing to bring this action as Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's conduct.

175. Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices as provided in Bus. & Prof. Code § 17203, and for such other relief as set forth below.

176. Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

    (a)    From conducting any further sales or marketing of membership:

        (1)    in conjunction with any representation that the Monthly Memberships can be cancelled "at any time," unless in fact Defendant refrains from penalizing the members by charging membership dues for a term longer than the month of cancellation;

        (2)    without fully disclosing that, under the Monthly Membership, the consumer will be liable for payment of 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Defendant refrains from charging the consumer fees upon notification to Defendant of cancellation;

(3) using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(4) failing to plainly state the amount of notice required for cancellation, with the notice time computed based upon the number of days between when the member gives notice of cancellation and the last day for which the member has paid for access to the club by EFT and any prepaid dues.

(b) From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c) From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d) From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

177. Plaintiffs, on behalf of themselves and the State Law Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, et seq., plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are

1  such as to make the award appropriate; and such fees should not in the interest of
2  justice necessarily be paid out of the recovery, if any (as the cost of litigation by
3  itself may exceed the monetary amounts paid by way of restitution).

4

5  ### NINTH CLAIM FOR RELIEF

6  **VIOLATION OF UNFAIR COMPETITION ACT**

7  **(CAL. B & P CODE § 17200 et seq.)**

8  **(asserted by Plaintiffs Hernan and Friedman Individually and on behalf of the**

9  **general public for Injunctive Relief only)**

10

11     178.  Plaintiffs incorporate by reference all the above allegations as if fully
12  set forth herein.

13     179.  This cause of action is asserted against Defendant on behalf of
14  Plaintiffs Hernan and Friedman individually and on behalf of the general public.
15  Plaintiffs Hernan and Friedman do not seek certification of this cause of action on
16  behalf of any class.

17     180.  The actions of Defendant, as complained herein, constitute unlawful,
18  unfair and deceptive practices committed in violation of the Unfair Competition Act.

19     181.  Defendant had a deceptive and unfair practice of making, and did
20  unfairly make false statements of fact concerning reasons for, existence of, or
21  amounts of price reductions for membership to 24 Hour Fitness health clubs,
22  intended to result in the sale of monthly membership by Defendant to consumers
23  uninterested in the more expensive long term membership plans.

24     182.  Defendant also advises customers that the Monthly Contract "is not a
25  Contract."  By advising consumers that the Monthly Contract is not a contract,
26  Defendant seeks to either persuade consumers that they are not locked into any long
27  term payment commitment or that the terms set forth in the Monthly Contract will
28  not be binding upon the consumer.

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

183. Plaintiffs Friedman and Hernan, in addition to the claims sought on behalf of themselves and the Classes as set forth in the other causes of action herein, also separately and individually seek solely injunctive relief on behalf of the general public with respect to Defendant's Special Deal Tactic and Defendant's practice of advising customers that the Monthly Contract "is not a contract."

184. Friedman and Hernan, in their individual capacity, request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from: (1) advising consumers that the rate to be charged the consumer is a "special" deal which will promptly (or any synonym thereof) expire, unless Defendant also notifies the consumer that the "special" deal will immediately be replaced with another "special" deal or that Defendant always has mandatory special deals available; (2) advising consumers that the deal they are being offered is a discount or special from regular, usual or normal (or any synonym thereof) rates unless those rates are indeed charged to consumers for identical plans more than 50% of the time; and (3) telling any customer that the Monthly Contract is "not a contract."

185. Plaintiffs, on behalf of themselves and the general public seek an order of this Court awarding injunctive relief under § 17200, et seq., plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant nonpecuniary benefit will be conferred on a large number of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate.

## TENTH CLAIM FOR RELIEF

## BREACH OF WRITTEN CONTRACT

### (asserted on behalf of the State Law Class)

1

2    186.   Plaintiffs incorporate by reference all the above allegations as if fully

3    set forth herein.

4    187.   This cause of action is asserted on behalf of the Plaintiffs and the State

5    Law Class against Defendant.

6    188.   Plaintiffs and each member of the State Law Class entered into a

7    written contract (of adhesion) with Defendant.

8    189.   Defendant breached the terms of the Monthly Contract in that

9    Defendant charged each Plaintiff and member of the State Law Class for more fees

10   than were permitted under the Monthly Contract upon notification of cancellation.

11   190.   As a result of Defendant's breach of the Monthly Contract, Plaintiffs

12   and the State Law Class have suffered damages in the amount of the fees charged

13   for each day in excess of the terms permitted by the Monthly Contract upon

14   notification of cancellation.

