O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Plaintiffs filed this putative consumer class action against Defendant 24 Hour Fitness USA, Inc. on October 2, 2006, alleging that Defendant defrauded customers who signed up for gym memberships and withdrew membership fees from customers' bank and credit card accounts without authorization even after members cancelled their memberships.  On July 21, 2008, the Court granted Plaintiffs leave to file a Fourth Amended Complaint and deemed that complaint filed on July 21, 2008.

Before the Court is Defendant's Motion to Dismiss Claims and Strike Language in the Fourth Amended Complaint.

The Fourth Amended Complaint alleges claims for relief on behalf of a federal class under two federal statutes: (1) Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and (2) Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*.

Next, Plaintiffs allege claims under state law: (3) California Consumer Legal Remedies Act ("CLRA") based on unconscionable contract provisions proscribed by Cal. Civ. Code § 1770(a)(19), on behalf of a state law class comprised of former 24 Hour Fitness customers from California, Colorado, Nevada, Texas and Washington; (4) CLRA based on contractual misrepresentations proscribed by Cal. Civ. Code § 1770(a)(5), on behalf of the class; (5) CLRA based on misrepresentation of contractual terms and making false statements proscribed by Cal. Civ. Code § 1770(a)(5) and (a)(13), for injunctive relief only; (6) California Business & Professions Code § 17200 (Unfair

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

Competition Law or "UCL") based on unlawful conduct, on behalf of the class; (7) UCL based on unfair conduct, on behalf of the class; (8) UCL based on fraudulent conduct, on behalf of the class; (9) UCL, for injunctive relief only; and (10) breach of written contract.

    Defendant seeks dismissal of Plaintiffs' RICO, EFTA, CLRA, and UCL claims based on Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiffs fail to state a RICO claim because they failed to allege a RICO "enterprise." Defendant seeks dismissal of the EFTA claim on the grounds that Plaintiffs failed to allege that they provided timely notice of the alleged unauthorized electronic funds transfer to Defendant or to a financial institution. Defendant also contends that Plaintiffs and putative class members are barred from asserting those federal claims by the RICO and EFTA statutes of limitation. In addition, Defendant seeks dismissal of the fifth claim for relief under the CLRA and the ninth claim for relief under the UCL, both of which seek injunctive relief "on behalf of the general public," on the grounds that Plaintiffs failed to plead that the class action requirements are met. Finally, Defendant contends that the sixth and seventh putative class claims under the UCL fail to the extent they are based on RICO and EFTA violations, and because they are barred by the UCL statute of limitation.

    Defendant also moves to strike certain prayers for relief in the Fourth Amended Complaint: Plaintiffs' prayer for punitive damages, treble damages and restitution in their EFTA claim, and their prayer for injunctive relief in the fifth and ninth claims.

    For the reasons stated below, the Court GRANTS in part and DENIES in part Defendant's Motion.[1] Specifically, the Court will:

1. DISMISS the EFTA claims of Plaintiffs Friedman, Hernan, Riojas, Jones, and Kramer (five of six named plaintiffs).

2. STRIKE the language requesting punitive damages, treble damages and restitution in the EFTA claim.

3. DENY the remainder of the motion.

---

[1]Docket No. 150.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

## II.  FACTUAL ALLEGATIONS

Defendant owns and operates more than 385 fitness centers in at least fourteen states, as well as overseas.  Fourth Am. Compl. ¶ 15.  It has over three million members and annual revenues of more than $1.1 billion.  *Id.*

Defendant sells monthly memberships to its clubs.  *Id.* ¶ 16.  Within the last four years, Plaintiffs and putative class members signed a form contract containing the same material form language, which stated that they were entering into a monthly membership.  *Id.* ¶ 17.  These form contracts contain an integration clause.  *Id.*

Defendant requires each new monthly member to pre-pay the first and "Last Month's Dues" at the time of enrollment.  *Id.* ¶ 18.  A consumer terminating a monthly membership owes no further fees upon cancellation because the "Last Month's Dues" are always pre-paid.  *Id.*

Defendant requires that monthly dues be paid by Electronic Fund Transfers ("EFTs").  *Id.* ¶ 19.  EFT allows Defendant to withdraw money from consumers' accounts without the consumers' active participation in effectuating payments.  *Id.* ¶ 20.

