O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

This matter comes before the Court on Defendant 24 Hour Fitness USA, Inc.'s ("24 Hour") Motion for Certification of Interlocutory Appeal, pursuant to 28 U.S.C. § 1292(b), of this Court's September 22, 2008 Order, and its motion to stay discovery in this case pending such an appeal. 24 Hour seeks certification of the following related questions:

(1) Can Plaintiffs can satisfy the "common purpose" pleading requirement and state a claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. where Plaintiffs' claim is based on an "association in fact" enterprise in which Plaintiffs allege that only one of the participants had intent to engage in a fraudulent or illegal scheme while the others are alleged to have been unwitting participants in the alleged scheme?

(2) Can Plaintiffs can satisfy the "common purpose" pleading requirement and state a claim for violation of the RICO Act ("RICO") where Plaintiffs allege that the participants were engaged in a scheme in which only one participant received any benefit and allege that the other participants were misled and would not have participated in the scheme had they known the true facts?

In short, it seeks certification of the question whether Plaintiffs must allege that all the members of an association in fact enterprise must have a common *fraudulent* purpose.

Certification of this interlocutory decision for immediate appeal is controlled by 28 U.S.C. § 1292(b), which provides in relevant part:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al*. | | |

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

The Court must first consider whether the ruling involved a "controlling question of law." This phrase does not require that reversal of the district court's order terminate the litigation. *In re Cement Antitrust Litigation* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982). "Rather, all that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* Here, dismissal of the RICO claim would significantly reduce the size of the putative federal class. It would eliminate members who would be in the class only by virtue of the three-year statute of limitations in RICO, leaving federal class members with claims under the Electronic Funds Transfer Act. In addition to the EFTA claim, however, the state law claims would remain. The state law classes proposed in the Fifth Amended Complaint reach as far back in time as would the federal class if the RICO claim remained. The Court previously suggested to the parties that the state law claims need not be litigated if a federal class were certified and the federal claims survived summary judgment. If the RICO claim were no longer part of this action, Plaintiffs undoubtedly would proceed to pursue their state law claims, which include claims for actual and punitive damages under California law. Thus, while dismissal of the RICO claim would change the way in which the parties (and the Court) approached this case, 24 Hour has not established how it would materially affect the outcome.

Similarly, the Court is unpersuaded that an appellate decision on the RICO pleading will "materially advance the ultimate termination of the litigation." Although certain looming discovery disputes could be avoided and trial on the RICO claim would be unnecessary if the Court's RICO ruling were reversed, this would still remain a complex case involving a putative federal class and at least one putative state law class. Because a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling, 24 Hour's arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

Finally, 24 Hour has not established a "substantial ground for difference of opinion" as to the result reached on the common purpose requirement. 24 Hour cannot meet this requirement merely because the Ninth Circuit has not addressed the precise question of whether all the participants in the enterprise must share a common purpose that is fraudulent. 24 Hour relies on the authorities it cited in its motion to dismiss, as well as an Eighth Circuit decision that it did not previously cite. The Court need not revisit the reasons why the authorities 24 Hour cited previously were not persuasive. The Eighth Circuit decision, *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1025-27 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 1000 (2009), also does not help 24 Hour. Although the district court in that case dismissed the RICO claim on the ground that the members of the enterprise did not share a common fraudulent purpose, the Eighth Circuit upheld the result without deciding whether the common purpose must be fraudulent. *Id.* at 1026 ("We need not decide whether the common purpose under RICO must be fraudulent to affirm the District Court's dismissal of Plaintiffs' RICO claims against Viacom, however, because we conclude that Plaintiffs have failed to establish that the alleged association-in-fact enterprises shared a common purpose of any kind-fraudulent or otherwise.") The Court is not aware of any persuasive authority supporting such a narrowing construction of the association in fact language in the RICO statute. *See Bridge v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131, 2145 (U.S. 2008) (" We have repeatedly refused to adopt narrowing constructions of RICO in order to make it conform to a preconceived notion of what Congress intended to proscribe."); *United States v. Turkette*, 452 U.S. 576, 580 (1981) ("There is no restriction upon the associations embraced by the definition: an enterprise includes any union or group of individuals associated in fact. On its face, the definition appears to include both legitimate and illegitimate enterprises within its scope. ")

The fact that 24 Hour wants to defeat the RICO claim prior to class certification is not a compelling or even persuasive basis to find that it has satisfied the requirements for the extraordinary relief it seeks. If this Court's ruling were affirmed, the interlocutory appeal would have unnecessarily consumed appellate resources and made this complex and hard fought litigation even more "protracted and expensive" than it already is. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. In summary, the Court is not convinced that 24 Hour has carried its heavy burden to show that this is an "exceptional situation[]" that would justify departure from the basic rule that appellate review becomes available only after entry of final judgment. *Id.* Therefore, the Court DENIES 24 Hour's motion

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

for certification of interlocutory appeal[1] and motion to stay discovery pending resolution of interlocutory appeal.[2]

_____ : _____

Initials of Preparer    se

---

[1] Docket No. 244.

[2] Docket No. 241.