O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The parties are familiar with the factual background and procedural history surrounding this case. For the following reasons, the Court DENIES Defendant's motion for partial summary judgment as to the federal claims.[1]

## I.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden

---

[1]Docket No. 373.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

## II.   THE RICO CLAIM

Defendant's request for summary judgment on the Racketeer Influenced Corrupt Organizations Act ("RICO") claim must fail. There are material facts in dispute as to the elements of pattern of racketeering. Further, Defendant is not entitled to judgment as a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

matter of law on the issue of association-in-fact enterprise.[2]

### A.   Pattern of Racketeering Activity

The parties agree that Plaintiffs must prove specific intent to deceive or cheat. *See* Opp'n at 20:5; Reply at 21. Defendant argues that Plaintiffs cannot establish such intent, or a scheme to defraud, because Defendant acted in good faith based upon a reasonable interpretation of the termination clause in the membership agreements. However, as Plaintiffs have clearly alleged in their Complaint and in past briefs, and the Court has reiterated in previous rulings, the RICO allegation is not that Defendant deceived its customers, but rather that it deceived the payment processors to whom it owed certain obligations under the payment processing contracts. Sept. 22, 2008 Order at 16; August 25, 2009 Order at 13.

On the issues of intent and scheme to deceive the payment processors, there are material facts in dispute, which precludes summary judgment. To act with intent to defraud under the mail and wire fraud statutes "means to act wilfully and with specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another, or bringing about some financial gain to oneself." *United States v. Dees*, 34 F.3d 838, 842 n.1 (9th Cir. 2004). Reckless indifference to the truth or falsity of a statement is sufficient to establish the requisite intent. *Id.* Furthermore, specific intent may be proven circumstantially through the scheme itself. *Ikuno v. Yip*, 912 F.2d 306, 310-311 (9th Cir. 1990). The Supreme Court defines "scheme to defraud" broadly to include "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Carpenter v. United States*, 484 U.S. 19, 27 (1987). Particular false statements in furtherance of the scheme need not be proven, and deceitful statements of half-truths or the concealment of material facts is

---

[2]As to Defendant's assertion that the RICO claim must fail because Plaintiffs are unable to show they have sustained injuries proximately caused by Defendant's alleged fraudulent activity, Defendant's arguments are identical to those the Court has already addressed in the Motion for Class Certification. *See* Motion at 17 n.12; Reply at 16-17. For the reasons articulated in the Court's August 25, 2009 class certification order at 12-13, 17, the Court finds Defendant's arguments on this point to lack merit. As such, the Court cannot grant summary judgment on the RICO count on this basis.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

sufficient to establish a scheme to deceive. *United States v. Munoz*, 233 F.3d 1117, 1131 (9th Cir. 2000); *Lustiger v. United States*, 386 F.2d 132, 138 (9th Cir. 1967).

Defendant asserts repeatedly that it had no intention to deceive the payment processors, and that it believed that the payment transfers were authorized under the Club Membership Agreements ("CMAs").[3] *See, e.g.*, Decl. of Bobbi Quick, Ex. A, C, D, E, F, G, H; Decl. of Kevin Woodall, Ex. EE; Motion at 3-4, 7-9. Plaintiffs, however, offer numerous pieces of evidence to suggest that Defendant did have an intent to submit unauthorized charges to the payment processors. Plaintiffs offer evidence that 24 Hour Fitness had committed to making warrants to its payment processors, including that every single transaction submitted for processing has been authorized and that authorization has not been cancelled or revoked. SGI ¶¶ 318-29. However, Plaintiffs offer evidence that 24 Hour Fitness continued to submit post-cancellation, final EFT transactions to the payment processors knowing that members regularly disputed the transactions, SGI ¶¶ 291, 335, and knowing that some members expected their transactions to be stopped within the notice period, SGI ¶¶ 291, 336. These facts could be sufficient for a reasonable jury to conclude that Defendant knew that the EFT authorizations were no longer authorized or acted with reckless indifference as to the validity of the authorization and that, therefore, Defendant intended to defraud the processors by submitting the transactions. Based on this fundamental dispute of material fact as to whether Defendant had intent to defraud under the mail and wire fraud statutes, Defendant is not entitled to summary judgment on the element of pattern of racketeering activity.[4]

---

[3]The Court finds unpersuasive Defendant's argument that there can be no scheme to defraud as a matter of law where the alleged misconduct derives from a reasonable interpretation of a contract. The Ninth Circuit has never adopted—and has, in fact, rejected, *see United States v. Camper*, 384 F.3d 1073, 1077-78 (9th Cir. 2004)—the Fourth Circuit's approach to ambiguity that Defendant's argument relies upon, *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980).

