1  MELISSA M. HARNETT (Bar No. 164309; mharnett@wccelaw.com)
   ROBERT L. ESENSTEN (Bar No. 65728; resensten@wccelaw.com)
2  GREGORY B. SCARLETT (Bar No. 131486; gscarlett@wccelaw.com)
   **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 • (323) 872-0995
5  Facsimile:  (818) 345-0162

6  Jeffrey F. Keller, Esq. (Bar No. 148005; jfkeller@kellergrover.com)
   **KELLER GROVER LLP**
7  425 2nd Street, Suite 500
   San Francisco, CA  94107
8  Telephone:  (415) 543-1305
   Facsimile:  (415) 543-7861

9

10  Attorneys for DANIEL FRIEDMAN,
    WILLMAN ALFARO, THOMAS
    HERNAN Jr., LUIS RIOJAS,
11  KIMBERLY ZANDER, STEPHANIE
    DOUGHERTY, CRAIG JONES, MOLLY
12  KRAMER,  DEBRA MCKENNA, AND
    ON BEHALF OF ALL OTHERS
13  SIMILARLY SITUATED

14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17

18  DANIEL FRIEDMAN , an individual,     CASE NO. CV 06-06282 AHM (CTx)
    WILLMAN ALFARO, an individual;
19  THOMAS HERNAN, Jr., an individual,   **PUTATIVE CLASS ACTION**
    LUIS RIOJAS, an individual,
20  KIMBERLY ZANDER, an individual,      **SIXTH AMENDED COMPLAINT**
    STEPHANIE DOUGHERTY, an            **FOR SETTLEMENT PURPOSES**
21  individual, CRAIG JONES, and        **ONLY**
    individual, MOLLY KRAMER, an
22  individual,  DEBRA MCKENNA, an       **JURY TRIAL DEMANDED**
    individual, and on Behalf of all Others
23  Similarly Situated,

24            Plaintiffs,

25       vs.

26  24 HOUR FITNESS USA, INC.,

27       Defendants.

28

942940.1

FILED
CLERK, U.S. DISTRICT COURT

MAR 18 2010
2:26

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Plaintiffs, on behalf of themselves and all others similarly situated, bring this action

2  against Defendant 24 HOUR FITNESS USA, INC. ("Defendant"), demanding a trial

3  by jury, as follows:

4

5  **PARTIES**

6      1.    Individual and representative plaintiff Daniel Friedman is a resident of

7  the County of Los Angeles, State of California.

8      2.    Individual and representative plaintiff Willman Alfaro is a resident of

9  the County of Los Angeles, State of California.

10     3.    Individual and representative plaintiff Thomas Hernan, Jr. is a resident

11 of the County of Alameda, State of California.

12     4.    Individual and representative plaintiff Luis Riojas is a resident of the

13 County of Snohomish, State of Washington.

14     5.    Individual and representative plaintiff Kimberly Zander is a resident of

15 the County of Saint Charles, State of Missouri.

16     6.    Individual and representative plaintiff Stephanie Dougherty is a

17 resident of the County of Salt Lake, State of Utah.

18     7.    Individual and representative plaintiff Craig Jones is a resident of the

19 County of Harris, State of Texas.

20     8.    Individual and representative plaintiff Molly Kramer is a resident of the

21 County of Clark, State of Nevada.

22     9.    Individual and representative plaintiff Debra McKenna is a resident of

23 the County of Teller, State of Colorado.

24     10.   Defendant 24 Hour Fitness USA, Inc., is a California corporation and a

25 wholly-owned subsidiary of 24 Hour Fitness Worldwide, Inc., with its principal

26 place of business in San Ramon, California, registered to do business and doing

27 business in the State of California.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**JURISDICTION AND VENUE**

11.    This action asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, the California Unfair Competition Act, California Business & Professions Code § 17200 *et seq.*, the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, and for breach of contract.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 18 U.S.C. § 1965(a) (federal RICO) and 15 U.S.C. § 1693m(e) (EFTA), and supplemental jurisdiction under 28 U.S.C. § 1367.

12.    This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(Class Action Fairness Act), in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of the proposed class, and at least one member of the class is a citizen of a different state than Defendant.   In addition to the federal claims nationally applicable, the pendent state claims at issue here include claims applicable to citizens of 5 different states in the United States, including California.

13.    This Court has general and specific personal jurisdiction over the Defendant.   Defendant was and is engaged in unfair business practices and a racketeering enterprise directed at and/or causing injury to persons residing, located or doing business throughout the United States.

14.    Venue is proper in this district under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b) and (c), because Defendant transacts business, maintains offices, or is otherwise found within this district, and many of Defendant's unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out in this district. Plaintiffs are informed and believe that of the 385 or more clubs owned by Defendants, at least 20 of the health clubs are located in the Los Angeles area.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

15.    California has a significant contact or aggregation of contacts to the claims at issue herein.    Defendant does business in California, Defendant's headquarters and principal offices are in California, a significant number of Defendant's members are California residents, and the wrongful acts alleged herein, which affected Class Members within the 14 states in which it has health clubs, emanated from Defendant's management and employees in California and were effectuated in California.    Defendant's headquarters, and its other major situs of operations in Carlsbad, California, hosts the offices of 24 Hour's chief executive officer and most other decision-making executives and departments who set the membership policies for the entire chain.    All finance and information technology operations for the entire chain are located and managed in California.    All electronic fund transfer ("EFT") processing for members is handled exclusively through the Carlsbad, California office.    The wire instructions which were issued by Defendant to effectuate the unauthorized overcharges were issued from California.    The contracts at issue were prepared in California and are disseminated from California. The contracts all contain an address in California to which members are instructed to mail notice of cancellation.    From its California headquarters, Defendant controls its approximately 346 health clubs located in 14 states, with approximately 3 million members.

16.    The business activities of Defendant at issue in this Complaint were within the flow of and substantially affected interstate trade and commerce.    There has been a continuous and uninterrupted flow of activities in interstate commerce throughout the class period.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.    This action arises from an ongoing pattern of racketeering activity effectuated by Defendant's unauthorized and unlawful collection of membership

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    dues by Electronic Fund Transfers for health clubs owned and operated by
2    Defendant, doing business under the name of 24 Hour Fitness.

3        18.   Defendant 24 Hour Fitness is the largest privately owned and operated
4    fitness center chain in the world.  Defendant owns and operates more than 385
5    fitness clubs in at least 14 states, including Arizona, Hawaii, Oregon, Washington,
6    California, Nevada, Texas, Colorado, Utah, Kansas, Nebraska, Missouri, Tennessee,
7    and Florida, boasting over 3 million members and annual revenues of more than
8    $1.1 billion.  Defendant states on its website that it owns and operates fitness clubs
9    in Hong Kong, Malaysia, Singapore and Taiwan, and thus engages in international
10   as well as interstate commerce.  Defendant continues to expand.

11       19.   Defendant sells to consumers monthly membership to its clubs.
12   Defendant titles this form of membership as either a "Monthly Membership," or in
13   California after January 1, 2006, a "Monthly Payment Membership" (hereinafter
14   jointly "Monthly Membership").

15       20.   Within the four (4) years prior to the filing of this action, every named
16   plaintiff and every putative class member signed a form contract containing the
17   same material form language which states on its face that they were entering into a
18   monthly membership.  Each of Defendant's monthly membership form contracts
19   ("Monthly Contracts") contains an integration clause which states that "…neither 24
20   Hour, nor anyone else, made any representation or promises upon which you relied
21   that are not stated in this agreement….  This document contains the entire agreement
22   between you and 24 Hour and replaces any oral or other written agreement."  This
23   integration language is uniform to all of Defendant's Monthly Contracts throughout
24   the United States.

25       21.   Defendant requires each new monthly member to pre-pay the first and
26   "Last Month's Dues" at the time of enrollment.  A consumer terminating a Monthly
27   Membership owes no further fees upon cancellation because the "Last Month's
28   Dues" are always paid upon enrollment.

942940.1

22.   Defendant requires that monthly dues be paid by Electronic Fund Transfers ("EFTs").   In all cases, in all clubs nationwide, Defendant refuses to accept payments by cash or check for the monthly dues, although such methods of payment are permitted for the initial fees at the time of enrollment and for the pre-paid long-term memberships (which are not at issue in this action).

23.   Defendant requires that monthly dues be paid by EFT because the process gives Defendant the ability to take money from consumers' accounts, without the consumers' active participation in effectuating the payments.   This mechanism is central to Defendant's illegal scheme to maximize profits by taking additional EFTs after the member has cancelled the Monthly Membership and the member's EFT authorization has been terminated.   If Defendant permitted monthly dues to be paid by cash or check, Defendant would have no vehicle by which it could force further payments after a member cancelled the monthly membership.

24.   Upon or after cancellation of the Monthly Membership, each Plaintiff and class member was wrongly charged by EFT for additional dues, and then the member's pre-paid last month dues were applied to the 30 day period following the month for which the additional EFT tap was applied after cancellation.   Each Plaintiff and class member was thus wrongly charged for additional membership dues after the member cancelled the Monthly Membership.

25.   Defendant's practice of charging fees for membership after the member cancels the Monthly Membership is the same for all club members regardless of location, varying only as to the amount of additional dues the members were charged.

26.   In the case of each named Plaintiff and each absent class member in the United States, Defendant acknowledged in its records the member's cancellation of the Monthly Membership, no matter by which means the member cancelled, and subsequently made at least one unauthorized post-cancellation Electronic Funds Transfer (EFT) "tap" against that member's bank account or credit card account.

942940.1

6

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

27.    California Plaintiff Daniel Friedman joined 24 Hour Fitness as a "monthly" member on July 25, 2005 at Club number 70 in Sherman Oaks, California.  A true and correct copy of Mr. Friedman's contract is attached hereto as Exhibit "A" and incorporated herein by reference.  The 24 Hour Fitness employee who sold Mr. Friedman the "monthly" membership was Ricker Larson, Employee I.D. # 8639A.  On July 25, 2005, Mr. Friedman pre-paid his last month dues in the amount of $36.99.  Mr. Friedman relied upon the statements in the contract that it was a monthly agreement and set forth the terms that governed his relationship with Defendant, such that upon cancellation of his membership, which he was permitted to do at any time, Defendant's authority to effectuate EFTs from his debit account would cease and Defendant would apply the prepaid last month dues to the last month, such that he would not be charged for any further dues.

28.    Defendant provided to Mr. Friedman a phone number to call to cancel his membership.  At all times relevant, the phone number provided to Mr. Friedman is the same phone number Defendant provides to each member who seeks to cancel membership, as members are not permitted to give notice of cancellation at a club location.   Mr. Friedman cancelled his membership on August 1, 2006.   The membership records maintained by Defendant acknowledge and record in writing that Mr. Friedman cancelled his membership on August 1, 2006.  Yet, Defendant subsequently made an unauthorized EFT "tap" against Mr. Friedman's bank account on August 25, 2006 in the amount of $26.99, which covered additional unauthorized membership for thirty days ending September 24, 2006, and which funds were transferred from the financial institution to Defendant.   Defendant secured the unauthorized funds by misrepresenting to PAYMENTECH MERCHANT SERVICES, INC. ("Paymentech")  that it had authority to obtain the funds, instructing Paymentech by telephone or other electronic data wire transmission to tap Mr. Friedman's account on or about August 25, 2006, which instructions Paymentech followed, collected the funds from the bank holding Mr. Friedman's

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

bank account and transferred the funds to Defendant. Defendant then applied the pre-paid Last Month Dues to the 30 days following September 25, 2006, such that Mr. Friedman was charged for membership through October 24, 2006. Mr. Friedman was thus charged for membership for 84 days after he cancelled.

29.    California Plaintiff Willman Alfaro joined 24 Hour Fitness as a "monthly" member on June 16, 2004 at Club #169, located in Santa Clarita, California. A true and correct copy of Mr. Alfaro's contract is attached hereto as Exhibit "B" and incorporated herein by reference. On June 16, 2004, Mr. Alfaro pre-paid his last month dues in the amount of $39.99, exclusive of amounts paid for other family members. Mr. Alfaro relied upon the statements in the contract that it was a monthly agreement and set forth the terms that governed his relationship with Defendant, such that upon cancellation of his membership, which he was permitted to do at any time, Defendant's authority to effectuate EFTs from his credit card account would cease and Defendant would apply the prepaid last month dues to the last month, such that he would not be charged for any further dues.

