MELISSA M. HARNETT (SBN 164309; mharnett@wccelaw.com)
ROBERT L. ESENSTEN (SBN 65728; resensten@wccelaw.com)
GREGORY B. SCARLETT (SBN 131486; gscarlett@wccelaw.com)
**WASSERMAN, COMDEN, CASSELMAN**
 **& ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 996-8266

Jeffrey F. Keller, Esq. (SBN 148005; jfkeller@kellergrover.com)
**KELLER GROVER LLP**
425 2nd Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for DANIEL FRIEDMAN, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FRIEDMAN, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>24 HOUR FITNESS USA, INC., et al.,<br><br>    Defendants. | CASE NO. CV06-06282 AHM (CTX)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Judge: Hon. A. Howard Matz<br>Crtrm.: 14 |

The parties to this litigation have entered into a settlement agreement dated March 12, 2010, as attached as Exhibit A to the Declaration of Melissa M. Harnett in Support of Motion for Preliminary Approval ("**Agreement**"), and amended in accordance with Amendment 1 To The Agreement, attached as Exhibit 1 to the Stipulation Amending Settlement Agreement. The Court has reviewed and considered all papers filed in support of the Motion for Preliminary Approval of Settlement, including: (1) the Memorandum of Points and Authorities in Support of

Motion for Preliminary Approval; (2) the Proposed Settlement Agreement; (3) Amendment 1 To The Agreement; and (4) the Declaration of Melissa M. Harnett in Support of Motion for Preliminary Approval, and finds there is a sufficient basis for granting preliminary approval of the **Settlement**, directing that notice be disseminated to the **Settlement Class**, and setting a hearing at which the **Court** will consider whether to grant final approval of the **Settlement**.

ACCORDINGLY, the **Court** GRANTS the Motion for Preliminary Approval of Settlement and further makes the following findings and orders:

1. Capitalized terms in bold type used in this order shall have the same meaning as set forth in the **Agreement**.

2. The **Court** conditionally certifies, for settlement purposes only, the following **Settlement Class** pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All **Persons** who incurred **Charges at Issue** during the **Class Period**. **Charge(s) at Issue** means an **EFT** from a **Person's** bank account or credit/debit/charge card for **Dues Charges** where 24 Hour's membership database file reflects the payment by **EFT** on or after the date in **24 Hour's** membership database file for a **Request for Cancellation or Termination** of the **Settlement Class Member's** or Club Membership Holder's Monthly Membership Agreement. **Charge(s) at Issue** do not include: (1) pre-paid last months' dues; (2) **Dues Charges** paid by **EFT** on a date before the date in **24 Hour's** membership database file for a **Request for Cancellation or Termination** of a **Monthly Membership Agreement**; or (3) **Dues Charges** paid by **EFT** after a **Request for Cancellation or Termination** that were charged by **24 Hour** in order to reinstate a previously cancelled **Monthly Membership Agreement** or to pay **Dues Charges** on a new **Monthly Membership Agreement**. **Class Period** means the time from October 2, 2002 through February 28, 2010. Excluded from this **Settlement Class** are (1) **Persons** who did not pre-pay last month dues and/or for

whom **24 Hour's** membership database file reflects a full refund or return of the **Charges at Issue**; (2) **Persons** who were and remain members of the certified settlement class in the matter of *Weir v. 24 Hour Fitness USA, Inc.*, San Francisco Superior Ct. Case Number CGC- 05-438478; (3) **24 Hour**, its subsidiaries and affiliates, officers, directors, and employees; and (4) any judge to whom this matter is assigned, his or her court staff, and his or her immediate family.

3. The certification of the **Settlement Class** for settlement purposes shall be without force or effect if: (a) the **Court** does not give final approval to the **Settlement** as contemplated in the **Agreement**; or (b) the **Court's** approval of the **Settlement** and/or entry of a final approval order and judgment are reversed or modified on appeal.

4. The **Court** appoints Plaintiffs Daniel Friedman, Thomas Hernan, Jr., Luis Riojas, Craig Jones, Molly Kramer, Willman Alfaro, Stephanie Dougherty, Kimberly Zander and Debra McKenna as **Settlement Class Representatives**.

5. The **Court** appoints Wasserman, Comden, Casselman & Esensten, L.L.P. and Keller Grover LLP as **Settlement Class Counsel**;

6. The **Court** appoints Rust Consulting, Inc. as the **Settlement Administrator**.

7. The **Court** approves the Parties' proposed form and method of notifying **Settlement Class Members** of the **Settlement**. **24 Hour**, through the **Settlement Administrator**, shall:

a. facilitate the mailing of the **Class Notice** in the form attached as Exhibit B to Amendment 1 To The Agreement, as amended to conform to this Order, to (i) all **Settlement Class Members** at their **Last Known Addresses**, or (ii) in the event that **24 Hour** does not have on record the **Last Known Address** of a particular **Settlement Class Member**, the