15

16   **PRAYER FOR RELIEF**

17

18   WHEREFORE, Plaintiffs, on behalf of themselves and as representatives of

19   the Class, pray for judgment against the Defendant, as follows:

20   1.   An Order certifying the Federal Class and any appropriate sub-classes

21   thereof, and appointing Plaintiffs Daniel Friedman, Thomas Hernan, Jr., Luis Riojas,

22   Craig Jones, Molly Kramer, and Deborah McKenna, and their counsel, to represent

23   the Federal Class and any appropriate sub-classes;

24   2.   An Order certifying the State Law Class and any appropriate sub-

25   classes thereof, and appointing Plaintiffs Daniel Friedman, Thomas Hernan, Jr., Luis

26   Riojas, Craig Jones, Molly Kramer, and Deborah McKenna, and their counsel, to

27   represent the Class and any appropriate sub-classes;

28   3.   As to the first, second, third, fourth, and tenth causes of action, an

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 │ award of general damages according to proof;

2 │     4.    As to the first, second, third, fourth, and tenth causes of action, an

3 │ award of special damages according to proof;

4 │     5.    As to the first and second causes of action, an award of treble damages

5 │ according to proof;

6 │     6.    As to the second, third, and fourth causes of action, an award of

7 │ punitive damages in an amount sufficient to deter and make an example of

8 │ Defendant;

9 │     7.    As to the first, second, third, fourth, sixth, seventh and eighth causes of

10 │ action, an award of restitution in an amount according to proof;

11 │     8.    As to the first, second, third, fourth, sixth, seventh, and eighth causes of

12 │ action, an order entering a permanent injunction enjoining Defendant, and its agents,

13 │ servants, employees and all persons acting under or in concert with it, to cease and

14 │ desist from the following acts:

15 │     (1)    From conducting any further sales or marketing of

16 │ membership:

17 │     (a)    in conjunction with any representation that

18 │ the Monthly Memberships can be cancelled "at any time," unless

19 │ in fact Defendant refrains from penalizing the members by

20 │ charging membership dues for a term longer than the month of

21 │ cancellation;

22 │     (b)    without fully disclosing that, under the

23 │ Monthly Membership, the consumer will be liable for payment

24 │ of 60 days worth of membership fees after the consumer notifies

25 │ Defendant of cancellation, unless in fact Defendant refrains from

26 │ charging the consumer fees upon notification to Defendant of

27 │ cancellation;

28 │     (c)    using contractual language which fails to state

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

the cancellation policy in plain and simple language, understandable by the reasonable consumer;

      (d)    failing to plainly state the amount of notice required for cancellation, with the notice time computed based upon the number of days between when the member gives notice of cancellation and the last day for which the member has paid for access to the club by EFT and any prepaid dues.

      (2)    From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

      (3)    From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

      (4)    From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

9.    On all causes of action, for reasonable attorneys' fees;

10.   On all causes of action, for costs incurred herein;

11.   For prejudgment interest;

12.   For all general, special, and equitable relief to which the Plaintiffs and the members of the Classes are entitled by law.

WHEREFORE, Plaintiffs Friedman and Hernan, with respect to fifth and ninth causes of action, individually and on behalf of the general public, additionally pray for an order entering a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts: (1) advising consumers that the rate to be charged the consumer is a "special" deal which will promptly (or any synonym thereof) expire, unless Defendant also notifies the consumer that the "special" deal

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  will immediately be replaced with another "special" deal or that Defendant always

2  has mandatory special deals available; (2) advising consumers that the deal they are

3  being offered is a discount or special from regular, usual or normal (or any synonym

4  thereof) rates unless those rates are indeed charged to consumers for identical plans

5  more than 50% of the time; (3) from advising consumers that the Monthly Contract

6  is "not a contract;" and (4) for all reasonable attorneys' fees, costs and equitable

7  relief to which they are entitled by law.

8  DATED:  August 21, 2008          **WASSERMAN, COMDEN &**
                                     **CASSELMAN, L.L.P.**

9

                                     **KELLER GROVER LLP**
10

11

12  By: _____

                 GREGORY B. SCARLETT
13  Attorneys for Daniel Friedman, Thomas
    Hernan Jr., Luis Riojas, Craig Jones, Molly
14  Kramer, Deborah McKenna and the Putative
    Class

15

16

17

18                    **DEMAND FOR JURY TRIAL**

19      Plaintiffs hereby demand a trial by jury.

20

21  DATED:  August 21, 2008          **WASSERMAN, COMDEN &**
                                     **CASSELMAN, L.L.P.**
22

23                                   **KELLER GROVER LLP**

24

25  By: _____

                 GREGORY B. SCARLETT
26  Attorneys for Daniel Friedman, Thomas
    Hernan Jr., Luis Riojas, Craig Jones, Molly
27  Kramer, Deborah McKenna and the Putative
    Class
28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

868071.1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356. I am over the

4

age of eighteen years and am not a party to the within action;

5

     On August 21, 2008, I served the following document(s) entitled **FOURTH AMENDED COMPLAINT** on ALL INTERESTED PARTIES in this action by placing true copies thereof

6

enclosed in sealed envelopes addressed as follows:

7

**SEE ATTACHED LIST**

8

9

**BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices. I am readily familiar with the firm's

10

practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited

11

with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served,

12

service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

     Executed on August 21, 2008, at Tarzana, California.

16

17



18

Johanna Jerez

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMIDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

862019.1

1

## SERVICE LIST

2

3    Michael E. Delehunt, Esq.                    *Attorneys for Defendants*
     Page R. Barnes, Esq.
4    Kevin Woodall, Esq.
     **FOLEY & LARDNER, LLP**
5    One Maritime Plaza, Sixth Floor
     San Francisco, CA 94111-3409

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033