Using EFT, Plaintiffs allege, Defendant wrongly charged additional dues after cancellation of monthly membership.  *Id.* ¶ 21.  In each case, Defendant acknowledged cancellation, but subsequently made at least one unauthorized post-cancellation EFT "tap" against the (former) member's bank account or credit card account.  *Id.* ¶ 23.

According to the Fourth Amended Complaint, by tapping consumers' accounts after consumers cancelled their monthly memberships, Defendant has committed wire fraud and bank fraud in a manner rising to "an ongoing pattern of racketeering activity." *Id.* ¶ 81.  Defendant perpetrates this pattern of wire fraud and bank fraud through its "association-in-fact" with two outside payment processing companies, Paymentech and LaSalle.  *Id.* ¶ 83.  Defendant issues instructions to the payment processors on specific "tap" dates.  *Id.* ¶ 92. These payment processors rely on Defendant's representation in those wire instructions that Defendant is authorized to collect consumers' money.  *Id.* ¶ 94.  This RICO enterprise, Plaintiffs allege, is controlled, managed and directed by Defendant "for the common purpose of making enormous illicit profits for Defendant

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

with the unwitting complicity of [Paymentech and LaSalle]." *Id.* ¶ 88.

## III. LEGAL STANDARDS

### A. Standards Governing Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> "only a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

### B. Standards Governing Rule 12(f) Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" matters are those which have no essential or important relationship to the claim for relief; "impertinent" matters are statements that do not pertain and are not necessary to the issues in question. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bianchi v. State Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (quoting *Dah Chong Hong, LTD. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072 (M.D. Fla. 1989)).

A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal 1996) (denying motion to strike liquidated damages, treble damages, and punitive damages).

## IV. DISCUSSION

### A. Plaintiffs Adequately Allege a RICO Enterprise

Defendant contends that the Fourth Amended Complaint fails to adequately allege an enterprise, because Paymentech and LaSalle are not alleged to share Defendant's fraudulent purpose and because the relationship between these entities and Defendant is an ordinary contractual one for financial services.

Title 18 U.S.C. § 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." "As is evident from the text, this definition is not very demanding." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007). The Supreme Court has defined an associated-in-fact enterprise as "an entity, for present purposes a group of persons associated together for a common purpose of engaging in a

Case 2:06-cv-06282-AHM-CT Document 158 Filed 09/22/08 Page 6 of 20 Page ID #:1208

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). It is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.* Following *Turkette*, the Ninth Circuit has held that three elements must be alleged: "a common purpose of engaging in a course of conduct," an "ongoing organization," either "formal or informal," and "facts that, if proved, provide sufficient evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552 (quoting *Turkette*, 452 U.S. at 583). An ongoing organization is a vehicle for the commission of two or more predicate crimes. *Odom*, 486 F.3d at 552. Although not every member need be involved in each of the underlying acts of racketeering, the continuity requirement requires the associates' behavior to be ongoing rather than isolated activity. *Id.* An associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise. *Id.* at 551.

### 1. Plaintiffs adequately allege common purpose.

To find Plaintiffs have alleged an associated-in-fact enterprise, the court must first determine whether Plaintiffs have sufficiently alleged that Defendant associated with Paymentech and LaSalle for "a common purpose of engaging in a course of conduct." According to the Fourth Amended Complaint, Defendant's purpose was to defraud consumers by withdrawing more money from their accounts than was authorized, but Paymentech and LaSalle were unwitting participants in Defendant's scheme. The three entities' common purpose was simply to effectuate EFT payments.

Defendant argues that these allegations are insufficient, because there must be a common *fraudulent* purpose shared by the associated-in-fact members of the enterprise. In support of this proposition, Defendant cites to no cases within the Ninth Circuit where a court held as a matter of law that all members of the association-in-fact enterprise must share a fraudulent purpose, but relies instead on cases where a common fraudulent purpose was alleged or found.