[4]Though the topic heading in Defendant's reply memorandum reads, "Plaintiffs Have Clearly Demonstrated They Cannot Prove a 'Scheme To Defraud' Or Any 'Pattern Of Racketeering,'" Defendant does not direct assert that Plaintiffs have failed to demonstrate a pattern of racketeering. Instead, it asserts that because Plaintiffs cannot

O

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

### B.    RICO Association-in-Fact Enterprise

In its Sept. 22, 2008 Order, the Court explained its rationale for denying Defendant's motion to dismiss the Fourth Amended Complaint for failure to adequately allege a RICO enterprise. *Id.* at 5-10. The Court found that Plaintiffs adequately alleged a common purpose despite the fact that the shared purpose was not fraudulent. *Id.* at 6-9. The Court also found that Plaintiffs had adequately alleged an ongoing organization, and that a RICO enterprise could arise from a contractual relationship for ordinary financial services.[5] *Id.* at 9-10. Plaintiffs have offered evidence of a RICO enterprise consistent with the Court's findings in its prior order, meaning that Defendant is not entitled to judgment as a matter of law on this issue. Opp'n at 15-16; SGI ¶¶ 244-45, 258-59, 268, 272, 279-80, 291.

## III.    THE EFTA CLAIM

Defendant also moves for summary judgment on Plaintiffs' claims under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a). Defendant advances two main arguments in favor of its motion for summary judgment: 1) by considering extrinsic evidence, it becomes apparent that Plaintiffs consented to the EFT withdrawals in question, and 2) Plaintiffs are unable to prove what Defendant deems to be the required

---

prove intent to defraud as to the component acts of wire or mail fraud, they therefore cannot prove a pattern of racketeering. Reply at 3, 10. This Order has addressed the issue that Defendant raised—intent to defraud—so it is unnecessary to separately address the issue of whether a pattern of racketeering exists.

[5]Since this Court's decision, the Supreme Court released its opinion in *Boyle v. United States*, 129 S. Ct. 2237 (2009), which lends further support to this Court's reasoning. The Supreme Court held that an association-in-fact enterprise need not have an ascertainable structure beyond that inherent in its pattern of racketeering activity. 129 S. Ct. at 2245.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

EFTA element of detrimental reliance.[6]

### A.     Interpreting the EFT Authorizations

Defendant asserts that the court may use extrinsic evidence, namely authorizations of a 30-day notice period buried apart from the EFT Authorizations in the Club Membership Agreements (CMAs), to find that the members had consented to ongoing EFT charges after their notices of cancellation. Plaintiffs counter that the alleged consent in another part of the agreement cannot be used to contradict the clear terms of the EFT Authorizations, which state that the authorizations remain effective until "membership is canceled or terminated." SGI ¶ 340.

The purpose of EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). Its "primary objective . . . , however, is the provision of individual consumer rights." *Id.* Congress instructed the Federal Reserve Board ("Board") to promulgate regulations that "in the judgment of the Board are necessary or proper to effectuate the purposes of [EFTA], to prevent circumvention or evasion thereof, or to facilitate compliance therewith." 15 U.S.C. § 1693b(c). Where, as here, Congress makes an "explicit delegation of authority to the Board, courts must defer broadly to the Board's interpretation of the statute and its own regulations." *Rubio v. Capital One Bank (USA), N.A.*, 572 F. Supp. 2d 1157, 1162 (C.D. Cal. 2008) (applying the Board's regulations and Official Staff Interpretations in a Truth in Lending Act ("TILA") case). *See generally Chevron, U.S.A., Inc. v. Natural Res. Def. Council, et al.*, 467 U.S. 837, 844-45 (1984). Therefore, this Court must defer to the Board's interpretation of the statute in construing the EFT authorization's validity under the EFTA framework, state contract law notwithstanding.