30.    Mr. Alfaro cancelled his membership on July 20, 2005. The membership records maintained by Defendant acknowledge and record in writing that Mr. Alfaro cancelled his membership on July 20, 2005. Yet, Defendant made an unauthorized EFT "tap" against Mr. Alfaro's credit card account on July 20, 2005 in the amount of $39.99, which covered additional unauthorized membership for thirty days, ending on or about August 20, 2005, and which funds were transferred from the financial institution to Defendant. Defendant secured the unauthorized funds by misrepresenting to its payment processor that it had authority to obtain the funds, instructing the payment processor by telephone or other electronic data wire transmission to tap Mr. Alfaro's account on or about July 20, 2005, which instructions the payment processor followed, collected the funds from the credit company charged against Mr. Alfaro's account, and transferred the funds to Defendant. Defendant then applied the pre-paid Last Month Dues to the 30 days

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  following August 20, 2005, such that Mr. Alfaro was charged for membership

2  through September 19, 2005. Mr. Alfaro was thus charged for membership for 60

3  days after he cancelled.

4      31.   California Plaintiff Thomas Hernan, Jr. joined 24 Hour Fitness as a

5  monthly member on December 20, 2006 at Club number 550 in Livermore,

6  California. A true and correct copy of Mr. Hernan's contract is attached hereto as

7  Exhibit "C" and incorporated herein by reference. The name of the 24 Hour Fitness

8  employee who sold Mr. Hernan the "monthly" membership is illegible on the

9  contract, but his Employee I.D. # is 58420. On December 20, 2006, Mr. Hernan

10  prepaid his last month dues in the amount of $32.99. Mr. Hernan relied upon the

11  statements in the contract that it was a monthly payment agreement and set forth the

12  terms that governed his relationship with Defendant, such that upon cancellation of

13  his membership, Defendant's authority to effectuate EFTs from his credit card

14  account would cease and Defendant would apply the prepaid last month dues to the

15  last month, such that he would not be charged for any further dues after notifying

16  Defendant of cancellation.

17      32.   Mr. Hernan cancelled his membership on June 11, 2007. The

18  membership records maintained by Defendant acknowledge and record in writing

19  that Mr. Hernan cancelled his membership on June 11, 2007. Yet, Defendant

20  subsequently made an unauthorized EFT "tap" against Mr. Hernan's VISA account

21  on June 20, 2007 in the amount of $23.09, which covered additional unauthorized

22  membership through July 11, 2007, and which funds were transferred from the

23  financial institution to Defendant. Defendant secured the unauthorized funds by

24  misrepresenting to Paymentech that it had authority to obtain the funds, instructing

25  Paymentech by telephone or other electronic data wire transmission to tap Mr.

26  Hernan's credit card account on or about June 20, 2007, which instructions

27  Paymentech followed, collected the funds from the credit company proving Mr.

28  Hernan with the applicable credit account and transferred the funds to Defendant.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Defendant then applied the pre-paid Last Month Dues to the 30 days following July
2  11, 2006, such that Mr. Hernan was charged for membership through August 10,
3  2006. Mr. Hernan was thus charged for membership for 60 days after he cancelled.

4      33.  Washington Plaintiff Luis Riojas joined 24 Hour Fitness as a "monthly"
5  member on March 16, 2006 at Club number 418 in Lynnwood, Washington. A true
6  and correct copy of Mr. Riojas' contract is attached hereto as Exhibit "D" and
7  incorporated herein by reference. The name of the 24 Hour Fitness employee who
8  sold Mr. Riojas the "monthly" membership was Gregory Hanson, Employee I.D. #
9  8077C. On March 16, 2006, Mr. Riojas prepaid his last month dues in the amount
10  of $21.77, including tax. Mr. Riojas understood that the contract was a monthly
11  agreement and relied upon the contract to set forth the terms that governed his
12  relationship with Defendant, such that upon canceling, which he was permitted to do
13  at any time, Defendant's authority to effectuate EFTs from his debit account would
14  cease and Defendant would apply the prepaid last month dues to that 30 day "last
15  month" notice period, such that he would not be charged for any further dues.

16      34.  Defendant provided to Mr. Riojas a phone number to call to cancel his
17  membership. At all times relevant, the phone number provided to Mr. Riojas is the
18  same phone number Defendant provides to each member who seeks to cancel
19  membership, as members are not permitted to give notice of cancellation at a club
20  location. Mr. Riojas cancelled his membership on April 13, 2007. The membership
21  records maintained by Defendant acknowledge and record in writing that Mr. Riojas
22  cancelled his membership on April 13, 2007. Yet, Defendant subsequently made an
23  unauthorized EFT "tap" against Mr. Riojas' bank account on or about April 20, 2007
24  in the amount of $21.77, which covered additional unauthorized membership
25  through May 20, 2007, and which funds were transferred from the financial
26  institution to Defendant. Defendant secured the unauthorized funds by
27  misrepresenting to its payment processor that it had authority to obtain the funds,
28  instructing the payment processor by telephone or other electronic data wire

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

10

1  transmission to tap Mr. Riojas' account on or about April 20, 2007, which
2  instructions the payment processor followed, collected the funds from the bank
3  holding Mr. Riojas' bank account and transferred the funds to Defendant.
4  Defendant then applied the pre-paid Last Month Dues to the 30 days following May
5  20, 2007, such that Mr. Riojas was charged for membership through June 20, 2007.
6  Mr. Riojas was thus charged for membership for 67 days after he cancelled.

7       35.    Missouri Plaintiff Kimberly Zander joined 24 Hour Fitness as a
8  "monthly" member on October 13, 2005 at Club number 359 in Saint Charles,
9  Missouri.  A true and correct copy of Ms. Zander's contract is attached hereto as
10 Exhibit "E" and incorporated herein by reference.  On October 13, 2005, Ms. Zander
11 prepaid her last month dues in the total amount of $39.98 ($19.99 + 19.99) plus tax ,
12 along with a later first and so called "last months" dues when she signed up for an
13 account upgrade of $34.00 ($17.00 + 17.00) plus tax on February 2, 2006.  Ms.
14 Zander understood that the contract was a monthly agreement and relied upon the
15 contract to set forth the terms that governed her monthly relationship with
16 Defendant, such that upon canceling, which she was permitted to do at any time,
17 Defendant's authority to effectuate EFTs from her credit card account would cease
18 and Defendant would apply the prepaid last month dues to the last month, such that
19 she would not be charged for any further dues.

20      36.    Ms. Zander cancelled her membership on April 14, 2007.    The
21 membership records maintained by Defendant acknowledge and record in writing
22 that Ms. Zander cancelled her membership on April 14, 2007.    Yet, Defendant
23 subsequently made two unauthorized EFT "taps" against Ms. Zander's credit card on
24 April 15, 2007 in the amounts of $21.67 and $18.43, for additional unauthorized
25 membership through May 15, 2007, and which funds were transferred from the
26 financial institution to Defendant.  Defendant secured the unauthorized funds by
27 misrepresenting to its payment processor that it had authority to obtain the funds,
28 instructing the payment processor by telephone or other electronic data wire

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  transmission to tap Ms. Zander's credit card account on or about April 15, 2007,

2  which instructions the payment processor followed, collected the funds from the

3  credit company providing Ms. Zander's credit account and transferred the funds to

4  Defendant.  Defendant then applied the pre-paid Last Month Dues to the 30 days

5  following May 15, 2007, such that Ms. Zander was charged for membership through

6  June 15, 2007.  Ms. Zander was thus charged for membership for 61 days after she

7  cancelled.

8      37.    Utah Plaintiff Stephanie Dougherty joined 24 Hour Fitness as a

9  "monthly" member on February 13, 2003 at Club number 143 in San Juan

10 Capistrano, California.  A true and correct copy of Ms. Dougherty's contract is

11 attached hereto as Exhibit "F" and incorporated herein by reference.  The 24 Hour

12 Fitness employee who sold Ms. Dougherty the "monthly" membership was Amber

13 Aufdenberg, Employee I.D. # 154.  On February 13, 2003, Ms. Dougherty prepaid

14 her last month dues in the amount of $59.99.  Ms. Dougherty understood that the

15 contract was a monthly agreement and relied upon the contract to set forth the terms

16 that governed her monthly relationship with Defendant, such that upon canceling,

17 which she was permitted to do at any time, Defendant's authority to effectuate EFTs

18 from her account would cease and Defendant would apply the prepaid last month

19 dues to the last month, such that she would not be charged for any further dues.

20     38.    In February 2004, Ms. Dougherty moved to Utah and began working

21 out at 24 Hour Fitness in Utah.  In or before February 2004, her month to month

22 dues were reduced to $29.50, the amount of which was then debited from her

23 account by EFT on a monthly basis. Ms. Dougherty cancelled her membership on

24 May 8, 2007.  The membership records maintained by Defendant acknowledge and

25 record in writing that Ms. Dougherty cancelled her membership on May 8, 2007.

26 Yet, Defendant subsequently made an unauthorized EFT "tap" against Ms.

27 Dougherty's account on or about May 15, 2007 in the amount of $29.50, which

28 covered additional unauthorized membership through June 15, 2007, and which

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 funds were transferred from the financial institution to Defendant.  Defendant

2 secured the unauthorized funds by misrepresenting to its payment processor that it

3 had authority to obtain the funds, instructing the payment processor by telephone or

4 other electronic data wire transmission to tap Ms. Dougherty's account on or about

5 May 15, 2005, which instructions the payment processor followed, collected the

6 funds from Ms. Dougherty's account and transferred the funds to Defendant.

7 Defendant then applied the pre-paid Last Month Dues to the 30 days following June

8 15, 2007, such that Ms. Dougherty was charged for membership through July 15,

9 2007.  Ms. Dougherty was thus charged for membership for 67 days after she

10 cancelled.

11   39.   Texas Plaintiff Craig Jones joined 24 Hour Fitness as a "monthly"

12 member on January 15, 2005 at Club number 349 in Humble, Texas.  A true and

13 correct copy of Mr. Jones' contract is attached hereto as Exhibit "G" and

14 incorporated herein by reference.  The 24 Hour Fitness employee who sold Mr.

15 Jones the "monthly" membership was John Taylor, Employee I.D. # 9029A.  On

16 January 15, 2005, Mr. Jones prepaid his last month dues in the amount of $36.99.

17 Mr. Jones understood that the contract was a monthly agreement and relied upon the

18 contract to set forth the terms that governed his monthly relationship with

19 Defendant, such that upon canceling, which he was permitted to do at any time,

20 Defendant's authority to effectuate EFTs from his credit card account would cease

21 and Defendant would apply the prepaid last month dues to that 30 day "last month"

22 notice period, such that he would not be charged for any further dues.

23   40.   Mr. Jones cancelled his membership on July 13, 2005, when Mr. Jones

24 mailed to Defendant a notice of cancellation.  The membership records maintained

25 by Defendant acknowledge and record in writing that Mr. Jones cancelled his

26 membership on July 13, 2005.  Yet, Defendant subsequently made an unauthorized

27 EFT "tap" against Mr. Jones' credit card on July 15, 2005 in the amount of $40.04,

28 which covered additional unauthorized membership through August 15, 2005, and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

13

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  which funds were transferred from the financial institution to Defendant. Defendant

2  secured the unauthorized funds by misrepresenting to Paymentech that it had

3  authority to obtain the funds, instructing Paymentech by telephone or other

4  electronic data wire transmission to tap Mr. Jones' credit card account on or about

5  July 15, 2005, which instructions Paymentech followed, collected the funds from the

6  credit company providing Mr. Jones' credit account and transferred the funds to

7  Defendant. Defendant then applied the pre-paid Last Month Dues to the 30 days

8  following August 15, 2005, such that Mr. Jones was charged for membership

9  through September 14, 2005. Mr. Jones was thus charged for membership for 62

10  days after he cancelled.

11      41.    Nevada Plaintiff Molly Kramer joined 24 Hour Fitness as a "monthly"

12  member on April 27, 2007 at Club number 194 in Las Vegas, Nevada. A true and

13  correct copy of Ms. Kramer's contract is attached hereto as Exhibit "H" and

14  incorporated herein by reference. The name of the 24 Hour Fitness employee who

15  sold Ms. Kramer the "monthly" membership is illegible on the contract, but that

16  person's Employee I.D. # is 96119. On April 27, 2007 Ms. Kramer prepaid her last

17  month dues in the amount of $36.99. Ms. Kramer understood that the contract was a

18  monthly agreement and relied upon the contract to set forth the terms that governed

19  her monthly relationship with Defendant, such that upon canceling, which she was

20  permitted to do at any time, Defendant's authority to effectuate EFTs from her credit

21  card account would cease and Defendant would apply the prepaid last month dues to

22  that 30 day "last month" notice period, such that she would not be charged for any

23  further dues.