1 **Last Known Address**, if any, listed in the membership record for the **Club Membership Holder** on whose behalf the **Settlement Class Member** paid **Charges at Issue**. **Class Notice** shall be mailed by first class mail through the United States Postal Service by April 19, 2010 or such later date ordered by the **Court**;

      b.    publish **Internet Notice** on www.topclassactions.com for thirty (30) days. **Internet Notice** will run during the period for **Settlement Class Members** to decide whether or not to **Opt Out** of the **Settlement Class**. Topclassactions.com will use its search engine advertising to direct **Settlement Class Members** to the **Class Website**, described below. Topclassactions.com will include a link to the **Class Website**;

      c.    maintain the **Class Website**, which will be available by April 19, 2010. The **Class Website** will contain a homepage; "Frequently Asked Questions" with answers; this **Agreement**; the complete approved form of **Class Notice**; and information for contacting the **Settlement Administrator**;

      d.    run a full page black and white advertisement in <u>People</u> magazine for one week in the form attached as Exhibit D to the **Agreement**, as amended to conform to this Order. **Publication Notice** shall run in the May 3, 2010 issue which has an on-sale date of April 23, 2010, during the time when the **Settlement Class Members** are considering whether or not to **Opt Out**. **Publication Notice** will be a short form notice to the extent that it does not include all of the information in the **Class Notice** and directs readers to the **Class Website** for the full **Class Notice** instead.

    8.    The **Court** sets June 11, 2010 as the date by which **Settlement Class Members** must: (a) file and have postmarked for mail delivery an objection to the **Settlement**; or (b) have postmarked an **Opt Out** of the **Settlement Class** (i.e., **Notice Response Deadline**). The **Court** further sets

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

June 18, 2010 has the date by which **Settlement Class Members** must have **Claim Forms** postmarked for mail delivery (i.e., **Claim Form Deadline**).

9.  **Settlement Class Members** who wish to exercise the option to opt out of the **Settlement Class** must fully complete, execute and mail, a written statement as described in § 6 of the **Agreement** and in the **Class Notice**. Each written **Opt Out** must include:

   a. the name of the lawsuit, i.e. Friedman, et al. v. 24 Hour Fitness USA, Inc.;

   b. the **Settlement Class Member's** full name, address and telephone number;

   c. the **Settlement Class Member's** member number, as printed in the **Class Notice**;

   d. a statement that the **Settlement Class Member** wishes to be excluded from the **Settlement Class** and from participating in the proposed **Settlement**; and

   e. the **Settlement Class Member's** signature.

If a fully completed and properly executed **Opt Out** is not received by the **Settlement Administrator** from a **Settlement Class Member** postmarked on or before June 11, 2010, then that **Settlement Class Member** will be deemed to have forever waived his or her right to opt out of the **Settlement Class** and the **Releases** described in ¶ 3.1 of the **Agreement**, and as amended by Amendment 1 To The Agreement, shall apply to that **Settlement Class Member**. **Settlement Class Members** who do not properly submit **Opt Outs** shall be deemed members of the **Settlement Class**. **Settlement Class Members** who properly submit **Opt Outs** shall have no further role in the **Litigation**, and for all purposes they shall be regarded as if they never were a party to this **Litigation**, and thus they shall not be entitled to any benefit as a result of this **Litigation**, including, without limitation, the right to object to the **Settlement**.

10.  **Settlement Class Members** who wish to object to the **Agreement** must file a written objection with the **Court** and serve any such written objection on counsel for the respective **Settling Parties** (as identified in the **Class Notice**) no later than June 11, 2010.  The objection must contain:

    a.  the full name, address and telephone number of the **Settlement Class Member**;

    b.  the **Settlement Class Member's** member number, as printed in the **Class Notice**;

    c.  a written statement of all grounds for the objection accompanied by any legal support for the objection (if any);

    d.  copies of any papers, briefs, or other documents upon which the objection is based;

    e.  a list of all persons who will be called to testify in support of the objection (if any);

    f.  a statement of whether the **Settlement Class Member** intends to appear at the **Settlement Hearing**; and

    g.  the signature of the **Settlement Class Member** or his/her counsel.

To appeal from any provision of a final order approving the **Settlement** as fair, reasonable and adequate, the award of payments to the **Representative Plaintiffs**, or to the award of attorneys' fees and expenses paid by **24 Hour** to **Class Counsel**, an objecting **Settlement Class Member** must appear in person, or through counsel at the **Settlement Hearing**, or seek and obtain leave of **Court** excusing such appearance prior to the **Settlement Hearing**.  If an objecting **Settlement Class Member** intends to appear at the **Settlement Hearing** through counsel, the written objection must also state the identity of all attorneys representing the objecting **Settlement Class Member** who will appear at the **Settlement Hearing**.  **Settlement Class Members** who do not timely make their objections in this manner

will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the **Settlement**.

11. The **Court** sets June 28, 2010 as the deadline for the parties to file a motion for final approval of the **Agreement,** motion for approval of attorneys' fees and costs and class representative incentive awards and any responses to objections filed by **Settlement Class Members**.

12. The **Court** sets July 12, 2010, at 10:00 a.m. as the date and time of the **Final Approval Hearing**, at which point the **Court** will determine whether to grant final approval of the **Settlement**, including the award of attorneys' fees, costs and incentive awards contemplated by the **Settlement**, and enter **Final Judgment**.

13. The **Court** reserves the right to continue the date of the **Final Approval Hearing** and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the website maintained by the **Settlement Administrator**, and the parties shall not be required to re-send or re-publish the notices.

14. In the event the **Settlement** is not finally approved or is otherwise terminated in accordance with the provisions of the **Agreement**, the **Settlement** and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the **Agreement**, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendant, and **Settlement Class Members**.

**IT IS SO ORDERED.**

DATED: MARCH 29, 2010

A. HOWARD MATZ