The Ninth Circuit has not addressed the precise question of whether a common fraudulent purpose must be alleged.[2] In *Odom*, its most recent opinion addressing

---

[2]Plaintiffs acknowledge that the Second Circuit appears to require a "common fraudulent purpose." *See First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

association-in-fact enterprises, the Ninth Circuit held that plaintiff need not show that an associated-in-fact enterprise had a separate or ascertainable structure apart from the pattern of racketeering activity. *Odom*, 486 F.3d at 551. To require such a structure would in effect require "a structure serving both illegitimate and legitimate purposes," which the Supreme Court rejected in *Turkette*. *Id.* Having clarified that an ascertainable structure is not required, the Ninth Circuit went on to discuss the criteria for an associated-in-fact enterprise: common purpose, ongoing organization, and continuing unit. *Id.* at 552-53.

      Contrary to Defendant's contention, the Ninth Circuit in *Odom* did not establish or affirm the proposition that the common purpose must be fraudulent. Rather, the Ninth Circuit merely noted that plaintiffs had alleged that defendants had alleged facts that, if true, would establish "a common purpose of increasing the number of people using Microsoft's Internet service through fraudulent means" and that this was sufficient to meet the requirement of "a common purpose of engaging in a course of conduct." *Id.* at 552. Although it was alleged in the *Odom* complaint that the members of the enterprise used "fraudulent means," the court did not allude to any requirement that plaintiffs actually plead a common fraudulent purpose or course of conduct. The same is true for other cases evaluating the sufficiency of the complaint that Defendant cited. *See Gonzalez v. Lloyds TSB Bank, PLC*, 532 F. Supp. Ed 1200, 1210 n. 4 (C.D. Cal. 2006); *Three Rivers Provider Network. Inc. v. Meritain Health, Inc.*, 2008 WL 2872664 *14 (S.D. Cal. July 23, 2008); *Flores v. Emerich & Fike*, 2008 WL 2489900 *23 (E.D. Cal. Jun. 18, 2008).

      *United States v. Feldman*, 853 F.2d 648 (9th Cir. 1988), a criminal prosecution, comes closest to providing decisional guidance on the question of what kind of common purpose is required. The alleged RICO enterprise in *Feldman* consisted of two individuals (Feldman and his brother, Albert) and seven corporations. *Feldman*, 853 F.2d

---

2004) ("for an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes") (quotation marks omitted) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 820 F.Supp. 89, 98 (S.D.N.Y. 1993); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 654 F.Supp. 1012, 1031 (S.D.N.Y.1987). However, the Second Circuit in *First Capital Asset Mgm't* did not explain its passing reference to such a requirement, nor can this Court discern the reasoning in the Southern District of New York line of cases to which the Second Circuit cited.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

at 656. Like here, only one member of the alleged enterprise, Feldman, was a defendant. *Id.* at 652. Neither Feldman's brother nor the corporations possessed intent to commit any crimes or to defraud. On appeal from Feldman's conviction, one of the issues was, much like the question here, "what kinds of 'purpose' a corporation must share in to be part of an association-in-fact." *Id.* at 657. The Court of Appeal's ensuing discussion is worth quoting at length:

> Although individual members of an associated-in-fact enterprise often also will be charged with conspiracy and will be codefendants, [citations], RICO does not require intentional or 'purposeful' behavior by corporations charged as members of an association-in-fact. Individual corporations may be entirely legitimate and need not benefit from racketeering; in fact, the criminal activity charged may harm each individual corporation by looting it, or a corporation may be used by the defendant to line his or her pockets. [Citations.] What RICO does require as a showing of common purpose is "proved by evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit. *Turkette*, 452 U.S. at 583, 101 S. Ct. at 2528. The government must therefore show the existence of an organization among the various corporations, Albert, and Feldman, and show that the organization has some continuity.

*Id.*

Applying these standards, the Ninth Circuit found that the government had sufficient evidence of organization and continuity to sustain a finding of a RICO enterprise, notwithstanding the fact that none of the other members of the enterprise shared Feldman's wrongful *mens rea*. *Id.* at 657-59. Brushing aside RICO conspiracy cases in which the other members were codefendants, the Court of Appeals noted that whether the corporations and two brothers constituted an enterprise "depends on objective interconnections and requires a careful scrutiny of the facts." *Id.* at 657-58.