The Official Staff Interpretations to Regulation E state, "An authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and

---

[6]Defendant had also made an argument in favor of summary judgment on the § 1693e(b) claim, but it has since become clear that Plaintiff has indeed abandoned this claim, Docket No. 476., so the Court need not address it here.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

readily understandable." 12 C.F.R. pt. 205, Supp. I, ¶ 10(b)(6).[7] The Court disagrees with Plaintiffs that this language necessarily means that an EFT authorization must always stand apart from the rest of a contract. However, the regulatory guidance does provide that an authorization must be "readily identifiable as such." *Id.* Here, it is undisputed that the EFT Authorizations were in a separate box and labeled as "Authorization for . . . Direct Payments." Decl. of Bobbi Quick, Ex. G at 678. It is also undisputed that the 30-day notice provisions were not located in this box, but were on an entirely separate page and that the text in the EFT Authorization boxes did not refer to the 30-day notice provisions in the contract. Decl. of Bobbi Quick, Ex. G at 677-78. Where, as here, text from other portions of a contract or from outside a contract is not clearly identified as comprising part of an EFT Authorization, the Court cannot find as a matter of law that the other text constitutes valid authorization under EFTA.[8]

Because the readily identifiable EFT Authorizations only provide authorization to charge the account "until the applicable membership is terminated or cancelled," Decl. of Bobbi Quick, Ex. G at 678, and because 24 Hour Fitness continued to charge members an EFT after they had notified it of cancellation, 24 Hour fitness is not entitled to summary

---

[7]As additional support for their position, Plaintiffs point to language in the preamble to Regulation E where the Board explains that "notices in small print and buried in the middle of unrelated information would likely not meet" the "clear and readily understandable" standard in the context of notice for check conversions under another EFTA provision. 71 Fed. Reg. 1638, 1643 (Jan. 10, 2006). Since it addresses another provision of the act, this language is not binding, but it does provide useful guidance for what the Board considers to be "clear and readily understandable."

[8]Defendant cites to *Rubio*, 572 F. Supp. 2d at 1165, in an attempt to show that the Court must consider information in other parts of the contract in ruling on the validity of the EFT authorization. Reply at 19-20. *Rubio* does not support this proposition. All *Rubio* held was that a court could consider information outside the required disclosure box in a TILA disclosure in order to see if the outside information rendered the disclosures unclear (not whether they rendered them clear). *Id.* In addition, TILA only allows the disclosure of particular information in the required "Schumer Box" and mandates that all other information be disclosed elsewhere. *Id.* at 1167. EFTA has no such requirement. As such, this holding in *Rubio* is not on point in an EFTA case.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6282 AHM (CTx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | DANIEL FRIEDMAN, *et al.* v. 24 HOUR FITNESS USA, INC, *et al.* | | |

judgment on this portion of the EFTA claim.

### B.    Detrimental Reliance Under EFTA

As to the detrimental reliance claim, the Court discussed this issue in its August 25, 2009 Order certifying the federal class.  There, the Court found that, at most, detrimental reliance had the potential to affect the award of damages, but not the liability stage of the proceedings.  *Id.* at 15-17.  Because any absence of evidence of detrimental reliance at this stage does not affect the determination of liability, this alone is enough to deny Defendant's motion for summary judgment under a detrimental reliance theory.  However, the Court elaborated that the nature of the claim here (a last EFT tap that Plaintiffs had no control over after sign-up) differentiated this case from the authority the Defendant relied on (ATM notice cases, where the plaintiffs had a choice whether or not to proceed with the transaction).  *Id.* at 16.  As such, the Court found Defendant's argument that detrimental reliance is required in this case to be unpersuasive.  *Id.*  The Court continues to be unpersuaded and cannot grant Defendant summary judgment on this basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for partial summary judgment as to the federal claims.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

| Initials of Preparer | SMO |
|---|---|