24      42.    Defendant provided to Ms. Kramer a phone number to call to cancel

25  her membership. At all times relevant, the phone number provided to Ms. Kramer is

26  the same phone number Defendant provides to each member who seeks to cancel

27  membership, as members are not permitted to give notice of cancellation at a club

28  location. Ms. Kramer cancelled her membership on June 8, 2007. The membership

942940.1

records maintained by Defendant acknowledge and record in writing that Ms. Kramer cancelled her membership on June 8, 2007. Yet, Defendant subsequently made an unauthorized EFT "tap" against Ms. Kramer's American Express account on June 25, 2007 in the amount of $36.99, which covered additional unauthorized membership through July 25, 2007, and which funds were transferred from the financial institution to Defendant. Defendant secured the unauthorized funds by misrepresenting to Paymentech that it had authority to obtain the funds, instructing Paymentech by telephone or other electronic data wire transmission to tap Ms. Kramer's credit card account on or about June 25, 2007, which instructions Paymentech followed, collected the funds from the credit company providing Ms. Kramer's credit account and transferred the funds to Defendant. Defendant then applied the pre-paid Last Month Dues to the 30 days following July 25, 2007, such that Ms. Kramer was charged for membership through August 24, 2007. Ms. Kramer was thus charged for membership for 77 days after she cancelled.

43. Colorado Plaintiff Debra McKenna joined 24 Hour Fitness as a "monthly" member on July 26, 2007 at Club number 00346 in Colorado Springs, Colorado. Ms. McKenna does not currently have a copy of her executed contract, but attaches hereto as Exhibit "I" a copy of the form contract which Plaintiffs are informed and believe 24 Hour Fitness used in Colorado in July 2007. She was sold the "monthly" membership by Employee I.D. # 3505F. On July 26, 2007, Ms. McKenna prepaid her last month dues in the amount of $29.99. Ms. Kramer understood that the contract was a monthly agreement and relied upon the contract to set forth the terms that governed her monthly relationship with Defendant, such that upon canceling, which she was permitted to do at any time, Defendant's authority to effectuate EFTs from her debit card account would cease and Defendant would apply the prepaid last month dues to that 30 day "last month" notice period, such that she would not be charged for any further dues.

44. Defendant provided to Ms. McKenna a phone number to call to cancel

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

her membership. At all times relevant, the phone number provided to Ms. McKenna is the same phone number Defendant provides to each member who seeks to cancel membership, as members are not permitted to give notice of cancellation at a club location. Ms. McKenna cancelled her membership on November 8, 2007. Ms. McKenna is informed and believes that the membership records maintained by Defendant acknowledge and record in writing that Ms. McKenna cancelled her membership on November 8, 2007. Defendant subsequently made an unauthorized EFT "tap" against Ms. McKenna's Park State Bank & Trust bank account on or about November 25, 2007 in the amount of $29.99, which covered additional unauthorized membership through December 25, 2007, and which funds were transferred from the financial institution to Defendant. Defendant secured the unauthorized funds by misrepresenting to its payment processor that it had authority to obtain the funds, instructing the payment processor by telephone or other electronic data wire transmission to tap Ms. McKenna's bank account on or about November 25, 2007, which instructions the payment processor followed, collected the funds from the bank holding Ms. McKenna's bank account and transferred the funds to Defendant. Defendant then applied the pre-paid Last Month Dues to the 30 days following December 25, 2007, such that Ms. McKenna was charged for membership through on or about January 25, 2008. Ms. McKenna was thus charged for membership for approximately 77 days after she cancelled.

45. At all times relevant, Defendant has not secured valid authorization, in writing or otherwise, to collect by EFT from a "monthly" member's credit card account or to withdraw funds from the member's debit card account after that member had cancelled his or her monthly membership. The EFT authorization in the Monthly Contracts provides that authorization continues only until the membership is "terminated or cancelled in writing" or "terminated or cancelled, whichever occurs first." Further, each month of membership, the member is charged dues on the member's tap date in advance of the month which covered by

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  that tap.  As the member has already prepaid "last month dues," and has already paid

2  by EFT dues for the month in which the cancellation takes place, no further dues are

3  owed to 24 Hour Fitness on the "monthly" membership.

4      46.    Each post-cancellation, unauthorized credit card or debit card "tap"

5  described in this complaint is effectuated by Defendant using telephone and other

6  data transmission wires.

7      47.    At all times relevant hereto, Defendant effectuated and facilitated the

8  unauthorized post-cancellation EFT "taps" by contracting with outside payment card

9  and electronic check processing companies Paymentech and LaSalle.  From 1999 to

10 the present, Paymentech has processed Defendant's EFT credit, debit, and charge

11 card "taps," and LaSalle has processed Defendant's EFT Automated Clearing House

12 electronic check taps, upon the instructions of Defendant 24 Hour Fitness.  Without

13 the processing of EFTs by Paymentech, LaSalle or a similar clearing house, 24 Hour

14 Fitness would be unable to effectuate the illegal scheme of overcharging its

15 "monthly" members who have cancelled their memberships by means of

16 unauthorized electronic fund transfers.  A true and correct copy of the payment

17 processing contract entered into between defendant and Paymentech is attached

18 hereto as Exhibit "J."  A true and correct copy of the payment processing contract

19 entered into between Defendant and LaSalle is attached hereto as Exhibit "K."

20     48.    No class member has received full refunds for the unauthorized post-

21 cancellation EFT charges billed to their credit or debit card accounts.  Thus, no class

22 member has been placed in the position he or she was in before Defendant, without

23 valid authorization, assessed post-cancellation charges against their credit or debit

24 cards.

25     49.    Defendant's act in instructing Paymentech, LaSalle, or any other

26 payment processor acting on Defendant's behalf including any successors to

27 Paymentech or LaSalle, to collect dues by EFT from each monthly member's credit

28 or debit accounts upon or after cancellation by the monthly member, and the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  payment processors' reliance upon those instructions as valid authorization to

2  collect the sums from the member's account and transfer the amounts to the

3  account(s) of Defendant was the proximate cause of each Plaintiffs' and putative

4  class member's injury, as this was a substantial factor in the sequence of causation

5  responsible for the injury.  The payment processors would not have tapped the

6  cancelled members' accounts but for the instructions from Defendant to do so, and

7  thus the tap instructions from defendant proximately caused the injuries at issue.

8      50.   24 Hour Fitness admits that the 24 Hour Fitness chain loses 2% to 3%

9  of its members each month, and according to former 24 Hour Fitness CEO Mark

10 Mastrov, "one-third of its membership base each year."  Defendant has further

11 admitted that, nationwide, between 40,000 and 50,000 of its monthly members

12 cancel each month.

13     51.   Defendant's post-cancellation EFT overcharge scheme, as described

14 above, conservatively yields an additional $16 million to $20 million in revenue for

15 Defendant each year.

16     52.   Plaintiffs and all absent class members were charged more in

17 membership fees than they owed.  Plaintiffs and all absent class members each

18 suffered economic injury as a result of Defendant's conduct.

19     53.   Defendant is guilty of oppression, fraud and/or malice in doing the acts

20 alleged herein.

21

22           **CLASS DEFINITIONS AND ALLEGATIONS**

23

24     54.   Plaintiffs bring this action both on behalf of themselves, and as a class

25 action on behalf of the following class (the "Federal Class"):

26          All  Persons  from  whose  bank  account  or

27          credit/debit/charge card an EFT was made by LaSalle

28          Bank  National  Association  or  Paymentech  Merchant

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

18

Services, Inc., or any other payment processor, on behalf of 24 Hour for Dues Charges[1] submitted by 24 Hour to a payment processor on or after 24 Hour placed into its membership database file a **Request for Cancellation or Termination** of the **Settlement Class Member's** or **Club Membership Holder's** monthly membership since October 2, 2002. Excluded from this Federal Class are (1) Persons who did not pre-pay last month dues and/or regarding whom 24 Hour's membership database file reflects a full refund or return of the charges at issue; (2) Persons who were and remain members of the certified settlement class in the matter of Weir v. 24 Hour Fitness USA, Inc., San Francisco Superior Ct. Case Number CGC- 05-438478; (3) 24 Hour, its subsidiaries and affiliates, officers, directors, and employees; and (4) any judge to whom this matter is assigned, his or her court staff, and his or her immediate family.

55.    In addition to the foregoing, with respect to those claims brought under California State law, Plaintiffs bring this action on behalf of the following class ("State Law Class"):

---

[1] Dues Charges do not include pre-paid last months' dues, dues charges paid by EFT before 24 Hour placed into a membership database file a request for cancellation or termination of a Monthly Membership Agreement, or dues charges paid by EFT after entry of a Request for Cancellation or Termination but that were charged by 24 Hour in order to reinstate the previously cancelled Monthly Membership Agreement or to pay Dues Charges on a new Membership Contract.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

All residents of California, Colorado, Nevada, Texas, Utah, Missouri and Washington who signed a 24 Hour Fitness monthly membership contract during the time period of October 2, 2002 to the present in California, Colorado, Nevada, Texas, Utah, Missouri or Washington, and who were required to pay dues upon or after notification of cancellation, whether by prepaid last month dues and/or Electronic Funds Transfer.  Excluded from this State Law Class are (1) Persons who did not pre-pay last month dues and/or regarding whom 24 Hour's membership database file reflects a full refund or return of the charges at issue; (2) Persons who were and remain members of the certified settlement class in the matter of Weir v. 24 Hour Fitness USA, Inc., San Francisco Superior Ct. Case Number CGC- 05-438478; (3) 24 Hour, its subsidiaries and affiliates, officers, directors, and employees; and (4) any judge to whom this matter is assigned, his or her court staff, and his or her immediate family.

56.   Said definitions may be further defined by additional pleadings, evidentiary hearings, a class certification hearing, and order of this Court.  Said Classes may be further sub-classed if necessary.

57.   On January 1, 2006, in response to the <u>Weir</u> class action, 24 Hour Fitness changed language in its Monthly Contract for use in California only.  These changes did not clarify the contractual terms, but rather exacerbated the subterfuge.  For manageability purposes, if the Court deems necessary, Plaintiffs propose that the State Law Class may be sub-classed to address this change in the post-<u>Weir</u> contract used in California.

58.    This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## FEDERAL CLASS ALLEGATIONS

59.    **Numerosity of the class – Fed. R. Civ. P. 23(a)(1).**  Although Plaintiffs do not know the exact number of the members of the Federal Class, since such information is within the exclusive control of Defendant, Plaintiffs believe that due to the nature of the commerce involved, the number of members of the Federal Class are each sufficiently numerous, most likely hundreds of thousands of members, that it is impracticable to bring all members of the classes before the Court.  The names and addresses of class members can be obtained from 24 Hour Fitness' records.  Federal Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary by the Court.

60.    **Existence and predominance of common questions of fact and law – Fed. R. Civ. P. 23(a)(2), 23(b)(3).**  Numerous questions of law and fact are common to the Federal Class, which predominate over any individual issues. Questions of law and fact which are common to the Federal Class include, without limitation:

(a)    Whether Defendant's post-cancellation EFT charges to members' credit and debit accounts without the members' authorization constitutes wire fraud within the meaning of 18 U.S.C. § 1343;

(b)    Whether Defendant's post-cancellation EFT charges to members' credit and debit accounts without the members' authorization constitutes bank fraud within the meaning of 18 U.S.C. § 1344(2);

(c)    Whether Defendant's practice of tapping post-

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

cancellation EFT charges every month, for approximately 50,000 cancelled members per month without the members' authorization, constitutes a pattern of racketeering activity;

(d)      Whether Defendant is part of an "enterprise" as defined in 18 U.S.C. §1961(5);

(e)      Whether Defendant's collection of post-cancellation EFT charges constitute the conduct of an enterprise's affairs through a pattern of racketeering activity or the collection of unlawful debt;

(f)      Whether Defendant is a corporate "person" within the meaning of 18 U.S.C. §1961(4);

(g)      Whether the monthly member's Electronic Funds Transfer authorization terminates when the member cancels membership;

(h)      Whether Defendant has engaged in an ongoing, open-ended scheme, artifice and pattern of racketeering;

(i)      Whether an association-in-fact enterprise exists between Defendant, Paymentech and LaSalle;

(j)      Whether all three associated-in-fact entities forming the enterprise conduct lawful business activity unrelated to the illegal wire fraud that constitutes the pattern of racketeering;

(k)      Whether from 1999 to the present, Paymentech has facilitated the credit, debit, and charge card transactions (EFTs) between Defendant and monthly members;

(l)      Whether Paymentech processes post-cancellation EFT taps of customers' credit, debit, and charge cards upon the instructions of Defendant notwithstanding the cancellation of the monthly membership by the member;

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

942940.1

(m)   Whether Defendant would be able to effectuate the consumer fraud of overcharging its monthly members who have cancelled their monthly membership by means of electronic fund transfers without the processing of EFTs by Paymentech or a similar clearing house;

(n)   Whether, pursuant to the terms of Paymentech's Credit Card Processing Services Agreement with Defendant, 24 Hour Fitness is required to maintain a fair policy with regard to the exchange, return/cancellation and adjustment of Electronic Fund Transfers, and whether Defendant is required to disclose the policy to the monthly members;