*Feldman* would appear to dictate the result in this case: Plaintiffs need not allege that Paymentech and LaSalle shared Defendant's fraudulent purpose in order for there to be a sufficient allegation of an association-in-fact enterprise. To require a common fraudulent purpose would essentially require each member of the enterprise to possess a

Case 2:06-cv-06282-AHM-CT Document 158 Filed 09/22/08 Page 9 of 20 Page ID #:1211

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

fraudulent intent. *Feldman* teaches that such intent is *not* required for each member. This logically follows from the basic principle that RICO enterprises may include "entirely legitimate" entities that are exploited by wrongdoers and the companion principle that not every member of an enterprise need be a co-defendant. *Id.* at 657.

Defendant's attempt to distinguish *Feldman* on the proven facts of that case, as compared to the allegations in this case, is wholly unpersuasive. Defendant incorrectly states that Feldman's fraudulent intent was imputed to the other members of the conspiracy by virtue of his control and leadership of the corporations. There was no such finding and, in any event, Plaintiffs here do allege that Defendant controls the RICO enterprise. Fourth Am. Compl. ¶ 88. The Ninth Circuit simply found that there were sufficient interconnections between the members so as to constitute an association-in-fact enterprise. *Id.* at 658-59. Defendant has not demonstrated that at the pleading stage, Plaintiffs must allege facts that were found sufficient after trial on the merits in *Feldman*.

In short, Defendant provides no precedential or persuasive authority that Plaintiffs' allegations are legally insufficient, in the face of *Feldman* and *Odom*.

### 2. Plaintiffs adequately allege ongoing organization and continuing unit.

In *Odom*, the Ninth Circuit found that plaintiffs had sufficiently alleged the existence of an ongoing organization by alleging that Microsoft and Best Buy established mechanisms for transferring plaintiffs' personal and financial information from Best Buy to Microsoft, thereby enabling Microsoft to activate plaintiffs' Internet accounts and bill them for Internet service without their knowledge or permission. *Id.* Those mechanisms were "the vehicle for the commission of at least two predicate acts of fraud." *Odom*, 486 F.3d at 552. Moreover, the court held, plaintiffs more than satisfied the continuity requirement by alleging that Microsoft and Best Buy engaged in this conduct over a two-year time span. *Id.* at 553.

Here, Defendant acknowledges that Plaintiffs alleged the mechanisms that Defendant and its payment processors set up to effectuate monthly withdrawal of dues from consumers' bank and credit card accounts since 1999. Fourth Am. Compl. ¶¶ 89-94. Citing no authority, Defendant contends that additional allegations of an association involving all three entities or an association between Paymentech and LaSalle are

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

required. However, Plaintiffs' description of the mechanisms that Defendant set up with each payment processor satisfies the requirement of a "vehicle for the commission of at least two predicate acts of fraud," and the allegation that these mechanisms have been in operation since 1999 more than satisfies the requirement that the associates' conduct be "ongoing." *Odom*, 486 F.3d at 552-53.

> ### 3. There is no law barring RICO enterprises arising from a contractual relationship for ordinary financial services.

In addition to challenging each of the three elements of a RICO enterprise, Defendants assert a fourth argument: Contractual relationships for ordinary financial services are insufficient to create a RICO enterprise. In support of this proposition, however, Defendant relies on cases that applied the "ascertainable structure" requirement that the Ninth Circuit has since rejected. *See, e.g.*, *Gonzalez v. Lloyds TSB Bank, PLC*, 532 F. Supp. Ed 1200, 1209 (C.D. Cal. 2006); *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090-92 (N.D. Cal. 2006); *Jubelirer v. MasterCard Int'l, Inc.*, 68 F. Supp. 2d 1049, 1052-53 (W.D. Wis. 1999). Defendant also cited *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458, 163 (9th Cir. 1992), but the Ninth Circuit there found on summary judgment, not on a motion to dismiss, that the routine business arrangement between the associates did not arise to a RICO enterprise. In any event, the Ninth Circuit later made clear that an enterprise does not require any particular organizational structure at all. *Odom*, 486 F.3d at 551. To require something more than a contract-based business relationship would in effect resurrect the ascertainable structure requirement.