(o)   Whether from 1999 to the present, LaSalle has facilitated the electronic check transactions (EFTs) between Defendant and monthly members;

(p)   Whether LaSalle processes post-cancellation electronic check EFT taps upon the instructions of Defendant notwithstanding the cancellation of the monthly membership by the member;

(q)   Whether Defendant would be able to effectuate the mail fraud and bank fraud in overcharging its monthly members who have cancelled their monthly membership by means of electronic fund transfers without the processing of EFTs by LaSalle or a similar clearing house;

(r)   Whether, pursuant to the terms of LaSalle's Processing Services Agreement with Defendant, 24 Hour Fitness is required to maintain a fair policy with regard to the exchange, return/cancellation and adjustment of Electronic Fund Transfers, and whether Defendant is required to disclose the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

23

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

policy to the monthly members;

(s)     Whether Paymentech and LaSalle relied upon Defendant's instructions to tap member's accounts as being valid representations that Defendant had legal authorization to collect the overcharges at issue;

(t)     Whether Plaintiffs and the Class would have suffered the economic injury at issue (the EFT charge after cancellation) but for the reliance by Paymentech and LaSalle on Defendant's EFT instructions as being valid representations that Defendant had legal authorization to collect the overcharges at issue;

(u)     Whether the EFT taps effected as a result of Paymentech's and LaSalle's reliance upon the validity of the EFT instructions were the proximate cause of the economic injury suffered by Plaintiffs and the Class;

(v)     Whether Defendant further facilitated an illegal racketeering scheme via (1) 24 Hour Fitness' exclusive computer network by wire from its locations nationwide back to its Headquarters in California via its proprietary Global Membership System (GMS); (2) wire transfer by Defendant of instructions to Paymentech and LaSalle as to who should be tapped for EFT payment each month, on which date and in which amount, both pre- and post-cancellation;   (3) Paymentech and LaSalle then communicating by wire to the customers' banks as to the post-cancellation EFT taps using Automated Clearing House (ACH) debits issued to those customers' bank and credit card accounts; (4) those banks then wiring the money back to Paymentech and LaSalle, which

24

then take their percentage of the transaction and wire the remainder of the money back to 24 Hour Fitness account;

(w)   Whether as part of the racketeering scheme described herein, Defendant 24 Hour Fitness USA Inc. has used the racketeering enterprises to expand its operations nationally, opening new clubs and soliciting new members, with the effect of increasing the book value of the Defendant corporation for future sale;

(x)   Whether Defendant failed to obtain authorization in writing of the EFT assessed by Defendant after cancellation;

(y)   Whether Defendant failed to provide reasonable advance notice of the amount to be transferred by EFT when the amounts varied and the scheduled date of the transfer for post-cancellation EFT assessments;

(z)   The nature and extent of damages and other remedies to which the conduct of Defendant entitles the members of the Federal Class, and/or which should be assessed against Defendants.

61.   **Typicality – Fed. R. Civ. P. 23(a)(3).**   The claims of Plaintiffs are typical of the claims of the members of the Federal Class.  Plaintiffs and each of the Federal Class Members were charged and paid fees by EFT to Defendant for memberships after they cancelled Monthly Membership and terminated EFT authorization, which were in excess of the fees owed to Defendant.  Defendant's deceptive and misleading practices and procedures, as outlined above, were employed as to each of the Plaintiffs and members of the Federal Class.

62.   Defendant engaged in a common course of conduct involving similar or identical plans, intent, design, statutory violations, and schemes.  Individual questions, if any, pale by comparison to the numerous questions that dominate this

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  litigation.  The injuries sustained by the members of the Federal Class arise from a

2  common nucleus of operative facts involving the Defendant's misconduct.

3      63.    **Adequacy – Fed. R. Civ. P. 23(a)(4).**   Plaintiffs will fairly and

4  adequately represent the interests of the members of the Federal Class in that

5  Plaintiffs are typical purchasers of membership at 24 Hour Fitness Health Clubs.

6  Plaintiffs' interests do not conflict with the interests of the other class members that

7  they seek to represent.   Furthermore, Plaintiffs have retained competent counsel

8  experienced in class action litigation.  Plaintiffs' counsel will fairly and adequately

9  protect the interests of the members of the Federal Class.

10     64.    **Superiority – Fed. R. Civ. P. 23(b)(3).**   This class action is superior

11  to the alternatives, if any, for the fair and efficient adjudication of this controversy.

12  The Federal Class is readily definable.   A class action will enable claims to be

13  handled in an orderly and expeditious manner.   A class action will save time and

14  expense and will ensure uniformity of decisions.

15     65.    The relief sought per individual member of the Federal Class is small

16  given the burden and expense of individual prosecution of the potentially extensive

17  litigation necessitated by the conduct of Defendant.   The economic injury suffered

18  by each Plaintiff is expected to be less than $500 each.   Furthermore, it would be

19  virtually impossible for the Federal Class members to seek redress on an individual

20  basis.   Even if the Federal Class members themselves could afford such individual

21  litigation, the court system could not.

22     66.    Individual litigation of the legal and factual issues raised by the conduct

23  of Defendant would increase delay and expense to all parties and to the court

24  system.   The class action device presents far fewer management difficulties and

25  provides the benefits of a single, uniform adjudication, economies of scale and

26  comprehensive supervision by a single court.   Given the similar nature of the

27  Federal Class members' claims, and the law applicable thereto, the Court and the

28  parties will easily be able to manage a class action.

942940.1

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

67.   Prosecution of separate actions by individual members of the Federal Class, would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant.

68.   Injunctive relief is appropriate as to the Federal Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Classes.

## STATE LAW CLASS ALLEGATIONS

69.   **Numerosity of the class – Fed. R. Civ. P. 23(a)(1).**   Although Plaintiffs do not know the exact number of the members of the State Law Class, since such information is within the exclusive control of Defendant, Plaintiffs believe that due to the nature of the commerce involved, the number of members of the State Law Class are each sufficiently numerous, most likely hundreds of thousands of members, that it is impracticable to bring all members of the classes before the Court.  The names and addresses of class members can be obtained from 24 Hour Fitness' records.   State Law Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary by the Court.

70.   **Existence and predominance of common questions of fact and law – Fed. R. Civ. P. 23(a)(2), 23(b)(3).**  Numerous questions of law and fact are common to the State Law Class, which predominate over any individual issues. Questions of law and fact which are common to the State Law Class include, without limitation:

(a)   Whether Defendant's Monthly Contracts are likely to deceive;

(b)   Whether it is deceptive, wrongful, and/or unfair for Defendant to take an EFT following the consumer's notice of cancellation and to apply the pre-paid "last month" dues to an

additional month;

(c)     Whether the pre-paid "last month" dues in fact were applied to cover the last month of the monthly membership governed by the Monthly Contract;

(d)     Whether Defendant wrongly charged excessive fees to the consumer after cancellation;

(e)     Whether Defendant employs a cancellation policy which materially differs from the cancellation clause in the Monthly Contract;

(f)     Whether Defendant has wrongly and illegally taken funds from consumers via electronic fund transfer and as to which Defendant had no right;

(g)     Whether Defendant was unjustly enriched;

(h)     Whether Defendant's Monthly Contracts contain unconscionable provisions;

(i)     Whether Defendant made misrepresentations in its Monthly Contracts that the Monthly Plans had characteristics or benefits which they did not have, with the intended result of selling members a Monthly Plan that in fact has a term which extends beyond a month and requires members to remain a member for at least two months after cancellation of the "Monthly" membership;

(j)     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the members of the State Law Class, and/or which should be assessed against Defendants.

71.     **Typicality – Fed. R. Civ. P. 23(a)(3).**   The claims of Plaintiffs are

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

typical of the claims of the members of the State Law Class. Plaintiffs and each of the State Law Class Members were charged and paid fees by EFT to Defendant for memberships after they gave notice of cancellation which were in excess of the fees owed to Defendant. Defendant's deceptive and misleading practices and procedures, as outlined above, were employed as to each of the Plaintiffs and members of the State Law Class.

72.    Defendant engaged in a common course of conduct involving similar or identical plans, intent, design, statutory violations, and schemes. Individual questions, if any, pale by comparison to the numerous questions that dominate this litigation. The injuries sustained by the members of the State Law Class arise from a common nucleus of operative facts involving the Defendant's misconduct.

73.    **Adequacy – Fed. R. Civ. P. 23(a)(4).** Plaintiffs will fairly and adequately represent the interests of the members of the State Law Class in that Plaintiffs are typical purchasers of membership at 24 Hour Fitness Health Clubs. Plaintiffs' interests do not conflict with the interests of the other class members that they seek to represent. Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation. Plaintiffs' counsel will fairly and adequately protect the interests of the members of the State Law Class.

74.    **Superiority – Fed. R. Civ. P. 23(b)(3).** This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The State Law Class is readily definable. A class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

75.    The relief sought per individual member of the State Law Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant. The economic injury suffered by each Plaintiff is expected to be less than $500 each. Furthermore, it would be virtually impossible for the class members to seek redress on an individual basis.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 Even if the State Law Class members themselves could afford such individual
2 litigation, the court system could not.

3     76.     Individual litigation of the legal and factual issues raised by the conduct
4 of Defendant would increase delay and expense to all parties and to the court
5 system. The class action device presents far fewer management difficulties and
6 provides the benefits of a single, uniform adjudication, economies of scale and
7 comprehensive supervision by a single court. Given the similar nature of the state
8 Law Class members' claims, and the law applicable thereto, the Court and the
9 parties will easily be able to manage a class action.

10     77.     Prosecution of separate actions by individual members of the State Law
11 Class, would create the risk of inconsistent or varying adjudications, establishing
12 incompatible standards of conduct for the Defendant.

13     78.     Injunctive relief is appropriate as to the classes as a whole because
14 Defendants have acted or refused to act on grounds generally applicable to the State
15 Law Class.

16

17                  **FIRST CLAIM FOR RELIEF**

18         **(For Violations of the Racketeer Influenced Corrupt**

19         **Organizations Act, 18 U.S.C. §§ 1961-1968**

20           **(Asserted on Behalf of the Federal Class)**

21

22     79.     Plaintiffs incorporate by reference all the above allegations as if fully
23 set forth herein.

24     80.     In relevant part, 18 U.S.C. § 1961(1) defines "racketeering activity" as
25 ...(B) "any act which is indictable under any of the following provisions of title 18,
26 United States Code: [including] ... section 1343 [18 USCS § 1343] (relating to wire
27 fraud), section 1344 [18 USCS § 1344] relating to financial institution fraud...."

28     81.     18 U.S.C. § 1961(3) defines "person" to "include[] any individual or

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  entity capable of holding a legal or beneficial interest in property;"

2      82.   18 U.S.C. § 1961(4) defines "enterprise" to "include[] any individual,

3  partnership, corporation, association, or other legal entity, and any union or group of

4  individuals associated in fact although not a legal entity;"

5      83.   18 U.S.C. § 1961(5) provides that a "'pattern of racketeering activity'

6  requires at least two acts of racketeering activity, one of which occurred after the

7  effective date of this chapter and the last of which occurred within ten years

8  (excluding any period of imprisonment) after the commission of a prior act of

9  racketeering activity;"

10      84.   18 U.S.C. § 1343, the federal wire fraud statute specifically identified

11  by 18 U.S.C. § 1961(1) as an indictable predicate act for purposes of racketeering,

12  provides that "[w]hoever, having devised or intending to devise any scheme or

13  artifice to defraud, or for obtaining money or property by means of false or

14  fraudulent pretenses, representations, or promises, transmits or causes to be

15  transmitted by means of wire, radio, or television communication in interstate or

16  foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose

17  of executing such scheme or artifice, shall be fined under this title or imprisoned not

18  more than 20 years, or both."

19      85.   18 U.S.C. § 1344, the federal bank fraud statute specifically identified

20  by 18 U.S.C. § 1961(1) as an indictable predicate act for purposes of racketeering,

21  states:

22      "Whoever knowingly executes, or attempts to execute, a scheme

23      or artifice --

24      1.  to defraud a financial institution, or

25      2.  to obtain any of the moneys, funds, credits, assets, securities,

26      or other property owned by, or under the custody or control of, a

27      financial institution, by means of false or fraudulent pretenses,

28      representations, or promises shall be fined not more than

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    $1,000,000 or imprisoned for not more than 30 years, or both."

2    86.    18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person

3    employed by or associated with any enterprise engaged in, or the activities of which

4    affect, interstate or foreign commerce, to conduct or participate, directly or

5    indirectly, in the conduct of such enterprise's affairs through a pattern of

6    racketeering activity or collection of unlawful debt.

7    87.    At all times relevant hereto, Defendant 24 Hour Fitness USA, Inc. was

8    a corporate "person" within the meaning of 18 U.S.C. § 1961(4), with a definable

9    corporate structure and a hierarchy of corporate direction and control.