Because no present authority supports the requirement that something more than a contract-based business relationship must be alleged, the Court rejects this challenge to the sufficiency of the RICO claim.

//
//
//

> **C.  Plaintiffs' Ninth Claim for Relief Under the UCL May Be Maintained as a Representative Action Subject to Class Action Requirements**

In their Ninth Claim, Plaintiffs Hernan and Friedman seek injunctive relief "on

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

behalf of the general public." However, Plaintiffs expressly state they "do not seek certification of this cause of action on behalf of any class." Fourth Am. Compl. ¶ 179. As Defendant points out, California's Proposition 64 eliminated UCL suits on behalf of the general public, unless they are brought by the Attorney General or other public authority. Cal. Bus. & Prof. Code § 17203. A plaintiff may bring a UCL representative claim "only if [he] meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure." *Id.* Defendant seeks dismissal of the UCL claim because Plaintiffs cannot pursue a UCL representative claim unless they also comply with the class action requirements.

Plaintiffs do not dispute this argument. They propose to amend their Ninth Claim to make it a class claim on behalf of their proposed State Law Class, using the class allegations set forth at ¶¶ 60-69 of the Fourth Amended Complaint. Because the defect in their Ninth Claim is easily curable, the Court will permit the proposed amendment and strike the second sentence in paragraph 179.

### D. Plaintiffs' Fifth Claim for Relief under the CLRA Is Sufficient

Similar to the Ninth Claim, Plaintiffs Hernan and Friedman bring the Fifth Claim for injunctive relief under "in their individual capacity on behalf of the general public," but they do not seek class certification on this claim. Fourth Am. Compl. ¶ 138. Plaintiffs' claim arises under California Civil Code section 1780, which authorizes a civil action by "[a]ny consumer" for violations of the CLRA. Fourth Am. Compl. ¶ 144. Under this claim, Plaintiffs seek an injunction pertaining to Defendant's allegedly deceptive representations to consumers about its special deals and discounts and the nature of the monthly membership.

Defendant contends this claim fails because the CLRA does not permit suits "on behalf of the general public," so this claim must be construed as a class claim subject to the class action provision in the CLRA, California Civil Code § 1781. Section 1781 states:

> Any consumer entitled to bring an action under Section 1780 *may*, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

consumers to recover damages or obtain other relief as provided for in Section 1780.

Cal. Civ. Code § 1780 (emphasis added). Because Plaintiffs did not plead compliance with section 1781, Defendant argues, this claim is legally insufficient.

Defendant cites no authority that would require Plaintiffs' CLRA claim to be construed as a class claim subject to the requirements of section 1781, nor any authority that states that a CLRA claim for injunctive relief cannot be "on behalf of the general public." Although Proposition 64, as codified at Cal. Civ. Code § 17203, eliminated representative UCL actions unless it met the requirements of a class action, it did not impose the same limitation on the CLRA.

Plaintiffs, in contrast, do cite authority suggesting that it is acceptable to seek such relief on behalf of the general public. In *Broughton v. Cigna Healthplans of California*, 21 Cal.4th 1066, 1079-80 (Cal. 1999), the California Supreme Court indicated that when a plaintiff seeks injunctive relief under the CLRA, he "is functioning as a private attorney general, enjoining future deceptive practices on behalf of the general public." The Court went on to explain,

> the evident purpose of the injunctive relief provision of the CLRA is not to resolve a private dispute but to remedy a public wrong. Whatever the individual motive of the party requesting injunctive relief, the benefits of granting injunctive relief by and large do not accrue to that party, but to the general public in danger of being victimized by the same deceptive practices as the plaintiff suffered.

*Id.* at 1080. Despite the differing circumstances, *Broughton* is nonetheless instructive. It suggests there is nothing defective about pleading a claim for injunctive relief under the CLRA "on behalf of the general public." Plaintiffs' Fifth Claim seeks precisely what the CLRA is designed to do, according to *Broughton* - - an injunction intended to benefit the public at large. Therefore, Plaintiffs state a viable claim in their Fifth Claim for Relief.