10    88.    At all times relevant hereto, each named plaintiff in this ~~Fifth~~**Sixth**

11    Amended Complaint, and each putative member of the federal class, was and is a

12    "person" within the meaning of 18 U.S.C. § 1961(3).

13

14    **Defendant's Ongoing Pattern of Racketeering**

15    89.    Within the four years prior to the filing of this action, each and every

16    "monthly" contract made between Defendant 24 Hour Fitness and each and every

17    "monthly" member nationwide expressly provides that the member's Electronic

18    Funds Transfer authorization terminates when the membership is cancelled.

19    Because each and every "monthly" member has prepaid last month dues, no further

20    dues are owed upon cancellation of the monthly membership by the member.

21    90.    Within the four years prior to the filing of this action, Defendant 24

22    Hour Fitness USA, Inc., has knowingly, intentionally, and/or recklessly engaged in

23    an ongoing, open-ended scheme, artifice and pattern of racketeering under 18 U.S.C.

24    § 1962(c) by committing thousands of  predicate acts of wire fraud within the

25    meaning of 18 U.S.C. § 1343, and bank fraud within the meaning of 18 U.S.C. §

26    1344(2), by knowingly and intentionally effecting, without authorization, one or

27    more Electronic Fund Transfers (EFTs) from the bank accounts and credit card

28    accounts of members who have cancelled their memberships, as described in

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  paragraphs 14 through 43 of this ~~Fifth~~**Sixth** Amended Complaint.

2  91.    As described in Paragraph 45, the EFT authorization language in

3  Plaintiffs' Monthly Contracts is clear: Defendant did not have authority to tap the

4  bank and credit card accounts of Plaintiffs and Federal Class members after

5  termination and/or cancellation of their monthly membership.

6  92.    At all times relevant hereto, Defendant 24 Hour Fitness USA Inc.

7  perpetrated its pattern of wire fraud and bank fraud through its association-in-fact

8  with outside credit card processing companies Paymentech and LaSalle, together

9  forming a racketeering enterprise to effectuate the predicate acts of wire fraud and

10 bank fraud under the control and direction of Defendant 24 Hour Fitness USA Inc.

11

12                        **The RICO Enterprise**

13 93.    The association-in-fact enterprise between 24 Hour Fitness USA Inc.,

14 Paymentech and LaSalle is separate and distinct from the pattern of racketeering

15 described herein.  All three associated-in-fact entities forming the enterprise conduct

16 lawful business activity unrelated to the illegal wire fraud that constitutes the pattern

17 of racketeering alleged herein.

18 94.    Plaintiffs are informed and believe that  Paymentech and Chase

19 Merchant Services formed a joint merchant processing operation, Chase

20 Paymentech Solutions LLC. The company is jointly owned by JPMorgan Chase &

21 Co. (51%) and First Data Corp. (49%), which previously owned part of Chase

22 Merchant Services and Paymentech.  The company entity is expected to process

23 about 13.1 billion transactions annually with more than $500 billion in annual bank

24 card volume in the U.S. and Canada. It has a merchant base of more than 541,000

25 merchants, separate and apart from its associated-in-fact enterprise with Defendant.

26 Paymentech CEO Michael P. Duffy heads the venture, which has become the largest

27 financial transaction processor in North America. The company is headquartered in

28 Dallas, the site of Paymentech's headquarters, and employs Paymentech's 1,700

942940.1

1   employees.

2   95.   Founded in 1927 as National Builders Bank of Chicago, LaSalle

3   changed its name to LaSalle National Bank in 1940. ABN acquired the bank in

4   1979. In a merger of co-owned banks, the present name was adopted in 1999.  It was

5   the largest bank headquartered in Chicago with $72.2 billion in assets and $46.8

6   billion in deposits. LaSalle Bank has maintained regional offices in Atlanta, Boca

7   Raton, Boston, Cincinnati, Cleveland, Columbus, Connecticut, Dallas, Denver, Des

8   Moines, Houston, Indianapolis, Kansas City, Los Angeles, Miami, Milwaukee,

9   Minneapolis, Nashville, New Jersey, New York City, Omaha, Philadelphia,

10  Pittsburgh, San Francisco, St. Louis, Tampa, Tustin, and Washington, D.C.

11  Subsidiaries included LaSalle National Leasing Corporation, LaSalle Business

12  Credit, LLC, and LaSalle Financial Services, Inc.  On April 23, 2007, an agreement

13  was made to sell LaSalle Bank Corporation to Bank of America for $21 billion.

14  Bank of America Corp officially took over LaSalle Bank Corp on October 1, 2007.

15  The banks adopted the Bank of America name on Sunday, May 4, 2008.

16  96.   As a corporation, Defendant has a legal existence separate from its

17  participation in the racketeering.  In addition to its illegal acts of racketeering, the

18  corporation conducts the lawful business activity of providing fitness club services

19  to its members, including the provision of personal training, nutritional products and

20  other fitness related merchandise which is sold directly to consumers without the

21  involvement of the payment processors.

22  97.   The RICO enterprise described herein is controlled, managed and

23  directed by Defendant 24 Hour Fitness USA Inc. for the common purpose of making

24  enormous illicit profits for Defendant with the unwitting complicity of the other

25  members of the enterprise.

26

27

28
**The Racketeering Scheme**

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

98.   From 1999 to the present date, 24 Hour Fitness has contracted with Paymentech to facilitate payment card transactions, including credit, debit, and charge card transactions (electronic fund transfers or EFTs) between 24 Hour Fitness and its "monthly" members, all of  whom are required by their monthly contract to pay by EFT.  Paymentech processes post-cancellation EFT taps of customers' credit cards upon the instructions of 24 Hour Fitness notwithstanding the provision in each monthly contract that the member's EFT authorization terminates upon cancellation.

99.   From 1999 to the present date, LaSalle has facilitated the ACH electronic check transactions (electronic fund transfers or EFTs) between 24 Hour Fitness and its "monthly" members who are required by their 24 Hour Fitness contract to pay by credit card or EFT.  LaSalle processes post-cancellation EFT taps of customers' bank accounts upon the instructions of 24 Hour Fitness notwithstanding the provision in each 24 Hour Fitness contract that the member's EFT authorization terminates upon cancellation.

100.   Without the processing of EFTs by Paymentech and LaSalle, or by a similar clearing house, 24 Hour Fitness would be unable to effectuate the consumer fraud of overcharging its "monthly" members who have cancelled their membership by virtue of electronic fund transfers.

101.   24 Hour Fitness effectuates electronic fund transfers (EFTs) from members' payment card or checking accounts on six specific "tap dates" each month:  the first, the fifth, the tenth, the fifteenth, the twentieth and the twenty-fifth.  Immediately prior to each tap date, 24 Hour Fitness sends an electronic file to its payment processing vendor (either Paymentech for payment card transactions or LaSalle for electronic check transactions), instructing the vendor to withdraw funds from the members' bank or credit card account.  The electronic files sent by 24 Hour Fitness for each transmission change only with respect to the names of the members, the amounts to be "tapped," the member's account number and the bank

942940.1

35

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   identification number.

2       102.   The wire instructions issued by 24 Hour Fitness to Paymentech and
3   LaSalle contain, in addition to current member information, the names and account
4   information of monthly members who have cancelled their memberships, thereby
5   having already terminated the EFT authorization, and who owe no additional sums
6   to 24 Hour Fitness.

7       103.   Paymentech and LaSalle reasonably rely on the instructions issued by
8   24 Hour Fitness as being accurate representations that 24 Hour is owed this money
9   and has the authority to collect it via electronic fund transfer, when in fact 24 Hour
10  Fitness is not owed this money by members who have cancelled their memberships
11  and does not have the authority to collect it via electronic fund transfer, or at all.
12  Acting upon this reliance, the payment processing vendors (Paymentech and
13  LaSalle) collect the sums identified in the wire instructions from the credit or bank
14  accounts of the members identified in the wire instructions, and then notify 24 Hour
15  Fitness that the sums have been collected and deposited in 24 Hour Fitness' account.
16  As a result, Defendant has committed wire fraud.

17      104.   Paymentech has profited significantly from these fraudulent post-
18  cancellation transactions, as Paymentech charges 24 Hour Fitness a minimum Bank
19  Card Processing Fee of $0.025 (authorization fee) and $0.035 (deposit fee) per
20  transaction based upon 7,200,001 to 9,600,000 transactions per year.

21      105.   LaSalle Bank N.A. has profited significantly from these fraudulent
22  post-cancellation electronic fund transfers, as LaSalle charges 24 Hour Fitness a
23  minimum electronic check processing fee of $0.025 per transaction based upon
24  600,000 transactions per year.

25      106.   The scheme is facilitated by 24 Hour Fitness' (1) exclusive use of the
26  wires to transmit contracts of new members from its locations nationwide back to 24
27  Hour's headquarters via GMS; (2) wire transmission by 24 Hour Fitness of
28  instructions to Paymentech and LaSalle Bank as to who should be tapped for EFT

942940.1

1  payment each month, on which date and in which amount, both pre- and post-

2  cancellation; (3) Paymentech and LaSalle Bank then communicate by wire to the

3  customers' banks as to the post-cancellation EFT taps using Automated Clearing

4  House (ACH) debits to those customers' bank and credit card accounts; (4) those

5  banks then wire the money back to Paymentech and LaSalle Bank, which take their

6  percentage of the transaction and wire the remainder of the money back to a 24

7  Hour Fitness account.

8      107.   By thus utilizing Paymentech and LaSalle as automated clearing houses

9  to obtain from cancelled members' bank accounts funds to which it is not entitled

10  and which are under the custody and control of the various financial institutions, 24

11  Hour Fitness is guilty of bank fraud within the meaning of 18 U.S.C. § 1344(2).

12  The fraudulent scheme enacted by Defendant, in instructing the payment processors,

13  Paymentech and LaSalle, to tap Monthly Member's accounts by EFT after the

14  Monthly Member has cancelled and without authorization to do so for dues not

15  owed by the Monthly Member, constitutes bank fraud as the false tap instructions

16  given by Defendant to the payment processors cause the payment processors to

17  obtain money from Monthly Members' accounts held by financial institutions, by

18  means of false or fraudulent pretenses and representations. The financial institutions

19  release that money to be transferred to the account of Defendant in reliance upon the

20  false representation that Defendant, and the payment processors acting on its behalf,

21  are authorized to secure those funds by EFT, and thus the financial institutions are

22  defrauded as a result.

23      108.   In the past four years, the pattern of racketeering carried out by 24

24  Hour Fitness and its association-in-fact with Paymentech and LaSalle Bank of

25  making unauthorized, post-cancellation EFT taps on monthly members' bank

26  accounts and credit card accounts has yielded illicit profits to 24 Hour Fitness

27  conservatively estimated to be approximately $40,800,000. Every year that this

28  illegal activity continues, 24 Hour Fitness brings in an additional $16 million to $20

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

37

1  million in fraudulently obtained revenues.

2

3  ## The Effect of the Racketeering Enterprise on Interstate Commerce

4  109.   As part of the racketeering scheme described herein, Defendant 24

5  Hour Fitness USA Inc. has used the racketeering enterprise to expand its operations

6  nationally, opening new clubs and soliciting new members.  This expansion has the

7  effect of increasing the book value of the Defendant corporation for future sale.

8  110.   The interstate commerce requirement of a RICO claim is satisfied here

9  because the racketeering claims alleged in this Sixth Amended Complaint arise out

10  of, and are based upon, Defendant's use of interstate wire transfers in furtherance of

11  the racketeering scheme as alleged herein above.

12

13  ## Injury to Plaintiffs in their Business or Property by Reason of the Pattern of

14  ## Racketeering Activity

15  111.   Defendant misrepresented its authority to tap the bank and credit cards

16  accounts of Plaintiffs and class members, which is the direct and proximate cause

17  Plaintiffs' and class members' injury and damages—the unauthorized taking of dues

18  after notice of cancellation and/or termination of their monthly membership.

19  112.   But for Defendant's misrepresentation concerning its authorization to

20  tap the bank and credit card accounts of Plaintiffs and class members, the processors

21  (Paymentech and LaSalle) would not have processed and effected the post-

22  cancellation EFT taps, withdrawing moneys from class members' bank and credit

23  card accounts.

24  113.   Plaintiffs and class members are the only direct victims of Defendant's

25  wrongful and unlawful conduct; without authorization, moneys from their bank and

26  credit card accounts were withdrawn after they canceled their monthly membership

27  and thus terminated the EFT authorization.