    **D.**     **To Maintain Their EFTA Claim, Plaintiffs Need Not Allege They Notified A Financial Institution**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

Defendant seeks dismissal of Plaintiffs' federal EFTA claim for failure to allege compliance with the notice requirement of 15 U.S.C. § 1693g(a). Section 1693g, entitled "Consumer Liability," limits consumer liability or unauthorized electronic funds transfers. Subsection a states, in pertinent part:

> In no event, however, shall a consumer's liability for an unauthorized transfer exceed the lesser of
> (1) $50; or
> (2) the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected. . .
>
> Notwithstanding the foregoing, reimbursement need not be made to the consumer for losses the financial institution establishes would not have occurred but for the failure of the consumer to report within sixty days of transmittal of the statement (or in extenuating circumstances such as extended travel or hospitalization, within a reasonable time under the circumstances) any unauthorized electronic fund transfer or account error which appears on the periodic statement provided to the consumer under section 1693d of this title.

15 U.S.C. § 1693g(a).

Defendant relies on the second part of section 1693g(a) for the proposition that Plaintiffs cannot maintain their EFTA claim unless they allege that they notified Defendant or their financial institution(s) of the alleged unauthorized transfers. In their opposition, Plaintiff pointed out that the notice requirement in section 1693g(a) only requires notice to financial institutions, and that the entire section 1693g applies only to consumers' EFTA actions against financial institutions. In response, Defendant contends that it (24 Hour Fitness) *is* a financial institution.

Plaintiffs are correct that section 1693g does not apply to this action. Section 1693g describes the allocation of liability between consumers and the financial

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

institutions where their accounts are held. *See* 15 U.S.C. § 1693g(b) ("In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) of this section have been met.") Section 1693g thus applies only in actions against financial institutions arising under section 1693h. *See* 15 U.S.C. § 1693h(a) (authorizing damages actions against financial institutions).

As the Fourth Amended Complaint makes clear, Plaintiffs' claim arises under section 1693m, which provides for civil liability as against persons other than financial institutions. *See* Fourth Am. Compl. ¶ 115; 15 U.S.C. § 1693m ("Except as otherwise provided by this section and section 1693h, any person who fails to comply. . .").

Defendant's contention that it is a financial institution is frivolous. The EFTA defines "financial institution" as "a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer." 15 U.S.C. § 1693(a)(8). Defendant, which operates a chain of fitness centers, certainly does not fall within this definition. In this case, the financial institutions are the banks and credit card companies where Defendant's customers held accounts. Therefore, Defendant's challenge to the EFTA claim based on section 1693g totally lacks merit.

**E.  Statutes of Limitation Problems with the RICO, EFTA, and UCL Claims**

Defendants argue that the RICO, EFTA and UCL claims of any named plaintiffs or putative class members must be dismissed or stricken if their alleged injuries are time-barred under the limitation period of those statutes. RICO has a four-year period, EFTA has a one year period, and the UCL has a four year period. Plaintiffs' proposed federal law and state law classes includes consumers who allegedly suffered injury on or after June 1, 2004. The Fourth Amended Complaint was filed on July 21, 2008. Although the parties do not explicitly state so, they assume that the date of alleged injury is the date on which Defendant allegedly made an unauthorized "tap" on the account of a consumer who had already cancelled his or her membership. For the named plaintiffs, those dates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

are between July 15, 2005 and November 25, 2007.[3]

The RICO and UCL four-year statutes of limitation would bar the claims of those consumers whose injuries occurred between June 1, 2004 and July 21, 2004. The EFTA statute of limitations would bar the claims of those whose injuries occurred between June 1, 2004 and July 21, 2007.

> 1. The new RICO and EFTA claims do not relate back to original complaint.

Plaintiffs argue that the RICO and EFTA claims, which appear for the first time in the Fourth Amended Complaint, relate back to the filing of the original complaint on October 2, 2006 under Federal Rule Civil Procedure 15(c)(1)(B).[4] Rule 15(c)(1)(B) permits relation back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Plaintiffs contend that the relation back doctrine should apply because their RICO and EFTA claims are based on the same transactions alleged in the original complaint, namely Defendant's allegedly unauthorized post-cancellation EFT withdrawals.