28  114.   As the direct victims of Defendant's wrongful and unlawful conduct

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

38

the Federal Class plaintiffs have also been injured in an amount according to proof. Damages will be calculated with greater accuracy according to information in Defendant's records. Because the information necessary to calculate damages is contained in Defendant's records, the Court will not need to adopt complicated rules apportioning damages in order to obviate multiple recoveries. Plaintiffs will seek leave of Court to amend this Sixth Amended Complaint to set forth the exact amount thereof when the same is ascertained.

115. The pattern of racketeering activity, as described herein, is continuous, ongoing, and will continue unless Defendant is enjoined from continuing these racketeering practices. Defendant 24 Hour Fitness has consistently demonstrated its unwillingness to discontinue the illegal practices described herein, and continues its pattern of racketeering as of this moment, earning at a minimum over $1 million per month from its fraudulent post-cancellation EFT taps alone.

116. As a direct and proximate result of the racketeering activities of Defendant 24 Hour Fitness USA Inc., as described herein, Plaintiffs, on behalf of themselves and the absent Federal Class members, are entitled to recover treble damages for the injuries they have sustained, according to proof, restitution, as well as costs of suit and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c).

117. As a direct and proximate result of the racketeering activities of Defendant 24 Hour Fitness USA Inc., as described herein, Plaintiffs, on behalf of themselves and the absent Federal Class members, are entitled to an Order, pursuant to 18 U.S.C. § 1964(a), enjoining and prohibiting Defendant from further engaging in the unlawful conduct which the enterprise has engaged in.

## SECOND CLAIM FOR RELIEF

### (For Violations of the Electronic Funds Transfer Act,

### (15 U.S.C. § 1693 et seq. )

### (Asserted on Behalf of Debra McKenna and a Subclass of the Federal Class)

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

118.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.  This claim is asserted on behalf of Debra McKenna and members of the Federal Class who cancelled on or after July 21, 2007.

119.   As its common and uniform practice, Defendant makes unauthorized electronic withdrawals of unauthorized membership fees from consumer bank accounts, without providing the advance notice required by the Electronic Funds Transfer Act, 15 U.S.C., §§ 1693, et seq. ("EFTA").

120.   At all times pertinent hereto, Plaintiffs and the Federal Class Members were "consumers" as that term is defined by §1693a(5) of the EFTA.

121.   At all times pertinent hereto, Defendant was a "person" subject to liability under §1693m of the EFTA.

122.   Defendant has violated §1693e(a), in that Defendant failed to obtain authorization from the Plaintiffs and the Federal Class, in writing, of the EFT assessed by Defendant after cancellation.  As described in Paragraph 45, the EFT authorization language in Plaintiffs' Monthly Contracts is clear: Defendant did not have authority to tap the bank and credit card accounts of Plaintiffs and Federal Class members after termination and/or cancellation of their monthly membership.

123.   Defendant has violated §1693e(b), in that Defendant failed to provide reasonable advance notice to Plaintiffs and the Federal Class of the amount to be transferred when amounts varied, and the scheduled date of the transfer for post-cancellations EFT assessments.

124.   As a result of the conduct of Defendant as alleged herein, Plaintiffs and the Federal Class should be awarded actual damages in the full amount provided by law, as well as costs and reasonable attorney's fees pursuant to §1693m(a)(2)(B) and (3) of the EFTA.

## THIRD CLAIM FOR RELIEF

942940.1

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

**(For Violations of The California Consumers Legal Remedies Act Proscribed Practice §1770(a)(19)—Unconscionable Contract Provisions), (Cal. Civ. Code § 1750 et seq. )**

**(Asserted on behalf of the State Law Class)**

125.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

126.   Plaintiffs and members of the State Law Class are consumers who have purchased membership services from Defendant for personal or family purposes .

127.   This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

128.   Plaintiffs are informed and believe that 24 Hour Fitness uses form contracts which were developed, instigated, and/or disseminated by management and employees in California.

129.   Defendant's California corporate office established standard protocols and procedures for termination of the Monthly Memberships that were uniformly implemented in all clubs.  Defendant included standardized clauses in the Monthly Contract purporting to state 24 Hour's uniform termination policies applicable to all monthly members.

130.   Defendant's cancellation clause, and each version issued during the relevant time period, is an unconscionable provision in the Monthly Contract in that it is written in a manner which is impossible for a reasonable, average consumer to understand, is incomprehensible and designed to confuse and conceal that the Monthly Contracts are not, in fact, Monthly Memberships and are enforced in a manner differing from the language.  This unconscionable provision is illegal and against public policy to the extent it effectuates Defendant's scheme to wrongly take and transfer funds from member's checking accounts after the member has cancelled his/her monthly membership, which amounts are not owed to Defendant.

131.   Plaintiffs, and the members of the State Law Class, have each been damaged in that they have been subjected by Defendant to the deceptive business practices prohibited by California Civil Code § 1770(a)(19) as outlined above, and thus have had their legal rights infringed.   Further, Plaintiffs, and each of the members of the State Law Class, have suffered damage by making payment for fees to Defendant.   Plaintiffs' claims are typical of the claims of the State Law Class members, because each has had his/her legal rights infringed by Defendant's deceptive business practices as outlined above.

132.   More than thirty (30) days have passed since notice was sent to Defendant in writing by certified mail pursuant to California Civil Code § 1782 (a), in which demand was made that Defendant make an appropriate correction, repair or replacement, or other remedy with respect to the Product.   Defendant has failed to make an appropriate correction, repair or replacement, or other remedy.

133.   As a result of the conduct of Defendant as alleged herein, Plaintiffs and the State Law Class should be awarded actual damages in the amount overcharged for the health club services, restitution, attorneys fees and costs, and punitive damages pursuant to California Civil Code § 1780(a).

134.   Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts:

(a)   From conducting any further sales or marketing of membership:

(1)   in conjunction with any representation that the Monthly Contracts can be cancelled at any time, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(2)   without fully disclosing that, under the Monthly Memberships, the consumer will be liable for payment of

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

42

at least 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(3)   using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(4)   referring to, describing and/or entitling the membership plans as Monthly Membership or Monthly Payment Membership, when the minimum membership term exceeds monthly period;

(b)   From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)   From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)   From any other conduct which the Court determines warranted.

## FOURTH CLAIM FOR RELIEF

**(For Violations of The California Consumers Legal Remedies Act Proscribed Practice §1770(a)(5)—Contractual Misrepresentations),**

**(Cal. Civ. Code § 1750 et seq. )**

**(Asserted on behalf of the State Law Class)**

135.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

136.   Plaintiffs and members of the State Law Class are consumers who have purchased membership services from Defendant for personal or family purposes.

137.   This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

138.   Plaintiffs are informed and believe that 24 Hour Fitness uses form contracts which were developed, instigated, and/or disseminated by management and employees in California.

139.   Defendant had and continues to have a deceptive practice of misrepresenting in writing, and did misrepresent to the Class members, that the Monthly Contracts had characteristics or benefits which they did not have, with the intended result of selling membership in a Monthly Contract, that in fact has a term which extends beyond a month and requires the consumer to remain a member for at least two months after cancellation of the membership, and that the prepaid last month dues will be applied to the last month of the monthly membership when in fact Defendant applies the prepaid last month dues so as to extend the membership beyond the monthly membership period for a period of at least two months after cancellation.

140.   Plaintiffs, and the members of the State Law Class, have each been damaged in that they have been subjected by Defendant to the deceptive business practices prohibited by California Civil Code § 1770(a)(5) as outlined above, and thus have had their legal rights infringed.   Further, Plaintiffs, and each of the members of the State Law Class, have suffered damage by making payment for fees to Defendant.   Plaintiffs' claims are typical of the claims of the State Law Class members, because each has had his/her legal rights infringed by Defendant's deceptive business practices as outlined above.

141.   More than thirty (30) days have passed since notice was sent to Defendant in writing by certified mail pursuant to California Civil Code § 1782 (a), in which demand was made that Defendant make an appropriate correction, repair or

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

replacement, or other remedy with respect to the Product. Defendant has failed to make an appropriate correction, repair or replacement, or other remedy.

142.   As a result of the conduct of Defendant as alleged herein, Plaintiffs and the State Law Class should be awarded actual damages in the amount overcharged for the health club services, restitution, attorneys fees and costs, and punitive damages pursuant to California Civil Code § 1780(a).

143.   Plaintiffs further request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts:

(a)   From conducting any further sales or marketing of membership:

(1)   in conjunction with any representation that the Monthly Contracts can be cancelled at any time, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(2)   without fully disclosing that, under the Monthly Memberships, the consumer will be liable for payment of at least 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees after the consumer notifies Defendant of cancellation;

(3)   using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(4)   referring to, describing and/or entitling the membership plans as Monthly Membership or Monthly Payment Membership, when the minimum membership term exceeds a monthly period;

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    (b)    From taking by EFT any further membership fees after
2    a member has notified Defendant of cancellation of a Monthly
3    Contract;
4    (c)    From defining the cancellation notice period until the
5    next billing cycle after the member notifies Defendant of
6    cancellation of a Monthly Contract; and
7    (d)    From any other conduct which the Court determines
8    warranted.

9
10    ## FIFTH CLAIM FOR RELIEF

11    **(For Violations of The California Consumers Legal Remedies Act Proscribed**
12    **Practices §1770(a)(5)—Misrepresentation of Contractual Terms,**
13    **§1770(a)(13)—Making False Statements),**
14    **(Cal. Civ. Code § 1750 et seq. )**
15    **(Asserted by Plaintiffs Hernan and Friedman on Behalf of the General Public**
16    **for Injunctive Relief Only)**

17
18    144.   Plaintiffs incorporate by reference all the above allegations as if fully
19    set forth herein.
20    145.   Plaintiffs are consumers who have purchased membership services
21    from Defendant for personal or family purposes .
22    146.   This cause of action is asserted against Defendant by Plaintiffs Hernan
23    and Friedman in their individual capacity on behalf of the general public.  Plaintiffs
24    Hernan and Friedman do not seek certification of this cause of action on behalf of
25    any class.
26    147.   Plaintiffs Hernan and Friedman have each been damaged in that they
27    have been subjected by Defendant to the deceptive business practices prohibited by
28    California Civil Code § 1770(a)(5) and §1770(a)(13), and thus have had their legal

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

rights infringed.  Further, Plaintiffs Hernan and Friedman have suffered damage by making payment for fees to Defendant.

148.  Defendant has a deceptive and unfair practice of making, and did unfairly make, false statements of fact concerning reasons for, existence of, or amounts of price reductions for membership to 24 Hour Fitness health clubs, intended to result in the sale of Monthly Memberships by Defendants to consumers uninterested in the more expensive long term membership plans.  In order to pressure a potential consumer into immediately signing up for membership, Defendant engages in a pattern and practice of deceptively advising all potential consumers that the Defendant is currently offering a "special" which will expire that day or soon thereafter.  This tactic is intended to rush the consumer and is another mechanism used to deter the consumer's thorough reading of the Monthly Contract.

149.  Defendant, in fact, offers some sort of "special" every day.  Because a "special" is always offered, the fees which Defendant advises potential customers are the "regular" rates are not, in fact, regularly employed, if at all.  In truth, a consumer will always be offered some type of "special," and should never be pressured to sign up immediately.  Defendant's practice of pressuring potential consumers into signing up immediately is thus deceptive and unfair.  Hereafter, this practice will be referred to as the "special deal tactic."

150.  Defendant also advises customers that the Monthly Contract "is not a Contract."  By advising consumers that the Monthly Contract is not a contract, Defendant seeks to either persuade consumers that they are not locked into any long term payment commitment or that the terms set forth in the Monthly Contract will not be binding upon the consumer.

151.  Plaintiffs Friedman and Hernan, in addition to the claims sought on behalf of themselves and the Classes as set forth in the other causes of action herein, also separately and individually seek solely injunctive relief on behalf of the general public with respect to Defendant's Special Deal Tactic and Defendant's practice of

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

47

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  advising customers that the Monthly Contract "is not a contract."

2  152.  Friedman and Hernan, in their individual capacity, request that this

3  Court enter a permanent injunction enjoining Defendant, and its agents, servants,

4  employees and all persons acting under or in concert with it, to cease and desist

5  from: (1) advising consumers that the rate to be charged the consumer is a "special"

6  deal which will promptly (or any synonym thereof) expire, unless Defendant also

7  notifies the consumer that the "special" deal will immediately be replaced with

8  another "special" deal or that Defendant always has mandatory special deals

9  available; (2) advising consumers that the deal they are being offered is a discount

10 or special from regular, usual or normal (or any synonym thereof) rates unless those

11 rates are indeed charged to consumers for identical plans more than 50% of the time;

12 and (3) telling any customer that the Monthly Contract is "not a contract."  As a

13 result of the conduct of Defendant as alleged herein, Plaintiffs should be awarded

14 injunctive relief and attorneys fees and costs pursuant to California Civil Code §

15 1780(a).