Whether the transaction initially alleged is the same as the later one is not the sole factor that determines whether a new claim relates back, however. 6A C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 1497, p. 85 (2d ed. 1990). Courts look at whether the new claim is based on the same operative facts and whether defendant can be said to have been on notice of the claim. *Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims") (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982); WRIGHT & MILLER § 1497); *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) (noting that the purpose of inquiring into common operative facts is to ensure that the adverse party had "fair notice of the transaction, occurrence, or conduct called into

---

[3] According to the Fourth Amended Complaint, the dates of the unauthorized taps were: Friedman (August 25, 2006), Hernan (June 20, 2007), Riojas (April 20, 2007), Jones (July 15, 2005), Kramer (June 25, 2007), McKenna (November 25, 2007).

[4] Plaintiffs mistakenly cited Fed. R. Civ. P. 15(c)(2).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

question").

     Defendants point to numerous factual allegations supporting Plaintiffs' RICO and EFTA claims that were not in the original complaint. They include allegations pertaining to a purported RICO enterprise, allegations concerning the business of Paymentech and LaSalle, and allegations regarding the racketeering scheme (*e.g.*, the misrepresentations that Defendant made to the payment processors each time it issued wire instructions). Fourth Am. Compl. ¶¶ 84-99. Plaintiffs do not dispute Defendant's contention that they have added many pages of detailed allegations and exhibits that were not included in the original complaint in order to support their RICO claim. In fact, in seeking leave to file the Fourth Amended Complaint, Plaintiffs themselves emphasized that the reason they did not assert RICO earlier was that there were key facts supporting the RICO enterprise and pattern of racketeering activity that only surfaced relatively recently.

     Similarly, the Fourth Amended Complaint alleges additional operative facts essential for the EFTA claim, including allegations concerning the regular EFT taps and allegations that 24 Hour Fitness failed to provide advance notice of withdrawals and of the amount and scheduled date of withdrawals as required under the EFTA. Fourth Am. Compl. ¶¶ 113.

     Finally, the fact that RICO and EFTA claims are different in character from the common law fraud and breach of contract claims that were at the core of three previous iterations of the complaint weighs against permitting relation back. The addition of RICO and EFTA to this action escalates Defendant's potential liability: Treble damages and civil forfeiture are available under RICO, and the EFTA authorizes potentially significant damages for class actions. *See* 15 U.S.C. § 1693m(a)(2)(B). Plaintiffs have filed three amended complaints. They had numerous opportunities to provide meaningful notice of their RICO and EFTA theories to Defendant. They failed to do so.

     For these reasons, the Court will not apply the relation back doctrine.

     <u>2. The RICO and UCL four year statutes bar only certain putative class members</u>.

     The RICO and UCL four-year statutes of limitation bar the claims of those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

consumers whose injuries occurred between June 1, 2004 and July 21, 2004. None of the named plaintiffs are affected, but if there are individuals who might become class members whose claims arose during that period, they may not recover.

### 3. The EFTA one year statute bars all Plaintiffs except McKenna.

The EFTA statute of limitations bars the claims of those whose injuries occurred between June 1, 2004 and July 21, 2007. Consequently, as Plaintiffs acknowledge, the claims of every named plaintiff except Deborah McKenna are time-barred. The Court thus dismisses the EFTA claims as to Plaintiffs Friedman, Hernan, Riojas, Jones and Kramer.

### F. Plaintiffs' Prayer for Treble Damages, Punitive Damages, and Restitution Under the EFTA Must Be Stricken

In their prayer for relief under the EFTA, Plaintiffs seek actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(1) and § 1693m(a)(2)(B) and 1693m(a)(3). *See* Fourth Am. Compl. ¶ 115. However, they also seek treble damages, punitive damages, and restitution. *Id.* ¶ 116. Paragraph 116 will be stricken because it is confusing and unnecessary, the result of clumsy pleading.