16

17 ### SIXTH CLAIM FOR RELIEF

18 ## VIOLATION OF UNFAIR COMPETITION ACT BY UNLAWFUL

   ## CONDUCT

19

20 **(CAL. B & P CODE § 17200 et seq.)**

21 **(asserted on behalf of the State Law Class)**

22

23 153.  Plaintiffs incorporate by reference all the above allegations as if fully

24 set forth herein.

25 154.  This cause of action is asserted against Defendant on behalf of

26 Plaintiffs and the State Law Class.  With respect to paragraphs 146 (a) and (b)

27 below, this claim is asserted only on behalf of plaintiffs and members of the State

28 Law Class who cancelled on or after July 21, 2004.  With respect to paragraph 146

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

48

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  (c) below, this claim is asserted on behalf of all plaintiffs and members of the State

2  Law Class who cancelled on or after July 21, 2007.

3  155.  The actions of Defendant, as complained herein, constitute unlawful

4  practices committed in violation of the California Unfair Competition Act.  The

5  conduct of Defendant was unlawful because, among other things:

6  (a)  Defendant violated the Racketeer Influenced and Corrupt

7  Organizations Act ("RICO"), 18 U.S.C. § 1962(c);

8  (b)  Defendant violated RICO, 18 U.S.C. § 1962(d);

9  (c)  Defendant violated the Electronic Funds Transfer Act

10  ("EFTA"), 15 U.S.C. § 1693 et seq. ;

11  (d)  Defendant violated the Consumer Legal Remedies Act

12  ("CLRA"), by committing acts proscribed by California Civil

13  Code §1770(a)(5) and (19).

14  156.  Plaintiffs and Class members have each been injured in that they have

15  been subjected by Defendant to unlawful practices, prohibited by California's unfair

16  competition laws, as outlined above, and thus have had their legal rights infringed.

17  Further, Plaintiffs and each of the members of the Class have suffered economic

18  injury by having fees illegally transferred from their accounts and into Defendant's

19  account(s), which fees were not returned by Defendant.  Plaintiffs' claims are typical

20  of the claims of the State Law Class members because each has had his/her legal

21  rights infringed by Defendant's illegal business practices as outlined above.

22  157.  Plaintiffs and the State Law Class members further have suffered

23  economic injury as a result of the conduct of Defendant, because Plaintiffs and the

24  members of the State Law Class were charged fees, and by EFT did in fact pay fees

25  to Defendant, which they did not owe to Defendant.

26  158.  Plaintiffs meet the standing requirements to bring this cause of action

27  because, among other reasons, the question is one of a common or general interest,

28  is a question of many persons and/or the parties are numerous and it is impracticable

1 │ to bring them all before the Court.  Further, Plaintiffs have standing to bring this

2 │ action as Plaintiffs have suffered injury in fact and have lost money as a result of

3 │ Defendant's conduct.

4 │      159.  All of the conduct alleged herein occurs and continues to occur in

5 │ Defendant's business.  Defendant's conduct is part of a pattern or generalized course

6 │ of conduct repeated on thousands of occasions daily.  Plaintiffs further had taken

7 │ from them by Defendant money which Plaintiffs did not owe to Defendant.

8 │      160.  Plaintiffs request that this Court enter such orders or judgments as may

9 │ be necessary to restore to any person in interest any money which may have been

10 │ acquired by means of such unfair practices as provided in Bus. & Prof. Code §

11 │ 17203, and for such other relief as set forth below.

12 │      161.  Plaintiffs further request that this Court enter a permanent injunction

13 │ enjoining Defendant, and their agents, servants, employees and all persons acting

14 │ under or in concert with them, to cease and desist from the following acts:

15 │     (a)  From conducting any further sales or marketing of

16 │ membership:

17 │      (1)  in conjunction with any representation that the

18 │ Monthly Memberships can be cancelled "at any time,"

19 │ unless in fact Defendant refrains from penalizing the

20 │ members by charging membership dues for a term longer

21 │ than the month of cancellation;

22 │      (2)  without fully disclosing that, under the Monthly

23 │ Membership, the consumer will be liable for payment of

24 │ 60 days worth of membership fees after the consumer

25 │ notifies Defendant of cancellation, unless in fact

26 │ Defendant refrains from charging the consumer fees upon

27 │ notification to Defendant of cancellation;

28 │      (3)  using contractual language which fails to state the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

50

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

cancellation policy in plain and simple language, understandable by the reasonable consumer;

(b)     From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)     From postponing the cancellation notice period until the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)     From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

162.   Plaintiffs, on behalf of themselves and the State Law Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, et seq., plus interest, attorneys' fees and costs.  Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial.  This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not in the interest of justice necessarily be paid out of the recovery, if any (as the cost of litigation by itself may exceed the monetary amounts paid by way of restitution).

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION ACT BY UNFAIR CONDUCT

#### (CAL. B & P CODE § 17200 et seq.)

#### (asserted on behalf of the State Law Class)

942940.1

51

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

163.  Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

164.  This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

165.  Within the past four years, each and every "Monthly Membership" contract made between Defendant 24 Hour Fitness and each and every "monthly" member in the State Law Class expressly provides that the member's Electronic Funds Transfer authorization terminates when the membership is cancelled.

166.  Contrary to its contractual representations, Defendant does not apply the pre-paid "Last Month's Dues" to the last month upon cancellation.  Rather, after cancellation, Defendant imposes upon the member an additional EFT  charge in violation of its own EFT authorization language. Defendant then applies the pre-paid "Last Month's Dues" after and in addition to the unauthorized post-cancellation EFT, so as to unilaterally extend the monthly membership for a term of at least two months following cancellation.

167.  The membership each monthly member receives is not in fact a Monthly Membership.  Every so-called monthly member is overcharged for a period extending to or beyond two months of the Monthly Membership that he or she is supposed to be able to cancel at any time.  Because every monthly contract states that the person is buying a monthly membership, when in fact he or she is locked into more than a month-long membership, the contract is false and misleading. Each named plaintiff and each absent class member has been overcharged as a result.

168.  Under no circumstances can a monthly member cancel "at any time" without incurring what amounts to undisclosed penalties of additional monthly dues on top of the pre-paid last month's dues.  Under no circumstances can a member provide notice as indicated on the Monthly Contract and avoid being charged

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

additional months' dues.  A consumer is always charged for at least two months of membership after cancellation of the cancel "at any time" Monthly Membership. Defendant's practice of charging for at least two months of fees to members even after notice of cancellation of the Monthly Membership is the same for all club members regardless of location, varying only as to the amount of additional dues the members were charged.

169.  The actions of Defendant, as complained herein, constitute unfair practices committed in violation of the Unfair Competition Act.  The conduct of Defendant was unfair because, among other things:

(a)  Defendant represented in the Monthly Contracts that the membership being purchased was a monthly membership which could be cancelled at any time, when in fact the member must remain a member for at least two additional months following notice of the member's intent to cancel;

(b)  Defendant represented in the Monthly Contracts that it would apply the pre-paid last month dues to the last month of membership such that it would cover the 30 day cancellation notice period, when in fact Defendant applies the pre-paid last month dues to a period of time following the notice period for cancellation of membership;

(c)  Defendant crafted and utilized a Monthly Contract that contained incomprehensible and misleading terms regarding the length of the membership, the cancellation policy, and the application of the prepaid last month dues;

(d)  Defendant developed and perpetrated a scheme in that Defendant required all membership dues to be paid by electronic funds transfer, defendant then obtained member's banking information and authority to process electronic funds transfers

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

from the member's account while representing in the Monthly Contract that its authority to effectuate an electronic funds transfer would extinguish upon cancellation by the member, yet Defendant continued to make an additional electronic funds transfer following cancellation of membership by the member, notwithstanding the fact that Defendant had already collected from the member prepayment of the member's last month dues;

(e)     Defendant wrongly and forcibly took money from the consumer which was not owed after Defendant was aware that the consumer had cancelled the membership;

(f)     Defendant has wrongly and illegally taken funds from consumers via electronic fund transfer and as to which Defendant had no right to take;

(g)     Defendant employs a cancellation policy applicable to its Monthly Membership that is intended to delay cancellation by members, so as to garner more membership fees and extend the membership term to a period of at least an additional two months, such that the Monthly membership is actually a quarterly membership;

(h)     Defendant utilizes a Monthly Contract that is unconscionable;

(i)     As limited by applicable statutes of limitation, respectively, Defendant has violated RICO, the EFTA, and the CLRA.

170.   Plaintiffs and Class members have each been injured in that they have been subjected by Defendant to unfair business practices, prohibited by California's unfair competition laws, as outlined above, and thus have had their legal rights infringed.  Further, Plaintiffs and each of the members of the Class have suffered

1   economic injury by virtue of Defendant taking money from them that Defendant had
2   no right to take.  Plaintiffs' claims are typical of the claims of the State Law Class
3   members because each has had his/her legal rights infringed by Defendant's unfair
4   business practices as outlined above.

5       171.  Plaintiffs and the State Law Class members further have suffered
6   economic injury as a result of the conduct of Defendant, because Plaintiffs and the
7   State Law Class members were charged fees, and by EFT did in fact pay fees to
8   Defendant, which they did not owe to Defendant or for which they should not have
9   been charged.

10       172.  Plaintiffs meet the standing requirements to bring this cause of action
11   because, among other reasons, the question is one of a common or general interest,
12   is a question of many persons and/or the parties are numerous and it is impracticable
13   to bring them all before the Court.  Further, Plaintiffs have standing to bring this
14   action as Plaintiffs have suffered injury in fact and have lost money as a result of
15   Defendant's conduct.

16       173.  All of the conduct alleged herein occurs and continues to occur in
17   Defendant's business.  Defendant's conduct is part of a pattern or generalized course
18   of conduct repeated on thousands of occasions daily.  Each of the Plaintiffs relied
19   upon the misrepresentations, concealments and omissions in the Monthly Contracts,
20   to their detriment.  Plaintiffs further had taken from them by Defendant money
21   which Plaintiffs did not owe to Defendant.

22       174.  Plaintiffs request that this Court enter such orders or judgments as may
23   be necessary to restore to any person in interest any money which may have been
24   acquired by means of such unfair practices as provided in Bus. & Prof. Code §
25   17203, and for such other relief as set forth below.

26       175.  Plaintiffs further request that this Court enter a permanent injunction
27   enjoining Defendant, and their agents, servants, employees and all persons acting
28   under or in concert with them, to cease and desist from the following acts:

942940.1

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

(a)    From conducting any further sales or marketing of membership:

(1)    in conjunction with any representation that the Monthly Memberships can be cancelled "at any time," unless in fact Defendant refrains from penalizing the members by charging membership dues for a term longer than the month of cancellation;

(2)    without fully disclosing that, under the Monthly Membership, the consumer will be liable for payment of 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees upon notification to Defendant of cancellation;

(3)    using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(b)    From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(c)    From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)    From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

176.    Plaintiffs, on behalf of themselves and the Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not in the interest of justice necessarily be paid out of the recovery, if any (as the cost of litigation by itself may exceed the monetary amounts paid by way of restitution).

## EIGHTH CLAIM FOR RELIEF

## VIOLATION OF UNFAIR COMPETITION ACT BY FRAUDULENT CONDUCT

### (CAL. B & P CODE § 17200 et seq.)

### (asserted on behalf of the State Law Class)

177. Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

178. This cause of action is asserted against Defendant on behalf of Plaintiffs and the State Law Class.

179. The actions of Defendant, as complained herein, constitute deceptive practices committed in violation of the Unfair Competition Act. The conduct of Defendant was fraudulent because, among other things:

    (a)    Defendant falsely represented in the Monthly Contracts that the membership being purchased was a monthly membership which could be cancelled at any time;

    (b)    Defendant falsely represented in the Monthly Contracts that it would apply the pre-paid last month dues to the last month of membership such that it would cover the notice period, when

942940.1

57

in fact Defendant applied the pre-paid last month dues to a period of time following the notice period for cancellation of membership;

(c)    Defendant crafted and utilized a Monthly Contract that contained incomprehensible and misleading terms regarding the length of the membership, the cancellation policy and the application of the prepaid last month dues;

(d)    Defendant developed and perpetrated a deceptive scheme in that Defendant required all membership dues to be paid by electronic funds transfer, defendant then obtained member's banking information and authority to process electronic funds transfers from the member's account while falsely representing in the Monthly Contract that its authority to effectuate an electronic funds transfer would extinguish upon cancellation by the member, yet Defendant continued to make an additional electronic funds transfer following cancellation of membership by the member, notwithstanding the fact that Defendant had already collected from the member prepayment of the member's last month dues;

(e)    Defendant wrongly charged excessive fees to the consumer after notification of cancellation;

(f)    Defendant has wrongly and illegally taken funds from consumers via electronic fund transfer and as to which Defendant had no right to take;

(g)    Defendant employs a cancellation policy that is intended to delay cancellation by members, so as to garner more membership fees;

(h)    Defendant mischaracterized the Monthly Contracts as

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

58

"monthly" membership while concealing that they were in fact at least quarterly membership.

180.   Plaintiffs and Class members have each been injured in that they have been subjected by Defendant to fraudulent business practices, prohibited by California's unfair competition laws, as outlined above, and thus have had their legal rights infringed.  Further, Plaintiffs and each of the members of the State Law Class have suffered economic injury by making payment for fees to Defendant after cancellation.  Plaintiffs' claims are typical of the claims of the State Law Class members because each has had his/her legal rights infringed by Defendant's deceptive business practices as outlined above.

181.   Plaintiffs and the State Law Class members further have suffered economic injury as a result of the conduct of Defendant, because Plaintiffs and the State Law Class members purchased membership plans which were materially different than what the Monthly Contract stated on its face.  Plaintiffs and the members of the State Law Class were charged fees, and by EFT did in fact pay fees to Defendant, which they did not owe to Defendant.

182.   Plaintiffs meet the standing requirements to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.  Each of the Plaintiffs relied upon the misrepresentations, concealments and omissions in the Monthly Contracts, to their detriment.  Further, Plaintiffs have standing to bring this action as Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's conduct.

183.   Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices as provided in Bus. & Prof. Code § 17203, and for such other relief as set forth below.

184.   Plaintiffs further request that this Court enter a permanent injunction

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   enjoining Defendant, and their agents, servants, employees and all persons acting
2   under or in concert with them, to cease and desist from the following acts:

3   (a)   From conducting any further sales or marketing of
4   membership:

5   (1)   in conjunction with any representation that the
6   Monthly Memberships can be cancelled "at any time,"
7   unless in fact Defendant refrains from penalizing the
8   members by charging membership dues for a term longer
9   than the month of cancellation;

10  (2)   without fully disclosing that, under the Monthly
11  Membership, the consumer will be liable for payment of
12  60 days worth of membership fees after the consumer
13  notifies Defendant of cancellation, unless in fact
14  Defendant refrains from charging the consumer fees upon
15  notification to Defendant of cancellation;

16  (3)   using contractual language which fails to state the
17  cancellation policy in plain and simple language,
18  understandable by the reasonable consumer;

19  (4)   failing to plainly state the amount of notice required
20  for cancellation, with the notice time computed based
21  upon the number of days between when the member gives
22  notice of cancellation and the last day for which the
23  member has paid for access to the club by EFT and any
24  prepaid dues.

25  (b)   From taking by EFT any further membership fees after a
26  member has notified Defendant of cancellation of a Monthly
27  Contract;

28  (c)   From defining the cancellation notice period as the next

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

(d)     From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

185.   Plaintiffs, on behalf of themselves and the State Law Class seek an order of this Court awarding restitution, injunctive relief and all other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and costs.  Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial.  This case will result in the enforcement of an important right affecting the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not in the interest of justice necessarily be paid out of the recovery, if any (as the cost of litigation by itself may exceed the monetary amounts paid by way of restitution).

### NINTH CLAIM FOR RELIEF
### VIOLATION OF UNFAIR COMPETITION ACT
### (CAL. B & P CODE § 17200 et seq.)
### (asserted by Plaintiffs Hernan and Friedman Individually and on behalf of the State Law Class)

186.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

187.   This cause of action is asserted against Defendant on behalf of Plaintiffs Hernan and Friedman individually and on behalf of the State Law Class.

188.   The actions of Defendant, as complained herein, constitute unlawful,

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

unfair and deceptive practices committed in violation of the Unfair Competition Act.

189. Defendant had a deceptive and unfair practice of making, and did unfairly make false statements of fact concerning reasons for, existence of, or amounts of price reductions for membership to 24 Hour Fitness health clubs, intended to result in the sale of monthly membership by Defendant to consumers uninterested in the more expensive long term membership plans.

190. Defendant also advises customers that the Monthly Contract "is not a Contract." By advising consumers that the Monthly Contract is not a contract, Defendant seeks to either persuade consumers that they are not locked into any long term payment commitment or that the terms set forth in the Monthly Contract will not be binding upon the consumer.

191. Plaintiffs Friedman and Hernan, in addition to the claims sought on behalf of themselves and the Classes as set forth in the other causes of action herein, also separately and individually seek solely injunctive relief on behalf of the general public with respect to Defendant's Special Deal Tactic and Defendant's practice of advising customers that the Monthly Contract "is not a contract."

192. Friedman and Hernan, in their individual capacity, request that this Court enter a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from: (1) advising consumers that the rate to be charged the consumer is a "special" deal which will promptly (or any synonym thereof) expire, unless Defendant also notifies the consumer that the "special" deal will immediately be replaced with another "special" deal or that Defendant always has mandatory special deals available; (2) advising consumers that the deal they are being offered is a discount or special from regular, usual or normal (or any synonym thereof) rates unless those rates are indeed charged to consumers for identical plans more than 50% of the time; and (3) telling any customer that the Monthly Contract is "not a contract."

193. Plaintiffs, on behalf of themselves and the general public seek an order

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

of this Court awarding injunctive relief under § 17200, et seq., plus interest, attorneys' fees and costs. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial. This case will result in the enforcement of an important right affecting the public interest, a significant nonpecuniary benefit will be conferred on a large number of persons (thousands if not tens of thousands or more), the necessity and financial burden of private enforcement are such as to make the award appropriate.

## TENTH CLAIM FOR RELIEF
### BREACH OF WRITTEN CONTRACT
#### (asserted on behalf of the State Law Class)

194.  Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

195.  This cause of action is asserted on behalf of the Plaintiffs and the State Law Class against Defendant.

196.  Plaintiffs and each member of the State Law Class entered into a written contract (of adhesion) with Defendant.

197.  Defendant breached the terms of the Monthly Contract in that Defendant charged each Plaintiff and member of the State Law Class for more fees than were permitted under the Monthly Contract upon notification of cancellation.

198.  As a result of Defendant's breach of the Monthly Contract, Plaintiffs and the State Law Class have suffered damages in the amount of the fees charged for each day in excess of the terms permitted by the Monthly Contract upon notification of cancellation.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and as representatives of the Class, pray for judgment against the Defendant, as follows:

1.     An Order certifying the Federal Class and any appropriate sub-classes thereof, and appointing Plaintiffs Daniel Friedman, Willman Alfaro, Thomas Hernan, Jr., Luis Riojas, Kimberly Zander, Stephanie Dougherty, Craig Jones, Molly Kramer, and Debra McKenna, and their counsel, to represent the Federal Class and any appropriate sub-classes, with Debra McKenna as the sole plaintiff representative for the subclass of the Federal Class with respect to the EFTA claim;

2.     An Order certifying the State Law Class and any appropriate sub-classes thereof, and appointing Plaintiffs Daniel Friedman, Willman Alfaro, Thomas Hernan, Jr., Luis Riojas, Kimberly Zander, Stephanie Dougherty, Craig Jones, Molly Kramer, and Debra McKenna, and their counsel, to represent the Class and any appropriate sub-classes;

3.     As to the first, second, third, fourth, and tenth causes of action, an award of general damages according to proof;

4.     As to the first, second, third, fourth, and tenth causes of action, an award of special damages according to proof;

5.     As to the first cause of action, an award of treble damages according to proof;

6.     As to the third and fourth causes of action, an award of punitive damages in an amount sufficient to deter and make an example of Defendant;

7.     As to the first, third, fourth, sixth, seventh and eighth causes of action, an award of restitution in an amount according to proof;

8.     As to the first, second, third, fourth, sixth, seventh, and eighth causes of action, an order entering a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

942940.1

SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

desist from the following acts:

(1)   From conducting any further sales or marketing of membership:

(a)   in conjunction with any representation that the Monthly Memberships can be cancelled "at any time," unless in fact Defendant refrains from penalizing the members by charging membership dues for a term longer than the month of cancellation;

(b)   without fully disclosing that, under the Monthly Membership, the consumer will be liable for payment of 60 days worth of membership fees after the consumer notifies Defendant of cancellation, unless in fact Defendant refrains from charging the consumer fees upon notification to Defendant of cancellation;

(c)   using contractual language which fails to state the cancellation policy in plain and simple language, understandable by the reasonable consumer;

(d)   failing to plainly state the amount of notice required for cancellation, with the notice time computed based upon the number of days between when the member gives notice of cancellation and the last day for which the member has paid for access to the club by EFT and any prepaid dues.

(2)   From taking by EFT any further membership fees after a member has notified Defendant of cancellation of a Monthly Contract;

(3)   From defining the cancellation notice period as the next billing cycle after the member notifies Defendant of cancellation of a Monthly Contract; and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

   (4) From any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendant.

9. On all causes of action, for reasonable attorneys' fees;

10. On all causes of action, for costs incurred herein;

11. For prejudgment interest;

12. For all general, special, and equitable relief to which the Plaintiffs and the members of the Classes are entitled by law.

  WHEREFORE, Plaintiffs Friedman and Hernan, with respect to the fifth cause of action, individually and on behalf of the general public, and with respect to the ninth cause of action, individually and on behalf of the State Law Class, additionally pray for an order entering a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it, to cease and desist from the following acts: (1) advising consumers that the rate to be charged the consumer is a "special" deal which will promptly (or any synonym thereof) expire, unless Defendant also notifies the consumer that the "special" deal will immediately be replaced with another "special" deal or that Defendant always has mandatory special deals available; (2) advising consumers that the deal they are being offered is a discount or special from regular, usual or normal (or any synonym thereof) rates unless those rates are indeed charged to consumers for identical plans more than 50% of the time; (3) from advising consumers that the Monthly Contract is "not a contract;" and (4) for all reasonable attorneys' fees, costs and equitable relief to which they are entitled by law.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    DATED:  March 11, 2010     **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**

2

3                         **KELLER GROVER LLP**

4

5                         By: _____
                               MELISSA M. HARNETT

6                         Attorneys for Daniel Friedman, Willman

7                         Alfaro, Thomas Hernan Jr., Luis Riojas, Kimberly Zander, Stephanie Dougherty, Craig Jones, Molly Kramer, Debra McKenna and the

8                         Putative Class

9

10

11

12

13

14

15                         **<u>DEMAND FOR JURY TRIAL</u>**

16      Plaintiffs hereby demand a trial by jury.

17

18    DATED:  March 11, 2010     **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**

19                         **KELLER GROVER LLP**

20

21                         By: _____
                               MELISSA M. HARNETT

22                         Attorneys for Daniel Friedman, Willman

23                         Alfaro, Thomas Hernan Jr., Luis Riojas, Kimberly Zander, Stephanie Dougherty, Craig Jones, Molly Kramer, Debra McKenna and the

24                         Putative Class

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA.  My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356.  I am over the age of eighteen years and am not a party to the within action;

On March 17, 2010, I served the following document(s) entitled **1. SIXTH AMENDED COMPLAINT;  AND 2. SIGNED ORDER GRANTING LEAVE TO FILE SIXTH AMENDED COMPLAINT** on all INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

**BY MAIL:**  By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service.  The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from shouse@wccelaw.com on March 17, 2010, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 17, 2010, at Tarzana, California.

Susan L. House

943432.1

1

**SERVICE LIST**

2

3

| **Attorney** | **Party** |

4

**Page R Barnes**
Foley and Lardner
One Maritime Plaza, 6th Floor
San Francisco, CA 94111
415-434-4484
pbarnes@foley.com

**24 Hour Fitness USA Inc**
*(Defendant)*

5

6

7

8

**Elizabeth Lee Deeley**
Kirkland and Ellis LLP
555 California Street
San Francisco, CA 94104
415-439-1400
415-439-1500 (fax)
elizabeth.deeley@kirkland.com

**24 Hour Fitness USA Inc**
*(Defendant)*

9

10

11

12

13

**Jeffrey F Keller**
**Kathleen R Scanlan**
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107
415-543-1305
415-543-7861 (fax)
jfkeller@kellergrover.com
kscanlan@kellergrover.com

**Craig Jones**
*(Plaintiff)*
**Daniel Friedman**
*(Plaintiff)*
**Deborah McKenna**
*(Plaintiff)*
**Luis Riojas**
*(Plaintiff)*
**Molly Kramer**
*(Plaintiff)*
**Thomas Hernan, Jr**
*(Plaintiff)*

14

15

16

17

18

19

20

21

**Michael E Delehunt**
**Christopher John Heck**
**Pamela Louise Johnston**
**Tami S Smason**
**Kevin Francis Woodall**
Foley and Lardner
One Maritime Plaza, 6th Floor
San Francisco, CA 94111
415-434-4484
mdelehunt@foley.com
pjohnston@foley.com
tsmason@foley.com
kwoodall@foley.com

**24 Hour Fitness USA Inc**
*(Defendant)*

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033