The provision under which Plaintiffs' EFTA claim arises, section 1693m, does not expressly provide for treble damages, punitive damages, and restitution.[5] It provides for:

> (1) any actual damage sustained by such consumer as a result of such failure;
> (2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or
> (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per

---

[5] Section 1693f(e) authorizes treble damages against a financial institution, but this is not a case against a financial institution.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

centum of the net worth of the defendant.

15 U.S.C. § 1693m(a).

Strangely, in paragraph 115, Plaintiffs *excluded any claim to statutory damages* in an individual action under § 1693m(a)(2)(A). Nevertheless, Plaintiffs contend that this provision, which they specifically excluded from their prayer, authorizes an "enhancement" - - as if that justifies the request for treble damages. This makes little sense. Because Plaintiffs did not timely plead statutory damages under § 1693m(a)(2)(A), they are precluded from recovering those damages.

They also claim that punitive damages are authorized under § 1693m(a)(2)(B). That provision does appear to authorize something akin to punitive damages, especially when one considers that the factors for determining the award in § 1693m(b) include the extent to which the violations were persistent, frequent, and intentional, as well as the defendant's "resources." But Plaintiffs have already included a prayer for relief under § 1693m(a)(2)(B), so it is unnecessary to permit a separate request for punitive damages.

Plaintiffs' prayer for treble damages and punitive damages is stricken because it is redundant and not supported by the statute.

Plaintiffs point to no EFTA provision or other authority supporting a restitution remedy, and so that request also is stricken.

**G. Section 17501 of the False Advertising Law Does Not Preclude Plaintiffs' Request for Injunctive Relief Under the CLRA and UCL**

In an extremely confusing argument, Defendant argues that Plaintiffs' requested injunctive relief under the CLRA and UCL contradicts a provision of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17501. This argument should be rejected because the requested injunction does not actually contradict that provision and, in any event, that provision only applies to FAL claims, which Plaintiffs do not assert.

To put it succinctly, Plaintiffs seek to enjoin Defendant from advising consumers that they are getting a "special" deal that is about to expire, unless Defendant also

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

informs consumers that it actually always has special deals available. Plaintiffs also seek to enjoin Defendant from telling consumers that they are being offered a discount from a regular rate unless that regular rate is actually in place more than half of the time. *See* Fourth Am. Compl. at ¶¶ 144, 184.

Defendant contends this injunction would violate section 17501 of the False Advertising Law. That section provides that "*for the purpose of this article* the worth or value of any thing advertised is the prevailing market price" at the time of the advertisement, and it defines what may be advertised as a "former price." Cal. Bus. & Prof. Code § 17501 (emphasis added).

Defendant's argument lacks merit. First, Plaintiffs' requested injunction would not require conduct that is prohibited by section 17501. Plaintiffs seek restrictions on Defendant's representations about special deals and discounts on membership fees, not restrictions on Defendant's representations about the worth or value of membership or about the former price of membership.

Second, on its face section 17501 applies *only* to the article in which section 17501 falls. In other words, it applies to allegations of false advertising prohibited by the FAL. However, Plaintiffs' UCL and CLRA claims are not based on the FAL or conduct prohibited by that statute. Their CLRA claims are based on prohibitions on unconscionable contract, contractual misrepresentation, misrepresentation of contract terms, and false statements, which are enumerated in the CLRA. Their UCL claims are based on violations of RICO, EFTA, and the CLRA, and the conduct prohibited in those statutes. In those claims Plaintiffs do not allege conduct constituting false advertising to the public within the meaning of the FAL. *See* Cal. Bus. & Prof. Code § 17500. Therefore, Defendant has not established that Plaintiffs' request for injunctive relief is so insufficient that it should be stricken.

## V.     CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion. Plaintiffs shall file the Fifth (and final) Amended Complaint by no later than September 29, 2008. The Fifth Amended Complaint shall reflect and conform to the rulings in this order. Except to delete portions of the Fourth Amended Complaint

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

that have been dismissed or stricken and to cure omissions that this Court has authorized, Plaintiffs may not add new claims or change any language. Defendants shall file their answer (no motions to dismiss) by not later than October 14, 2008.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |