1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  DANIEL FRIEDMAN, et al., | CASE NO. CV 06-06282 AHM (CTx) |
| 12                Plaintiffs, | **CLASS ACTION** |
| 13        vs. | **FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT** |
| 14 | |
| 15  24 HOUR FITNESS USA, INC., et al., | Judge:  Hon. A. Howard Matz |
| 16                Defendants. | Crtrm.: 14 |

17

18                  FINAL ORDER AND JUDGMENT

19          On July 12, 2010, the Court held a Fairness Hearing for Final Approval of

20  Settlement, pursuant to the Court's March 29, 2010 Order Granting Preliminary

21  Approval of Class Settlement and Setting Schedule for Final Approval

22  ("Preliminary Approval Order").  On June 28, 2010, Plaintiffs filed a Motion for

23  Final Approval of Settlement and Memoranda of Points and Authorities, and the

24  Declarations of Melissa Harnett, Jeffrey Keller, Daniel Friedman, Debra McKenna,

25  Molly Kramer, Luis Riojas, Craig Jones, Thomas Hernan, Stephanie Dougherty,

26  Kimberly Zander, Willman Alfaro, Scott Hardy, Kim R. Schmidt, Alicia Gehring,

27  and the Mediator's Report of Antonio Piazza in support thereof.  Plaintiffs further

28  filed a Response to Objections to Settlement Agreement.   24 Hour Fitness ("**24**

1    **Hour**") also filed Supplemental Responses to Objections to Final Approval of Class

2    Action Settlement, as well as declarations from Nick Kacprowski, Katheryn Healon,

3    Nadia Brannon, and Joanna Tuttle.  In addition, the Court received five timely

4    objections on behalf of seven class members and two non-class members, and one

5    untimely objections on behalf of one class member who failed to comply with the

6    Court's Preliminary Approval Order with respect to the requirements governing the

7    filing of an objection, which requirements were set forth in the notice disseminated

8    to the class.

9         Having fully reviewed and considered the Settlement Agreement and all

10   submissions, written and oral (which includes submissions not specifically described

11   above), the Court finds that the Settlement Agreement is fair, reasonable, and

12   adequate.  The Motion for Final Approval of the Settlement Agreement is thus

13   GRANTED.

14        **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED**

15   **THAT:**

16

17        1.    The Capitalized terms in bold type used in this order shall have the

18   same meaning as set forth in the **Settlement Agreement**.

19        2.    The Court finds that the **Settlement Agreement** was arrived at in good

20   faith, without collusion, following extensive arms' length negotiations by counsel

21   for the parties, including two mediation sessions before the highly regarded

22   mediators, Hon. Judge David Garcia (Ret.) and Antonio Piazza.  The settlement was

23   based on the parties' acceptance of Mr. Piazza's mediator's proposal, made after a

24   full day at the second mediation between the parties.  The terms of the mediator's

25   proposal were further negotiated by the parties over 13½ weeks following the

26   mediation and then set forth in the **Settlement Agreement** signed by the parties**.**

27        3.    The Court finds that the Settlement Agreement provides valuable

28   benefits to the Settlement Class.   The Settlement provides actual benefits to

Settlement Class Members who previously had the **Charges at Issue** taken from their bank and credit card accounts after canceling their memberships.[1]   At the Settlement Class Member's election, each will receive either a $20.00 monetary reimbursement or a certificate for a free three month gym membership. The parties have presented evidence that the average amount charged after cancellation was $25.00. (Declaration of Nadia Brannon ("Brannon Decl.") ¶ 29-30) The Court finds that the $20.00 benefit option reimburses approximately 80% of the average class member's actual damages for the **Charges at Issue**.

4.      The parties have also presented evidence that the certificate for a free three month gym membership has a justifiable value of between $149.99 and $199.99, as stated in the Court approved notice. The evidence demonstrates that similar (though not identical) memberships are regularly sold by defendant for such amounts. However, these memberships only provide access to a single club, while the Certificate can be used at more than 400 of defendant's clubs in the United States.

5.      The Court thus hereby finally approves the **Settlement Agreement**, and the **Settlement** contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the **Settlement Class** within the meaning of Federal Rule of Civil Procedure 23, and directs its consummation pursuant to its terms and conditions.

6.      The Class preliminarily certified on March 29, 2010 is hereby finally certified, and defined as follows:

---

[1] The "Charges at Issue" are defined as "an EFT from a Person's bank account or credit/debit/charge card for Dues Charges where 24 Hour's membership database file reflects the payment by EFT on or after the date in 24 Hour's membership database file for a Request for Cancellation or Termination of the Settlement Class Member's or Club Membership Holder's Monthly Membership Agreement." There are also three exclusions to the definition.  (Harnett Decl., Ex. 3, Settlement Agreement, at ¶1.5 .)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

All **Persons** who incurred **Charges at Issue** during the **Class Period**. **Charge(s) at Issue** means an **EFT** from a **Person's** bank account or credit/debit/charge card for **Dues Charges** where **24 Hour's** membership database file reflects the payment by **EFT** on or after the date in **24 Hour's** membership database file for a **Request for Cancellation or Termination** of the **Settlement Class Member's** or **Club Membership Holder's Monthly Membership Agreement**. **Charge(s) at Issue** do not include: (1) pre-paid last months' dues; (2) **Dues Charges** paid by **EFT** on a date before the date in **24 Hour's** membership database file for a **Request for Cancellation or Termination** of a **Monthly Membership Agreement**; or (3) **Dues Charges** paid by **EFT** after a **Request for Cancellation or Termination** that were charged by **24 Hour** in order to reinstate a previously cancelled **Monthly Membership Agreement** or to pay **Dues Charges** on a new **Monthly Membership Agreement**. **Class Period** means the time from October 2, 2002 through February 28, 2010. Excluded from this **Settlement Class** are (1) **Persons** who did not pre-pay last month dues and/or for whom **24 Hour's** membership database file reflects a full refund or return of the **Charges at Issue**; (2) **Persons** who were and remain members of the certified settlement class in the matter of *Weir v. 24 Hour Fitness USA, Inc.*, San Francisco Superior Ct. Case Number CGC- 05-438478; (3) **24 Hour**, its subsidiaries and affiliates, officers, directors, and employees; and (4) any judge to whom this matter is assigned, his or her court staff, and his or her immediate family.

7.    Solely for the purposes of effectuating the **Settlement**, the Court hereby further finds as follows:

        a. Joinder of all **Settlement Class Members** in a single proceeding would be impracticable, if not impossible because of their numbers and dispersion;

        b. The Class Representatives and **Class Counsel** have capably prosecuted the claims of the lawsuit;

        c. No conflict exists between the Class Representatives or **Class Counsel** and the **Settlement Class**;

        d. The Class Representatives and **Class Counsel** are adequate representatives for the **Settlement Class**;

        e. The Class Representatives' claims are typical of the **Settlement Class**;

f.  The Class Representatives are members of the **Settlement Class** and have claims representative of the claims and defenses presented in this case;

g.  Commonality is satisfied in this case for settlement purposes as a number of common issues exist among **Settlement Class Members**;

h.  Common issues predominate over individual issues in the context of settlement; and

i.  Certification of an agreed-upon **Settlement Class** is a superior mechanism for resolving these claims.

8.    The Court finds and concludes that the notice given to **Settlement Class Members** was materially implemented in accordance with the terms of the **Settlement Agreement** and the Preliminary Approval Order and: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise **Settlement Class Members** of the **Settlement**, their rights to object to the **Settlement** and to appear at the Final Settlement Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (v) met all applicable requirement of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

9.    The Court further finds that notice of this **Settlement Agreement** has been timely given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.    Having reviewed the Defendant's notifications and accompanying materials, the Court finds that the Defendant's notifications complied fully with CAFA requirements.

10.    All **Settlement Class Members** who have not validly excluded themselves from the **Settlement Class** as set forth in the Preliminary Approval

4

1  Order shall be bound by all determinations and judgments concerning the
2  **Settlement Agreement** and the **Settlement** contemplated thereby.

3       11.    The Court hereby dismisses on the merits and with prejudice the
4  **Complaint** as to all **Settlement Class Members**, without fees or costs except as
5  provided in this Order or otherwise by this Court.  The Persons identified in Exhibit
6  A hereto, as having requested exclusion from the Class as of the deadline for opting
7  out, shall not share in the benefits of the **Settlement**.  The Court dismisses without
8  prejudice the claims of such **Persons** who have properly and timely excluded
9  themselves in full accordance with the procedures set forth in the Preliminary
10 Approval Order.

11      12.    The Court hereby finds that the distribution plan set forth in Paragraphs
12 2.1 through 2.3 of the **Settlement Agreement** for payment of either twenty dollars
13 ($20) or a **Three Month Club Access Certificate** as elected by each **Settlement**
14 **Class Member** for each **Charge at Issue**, fairly and adequately addresses
15 settlement administration and ensures fair allocation of the elected payments
16 amongst all members of the **Settlement Class**.

17      13.    The parties have informed the Court that for approximately 12,500
18 class memberships, class members did not receive notice due to a computer glitch
19 by defendant in preparing the class list.  (Brannon Decl., ¶ 31)  The standard for
20 notice for a Rule 23(b)(3) class is "the best notice that is practicable under the
21 circumstances, including individual notice to all members who can be identified
22 through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  This is not the same as
23 "actually received" notice. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir.
24 1994). With respect to the Settlement Class Members who did not receive direct
25 notice by virtue of computer issues, the Court finds that, provided that such persons
26 have an opportunity to benefit from the settlement, notice was adequately provided
27 by virtue of the publication component of the notice program approved by the Court.
28 *See Trist v. First Fed. Sav. & Loan Assoc. of Chester*, 89 F.R.D. 1, 2-3 (E.D. Pa.

1980).  In light of the publication of notice in <u>People</u> Magazine and on the Internet, the Court finds that it would be unfair to delay final approval of the settlement and receipt of the benefits provided by the settlement to approximately 1.8 million unaffected class memberships, in order to provide the approximately 12,500 class memberships (i.e., approximately 0.7% of the class) affected by the computer glitch with additional direct notice and an opportunity to opt and or object.  *Id.; see also In re VMS Limited Partnership Securities Litigatio*n, 1995 WL 355722 (N.D. Ill. 1995)(no right to extend opt-out date due to clerical error resulting in class member not having received notice); *Turner v. Murphy Oil USA, Inc.*, 472 F.Supp. 2d 830, 840 (E.D. La. 2007) ("[T]he question is not whether some individual got adequate notice, but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement.") (quoting *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks and ellipses omitted). The Court hereby accepts as fair, reasonable and adequate the parties' proposal that the **Settlement Class Members** affected by the computer issue be sent the **Three Month Club Access Certificates** no later than thirty (30) days following the **Effective Date**, if they previously did not file a claim form seeking the monetary reimbursement.  A **Claim Form** and a letter will accompany the **Three Month Club Access Certificates**.  The letter will be substantially in the form of the letter attached to the Declaration of Nickolas Kacprowski as Exhibit A, advising such members of the computer issue and the opportunity to return the **Three Month Club Access Certificates** with a completed **Claim Form** to obtain the monetary reimbursement option.   The **Claim Form** deadline for these approximately 12,500 class memberships shall be (60) days after the **Effective Date**, and no **Claim Forms** for these memberships shall be honored unless they are received by the **Settlement Administrator** by that date.   For all **Claim Forms** timely received on behalf of the approximately 12,500 class memberships described in this paragraph, Defendants will transfer twenty dollars ($20) to the **Settlement**

1  **Administrator** for disbursement to these **Settlement Class Members** who timely

2  submitted **Claim Forms** within seventy-five (75) days of the **Effective Date**.

3  Within eight-five (85) days of the **Effective Date**, the **Settlement Administrator**

4  shall mail one check for twenty dollars ($20) for each valid **Claim Form** that it

5  timely received for the approximately 12,500 class memberships described in this

6  paragraph.  For all untimely or invalid **Claim Forms** received, as described in this

7  paragraph, the **Settlement Administrator** will return the **Three Month Club**

8  **Access Certificates** to the **Settlement Class Member** within seventy-five (75)

9  days of the **Effective Date**.   Nothing in this paragraph shall delay the distribution of

10  benefits identified in  paragraphs 40 and -42 and 55 and 57, set forth below.

11      14.    The Court Orders that within three (3) business days following the

12  entry of this **Order Granting Final Approval of Settlement**, a **Class Escrow**

13  **Account** shall be created pursuant to the **Escrow Agreement** in accordance with

14  Section 2.3 of the **Settlement Agreement** and the Court shall retain jurisdiction

15  over the Escrow Agreement pursuant to § 12.19 of the **Settlement Agreement**.

16  Defendant shall deposit $20 for each **Charge at Issue** for which **Settlement Class**

17  **Members** have validly elected monetary payment, as of July 3, 2010 into the **Class**

18  **Escrow Account**, and that amount as of July 3, 2010, is $3,724,180. The funds

19  contained in the **Class Escrow Account** shall be released to the **Settlement**

20  **Administrator** only upon and following the **Effective Date** of the **Settlement** as

21  defined in the **Settlement Agreement.**

22      15.    The Court has been informed that there are approximately 546 pending

23  **Claim Forms** as of July 3, 2010.  These **Claim Forms** include incomplete **Claim**

24  **Forms** for which the parties have agreed to send cure letters and **Claim Forms** sent

25  for deceased **Settlement Class Members**.   The parties have agreed to accept

26  properly cured **Claim Forms** among these 546 **Claim Forms** ("Untimely Claim

27  Forms") if they are received by the **Settlement Administrator** on or before August

28  2, 2010.  By the later of three (3) business days following this Court's entry of an

1   **Order Granting Final Approval of the Settlement** and **Judgment** or August 13,

2   2010, Defendant shall deposit into the **Class Escrow Account** twenty dollars ($20)

3   for each Untimely Claim Form

4        16.    In accordance with the terms of the **Settlement Agreement**, the twenty

5   dollar ($20) payments and **Three Month Club Access Certificates** shall be mailed

6   to **Settlement Class Members** by the **Settlement Administrator** no later than

7   thirty (30) days after the **Effective Date** of the **Settlement**.  No funds may otherwise

8   be disbursed from the **Class Escrow Account**, except as expressly set forth below

9   or authorized by the terms of the **Settlement Agreement**.

10       17.    Defendant shall pay all costs associated with the implementation of the

11  **Notice Plan** set forth in the **Settlement Agreement** and in this Court's Preliminary

12  Approval Order as well as all costs associated with **Settlement** administration.

13       18.    Upon the **Effective Date**, **24 Hour** and the **Representative Plaintiffs**,

14  individually and as class representatives, and each **Settlement Class Member** who

15  has not properly and timely excluded himself or herself from the **Settlement Class**

16  shall be deemed to have, and by operation of the **Judgment** in this case shall have,

17  fully, finally, and forever released, dismissed with prejudice, relinquished and

18  discharged all **Released Claims**, including **Unknown Claims**, against the **Released**

19  **Persons** ("Release").  This Release shall be binding upon any and all agents,

20  representatives, attorneys, insurers, trustees, assigns, subrogees, heirs, and executors

21  of each such **Representative Plaintiff** and **Settlement Class Member** and **24**

22  **Hour**.

23       a.    "**Released Persons**" means a) the **Representative Plaintiffs**, b)
    **Settlement Class Members**, c) **24 Hour**, and d) past, present and

24  future divisions; parents; subsidiaries; affiliates; predecessors;
    successors; shareholders; owners; and creditors of 24 Hour Fitness

25  USA, Inc.  For each of the **Released Persons** above, **Released Persons**
    also includes their respective agents; attorneys; insurers; past, present

26  and future divisions; parents; subsidiaries; affiliates; predecessors;

27  successors; shareholders; owners; creditors; officers; directors;

28

employees; trustees; representatives; administrators; fiduciaries; assigns; subrogees; executors; partners; and/or privies.

b.  "**Released Claims**" means all claims, including **Unknown Claims**, demands, obligations, causes of action and liabilities, of whatever kind, whether in law or equity, or of whatever legal theory, including breach of contract, unjust enrichment, untrue and misleading advertising, declaratory relief, and violations of the Racketeer Influenced Corrupt Organizations Act, the Electronic Funds Transfer Act, the Health Studio Services Act, the Consumer Legal Remedies Act, the Unfair Competition Act, as well as violations of any state or federal statutes, rules or regulations, common law, or any other bases for a cause of action that have been or could have been asserted based upon allegations made in any complaint or amended complaint filed in the **Litigation** concerning the **Charges at Issue** and/or (1) **24 Hour's** policy of charging, submitting for payment, or collecting the **Charges at Issue**, (2) **24 Hour's** method or practice of executing that policy, (3) **24 Hour's** authorization to submit **Charges at Issue** to its payment processors, including, but not limited to, LaSalle Bank National Association and Paymentech Merchant Services, Inc., or any other payment processor, (4) **24 Hour's** authorization or right to charge or collect **Charges at Issue**, (5) **24 Hour's** representations, warranties, or statements concerning **Charges at Issue**, or (6) **24 Hour's** cancellation and/or termination policies concerning the **Charges at Issue** applicable to its **Monthly Membership Agreements**. The **Released Claims** also include any claim, causes of action, lawsuits, actions, administrative proceedings, and/or demands that **24 Hour** may have against any **Released Person** for the payment of the **Charges at Issue**. The **Released Claims** further include all claims, including **Unknown Claims**, demands, obligations, causes of action and liabilities, of whatever kind, whether in law or equity, or of whatever legal theory by **Representative Plaintiffs** Hernan and Friedman (and not on behalf of the **Settlement Class Members**) related to the **Special Deals Claims** including allegations concerning reasons for, existence of, or amounts of price reductions, discounts offered in connection with **24 Hour** memberships, or the advertising, marketing, or sale of **24 Hour** memberships. Under ¶ 1.39 of the Settlement Agreement, the **Settlement Class Members** do not release any claims, causes of action, lawsuits, actions, administrative proceedings or demands the **Settlement Class Members** may have for the **Special Deals Claims**. Under ¶ 1.39 of the Settlement Agreement, the **Settlement Class**

**Members** do not release any claims, causes of action, lawsuits, actions, administrative proceedings or demands that they may have for personal injury, including any available remedies ("Personal Injury Claims"). The **Representative Plaintiffs** and **Settlement Class Members have** expressly acknowledged and agreed that nothing in ¶ 1.39 of the Settlement Agreement shall confer upon any **Representative Plaintiff** or **Settlement Class Member** any right to bring any claim, cause of action, lawsuit, action, administrative proceeding or demand that they did not otherwise have the right to bring prior to execution of this **Agreement** or that they had otherwise or apart from this **Agreement** waived or released, including for injuries for which they assumed the risk.

19.    As part of the final approval of the **Settlement Agreement, Class Counsel** have sought approval of the agreed upon $8 million in fees, and $353,712.32 in reimbursement of costs expended by Class Counsel in this litigation. The Court has reviewed **Class Counsel's** submissions in support of the Motion for Final Approval, including **Class Counsel's** time records and the detailed declarations of Jeffrey Keller and Melissa Harnett and finds the requested amount to be fair and reasonable.

20.    "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'"  *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  In cases such as this one, where the "defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class . . . the court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Staton*, 327 F.3d at 966; *see also Hernandez v. Kovacevich*, 2005 WL 2435906 at, *8-10 (E.D. Cal. September 30, 2005) (applying *Staton*); *Wing v. Asarco, Inc.*, 114 F.3d 986, 988 (9th Cir. 1997) (holding attorneys' fees agreed to in a class settlement are constrained only by "reasonableness"). This is particularly true when "nothing before the court

suggest[s] any collusion occurred" between the parties.  *Lobatz v. U.S. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 624 (S.D. Cal. 2005); *In re First Capital Holdings Corp. Financial Prod. Sec. Lit.*, WL 226321, at *4   (C.D. Cal. June 10, 1992). Moreover, the presence or absence of objectors to a fee amount set forth in a settlement agreement is especially important to the consideration of whether the fees sought are reasonable.  *Singer v. Becton Dickinson and Co.*, 2010 WL 219610, at *8 (S.D. Cal. June 1, 2010).

21.    Here the Court finds there is no evidence that the fee award was collusive.  The amount was set forth as part of the mediator's proposal agreed upon by the parties and memorialized in the **Settlement Agreement**.  No objectors have provided evidence of collusion and no objections to **Class Counsel's** intent to seek the specified amount in attorney's fees have been made (although one objector, whose objections have been overruled, claimed to be unable to determine whether she should object).  These facts heavily weigh in favor of finding the negotiated fees reasonable.

22.    The reasonableness of the fee award sought by **Class Counsel** is further corroborated by this Court's lodestar analysis.  For purposes of the lodestar analysis, the Court finds that Plaintiffs are prevailing plaintiffs under both federal and state law statutes containing fee shifting provisions and are therefore entitled to an award of attorneys' fees.  *See* 18 U.S.C. § 1964(c) (providing for attorneys fees in RICO action), 15 U.S.C. § 1693(a)(2)(m) (providing for attorneys fees in EFTA action), California Civil Code § 1780(e) (providing for attorneys fees in CLRA action), and California Code of Civil Procedure § 1021.5 (providing for attorneys' fees when the action "has resulted in the enforcement of an important right affecting the public

1   interest…").[2] When a party prevails under both federal and state law, the Court may

2   apply the more generous provisions of state law in calculating a fee award, such as

3   including a multiplier for contingent fee risk.   *Fair Housing Council of San Diego*

4   *v. Pensaquitos Casablanca Owner's Ass'n*, 523 F. Supp. 1164, 1170 (S.D. Cal.

5   2007) (citing *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1479

6   (9th Cir. 1995); *Nat'l Federation of the Blind v. Target Corp.*, 2009 WL 2390261, at

7   *5-6 (N.D. Cal. August 3, 2009); *see also Ketchum v. Moses*,  24 Cal. 4th 1122,

8   1136 (2001) (confirming availability of multipliers under California law despite

9   differing federal approach).

10   **23.**   Under the lodestar method, the Court first determines the lodestar by

11   multiplying the number of hours reasonably spent by plaintiffs' counsel by

12   reasonable hourly rates.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.

13   1998); *Serrano v. Priest ("Serrano III")*, 20 Cal. 3d 25, 48-49 (1977).  The Court

14   may then apply a multiplier to the lodestar under California state law, adjusting it

15   upward or downward to take into account a variety of factors, including the quality

16   of the representation, the novelty and complexity of the issues, the results obtained,

17   and the contingent risk presented. *Lealao v. Beneficial California*, 82 Cal. App. 4th

18   19, 26 (2000).

19   24.   **Class Counsel** have provided evidence in the form of time records and

20   detailed declarations that 22,578.01 hours have been spent litigating this case on

21   behalf of class members since before the filing of the complaint on October 2, 2006,

22   including  9,987.81  hours  billed  by  Keller  Grover  and  12,590.20  billed  by

23   Wasserman, Comden, Casselman & Esensten ("WCCE") (*See* Harnett ¶¶ 17, 99, Ex.

24   2; Keller ¶ 7, Ex. 2).  Class Counsel has also submitted schedules of the hourly rates

---

26   [2] In actions arising under California's Unfair Competition Law, fees are typically awarded under

27   California Code of Civil Procedure § 1021.5.  *See, e.g. Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216, (2008) (awarding lodestar fees for UCL action under § 1021.5).

1  charged by the attorneys and professional staff who worked on this case as part of

2  the Harnett and Keller declarations.

3       25.    The Court has reviewed **Class Counsel's** submissions as well as

4  considered all relevant factors and finds that **Class Counsel's** time was reasonably

5  spent.  The litigation was extremely hard fought by Counsel for both sides and the

6  issues dealt with in this litigation were extremely complex and difficult throughout.

7  This Court's own docket reflects the substantial amount of work that **Class Counsel**

8  put into this case and **Class Counsel** have further evidenced the substantial amount

9  of work that was involved but not reflected in the docket, including extensive

10 discovery practice, 31 depositions, review of hundreds of thousands of pages of

11 documents, two mediations, work with experts, and trial preparation.   Further the

12 Harnett and Keller Declarations state that **Class Counsel** have reviewed their own

13 hours and have made cuts to hours where appropriate.  Hours were reduced for time

14 entry errors, duplications and instances where Class Counsel through its own audit

15 determined that the hours should be reduced or not billed at all. The hours for which

16 **Class Counsel** seeks compensation are therefore reasonable.

17      26.    The Court also finds that **Class Counsel's** hourly rates are

18 commensurate with the prevailing rates for private attorneys practicing both

19 contingent and non-contingent litigation of this type in this district.  Multiplying the

20 time reasonably spent by **Class Counsel** litigating this case by **Class Counsel's**

21 reasonable hourly rates, the Court calculates **Class Counsel's** lodestar to be

22 $9,321,593 ($4,757,373.50 for Keller Grover and $4,564,219.50 for WCCE).

23      27.    **Class Counsel** have further argued that a multiplier would be

24 appropriate here as proof of the reasonableness of their fee request.  The Court finds

25 that in light of the fact that the unadjusted lodestar is well above the requested $8

26 million fee award (by an amount of 14%), the Court need not engage in the

27 multiplier analysis to find the $8 million fee award reasonable.  Accordingly, the

28 Court hereby approves a fee award of $8 million to **Class Counsel**.

28.     The **Settlement Agreement** also reflects Defendant's agreement to pay **Class Counsel's** costs, up to $400,000.  Fed. R. Civ. P. 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party" unless otherwise provided by law or court order.  **Class Counsel** have provided the Court with invoices detailing the reimbursable amounts for each firm.  The Court has reviewed the Keller and Harnett Declarations and the invoices attached and finds that **Class Counsel's** costs were reasonably necessary to the conduct of the litigation.  The Court therefore awards **Class Counsel** their full costs in the amount of $353,712.32.

29.     The Court Orders that within three (3) business days following the entry of this **Order Granting Final Approval of Settlement**, the $8 million fee award and the $353,712.32 award of costs shall be deposited into the **Class Counsel Escrow Account** as required under Paragraph 9.3 of the **Settlement Agreement**.  The deposited fees and costs are to be distributed to **Class Counsel** upon the **Effective Date** as further specified in the **Settlement Agreement.**

30.     The **Settlement Agreement** also contemplates the award of incentive payments to the **Representative Plaintiffs** in the amount of $10,000 each, subject to the Court's approval.  The Court has reviewed the declarations of each of the **Representative Plaintiffs** and has taken into consideration all factors that can be considered by the Court in determining whether the awards are appropriate.  The Court hereby GRANTS Plaintiffs' incentive award requests and finds that incentive awards in the amount of $10,000 for each of the **Representative Plaintiffs** are reasonable and justified.

31.     The Court Orders that within three (3) business days following the entry of this **Order Granting Final Approval of Settlement**, Defendant shall place an additional $90,000 into the **Class Escrow Account,** ordered in Paragraph 40 above, and pursuant to Paragraph 2.3 of the **Settlement Agreement**. Payments of

1  $10,000 to each of the nine (9) **Representative Plaintiffs** shall be made within
2  thirty (30) days of the **Effective Date** as set forth in the **Settlement Agreement**.

3  32.  If for any reason the **Settlement Agreement** becomes null and void
4  before the **Effective Date** or before the **Judgment** becomes **Final** (including,
5  without limitation, the exhaustion of any judicial review, or requests for judicial
6  review from this **Order of Final Approval**), the operative complaint shall be the
7  Fifth Amended Complaint and the **Settling Parties** shall resume the **Litigation** as if
8  no **Agreement** had been entered.  In such event, the terms and provisions of the
9  **Settlement Agreement** shall have no further force and effect with the exception of
10 Paragraphs 12.1 and 12.7 of the **Settlement Agreement**.

11 33.  Upon the **Effective Date** of the **Settlement**, all **Released Claims** shall
12 be deemed dismissed with prejudice and fully, finally, and forever relinquished and
13 discharged against the **Released Persons** by operation of **Judgment.**

14 34.  The Court further Orders that the parties carry out the provisions of the
15 Agreement.

16 35.  This Court has jurisdiction to enter this **Final Judgment** and Order of
17 Dismissal. Without in any way affecting the finality of this **Judgment**, this Court
18 expressly retains exclusive and continuing jurisdiction as to all matters relating to
19 the administration, consummation, and enforcement and interpretation of the
20 **Settlement Agreement**, and of this Order, and for any other purposes, including but
21 not limited to:

22 (i)  enforcing the terms and conditions of the **Settlement Agreement**
23 and resolving any disputes, claims or causes of action that, in whole or in part, are
24 related to or arise out of the **Settlement Agreement**, or the **Judgment**, including,
25 without limitation, whether an **Individual** is or is not a **Settlement Class Member**;

26 (ii)  entering such additional orders as may be necessary or
27 appropriate to project or effectuate the **Judgment** approving the **Settlement**
28 **Agreement**, dismissing all claims with prejudice, and permanently enjoining

1  **Settlement Class Members** from initiating or pursuing related proceedings, or to
2  ensure the fair administration of this **Settlement,** including issuing orders upon
3  application of the parties, to conduct any discovery that may be necessary to apply
4  for the posting of an appeal bond if an appeal is filed by a Settlement Class Member;
5  and

6         (iii)  resolving any disputes, claims or causes, and entering any
7  additional orders relating to or arising out of the **Released Claims**, the timeliness
8  and/or validity of any **Opt Out**, approval of any distribution to be made *cy pres*,
9  and/or any **Claim Form** submitted for payment from the **Class Escrow Account**.

10      IT IS SO ORDERED:

11

12  DATED:   July 12, 2010

13

14                           _____

15                           Hon. A. Howard Matz
                         United States District Judge

16

17  **JS-6**

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| Class Member Name | 24 Hour Membership Number | Claimant ID |
|---|---|---|
| DONNA SMITH | FY77087 | 96515 |
| CHRYSTAL FLACKMAN | FQ80345 | 105071 |
| MARIA CERVANTES | FY90047 | 121521 |
| DOUG HELMSTADER | FZ03000 | 144506 |
| KURT ERIKSSON | FZ55582 | 234559 |
| CAROLYN BARSANO | FZ78491 | 275798 |
| MARY GUIRA | FZ84894 | 287838 |
| LISA CLARK | CD33868 | 346856 |
| RACHEL MOORE | GA35436 | 375009 |
| DEB KAPUSTENSKY | FA39211 | 383455 |
| MARY ANN MORENO | GA78754 | 442046 |
| JOSE FUENTES | GB82143 | 626736 |
| SHELLEY VILES | GC01714 | 660594 |
| THEO WIRTZ | GC31069 | 713139 |
| ANA KAUFFMANN | GC62408 | 768559 |
| CAROLYN CORDELL | ZZ870005 | 872577 |
| SARAH SMITH | GD70355 | 948876 |
| GREGORIO LOPEZ | GD76051 | 958479 |
| ANNE GAULT | GF57521 | 1275865 |
| ZOHAL WAZIRI | GG38917 | 1392845 |
| REZA RAFIE | GG85294 | 1466423 |
| ASHLEY WARD | GH33886 | 1548914 |
| HAROLD GAULT | GI14381 | 1667103 |
| HAROLD GAULT | GI14381 | 1667271 |
| HAROLD GAULT | GI14381 | 1667387 |
| JEAN ERMOIAN | GI17235 | 1671445 |
| JENNIFER BLACK | GI49119 | 1721799 |
| ALFREDO MENDOZA | GJ16107 | 1833249 |
| JOHN SCHILTZ | GJ51943 | 1890440 |
| MICAH SMITH | GJ96408 | 1961942 |
| JADA MELANCON | GK19962 | 2001197 |
| CHEYENNE OSMUNDSEN | GK23700 | 2006840 |
| DEANNNA WEBB | GK24881 | 2008257 |
| KY;LE GREENBERG | GL09657 | 2147949 |
| NOZOMI NISHINO | GL35333 | 2186504 |
| DEMITRA LEWIS | GL79713 | 2266305 |
| SANDRA HORAN | GM16152 | 2331140 |

| | | |
|---|---|---|
| ANNALISA JOYCE | GM65490 | 2422220 |
| SAMANTHA BELLOWS | GM75386 | 2439846 |
| SAMANTHA BELLOWS | GM75386 | 2439969 |
| SANDEEP SINGH | FW19530 | 2571225 |
| LORI HAWKINS | BQ73469 | 2772028 |
| MARY CANTLIN | GP83436 | 2886237 |
| NERRISA JUAN | GP91140 | 2897875 |
| MARIA RODRIGUEZ | FV63662 | 3005095 |
| JARED ELLIOT | GQ71538 | 3023877 |
| JARED ELLIOT | GQ71538 | 3023884 |
| KATHRYN COX | GQ83933 | 3040751 |
| LISA LUNDIN | GT41368 | 3370445 |
| SAMANTHA GAMACHE SAMMONS | GT57923 | 3391198 |
| REBECCA KUK | GT64086 | 3398357 |
| ANTHONY LIPKA | GT85117 | 3425541 |
| KATHI LENGENFELDER | GU20253 | 3473047 |
| KATHERINE MILLER | GU45771 | 3512203 |
| SCOTT CRAM | GU58796 | 3531556 |
| SCOTT CRAM | GU58796 | 3531600 |
| LEAH MAGPANTAY | GV18693 | 3620076 |
| LEAH MAGPANTAY | GV18693 | 3620083 |
| GABRIELA ROSADO | GV64095 | 3679463 |
| LINDA BEADLES | GX07070 | 3871928 |
| PAM MELODY | 110517454 | 4027560 |
| OMAR GUTIERREZ | GZ51749 | 4204190 |
| MARAIA VURAI | HB18870 | 4428275 |
| AESHIM MARTIN | HB84303 | 4529569 |
| JAMES DAVIS | HC30231 | 4590644 |
| KATHRIN HUELCK | HE12510 | 4861225 |
| LOIS J ROSS | AE499297 | 4985211 |
| MILDRED C PICKARD | AV53153 | 5013029 |
| CITATION GAS | BS424778 | 5065448 |
| SANDY RYNO | BS423568 | 5065677 |
| CITATION GAS | BS451079 | 5069279 |
| WILL L SILMON | CU95367 | 5164509 |
| GLEN WAMBHEIM | DE34392 | 5421909 |
| CECELIA RHONE | DT81562 | 5465255 |
| TRESA LYKOU | DW21954 | 5521302 |
| JANET KRUGER | DX77342 | 5552559 |
| EUGENE WOLOWSKI | DY39977 | 5565047 |
| GENE WOLOWSKI | DY39977 | 5565054 |

| | | |
|---|---|---|
| EUGENE WOLOWSKI | DY39977 | 5565061 |
| LAURIE ALLEN | DY86463 | 5574131 |
| THOMAS ALFORD | DV41074 | 5625505 |
| DARLENE RIDGWAY | ED35826 | 5683376 |
| CHALINA MORI | ED98807 | 5701872 |
| JAY MASATSUGU | EF59530 | 5750931 |
| ANTHONY SCARTOZZI | EI23377 | 5853441 |
| JOAN CROKER | EJ01922 | 5880980 |
| CHARLOTTE I. MILLER | EJ76160 | 5902125 |
| CHRIS CLARK | EM35649 | 5958245 |
| RYAN LURK | EM68911 | 5975730 |
| TAMARA KALE | EM75323 | 5978670 |
| RUBY HARRIS | EN17136 | 6002077 |
| COLLEEN OHLANDT | DJ27925 | 6045494 |
| ANGELA CAMDEN | EO80032 | 6081287 |
| BONNIE BAKER | EP74923 | 6125967 |
| PAMELA GOLDEN | EQ83218 | 6166519 |
| GLENN SLOAN | EU35545 | 6309473 |
| ROBERT FLINT | EU38201 | 6310783 |
| CITATION GAS | EU47625 | 6315085 |
| CITATION GAS | EU47641 | 6315092 |
| CITATION GAS | EU47681 | 6315122 |
| CITATION GAS | EU47711 | 6315146 |
| GLENN SLOAN | EU35545 | 6383183 |
| CYNTHIA KROHN | EX09736 | 6427337 |
| CRISTIAN SUAREZ | EY20689 | 6509378 |
| NICOLE WHYTE | EY58948 | 6548995 |
| CHRIS KROHN | EY83467 | 6576141 |
| JESSICA HEALEY | EY96759 | 6590932 |
| ISABELLE LOPEZ | EZ13232 | 6609269 |
| NICOLE BURNS | EZ13532 | 6609580 |
| AMY SCHROEDER | EZ21411 | 6617332 |
| DANIELLE ALLEN | EZ66431 | 6666330 |
| DEBBIE KAPUSTENSKY | FA39211 | 6730840 |
| REINA FUENTES | FA96027 | 6786335 |
| ROBERT OLSON | FB31712 | 6822484 |
| BYRON E CONNER | AA15126 | 6875732 |
| LINDSAY STANSFIELD | FC42018 | 6931636 |
| RUTH SIMONSON | FD28848 | 7008498 |
| SIRISUDA PADERMCHOKE | FD45947 | 7023781 |
| MARIANNE SOPER | FD92961 | 7062766 |

| MANUEL KARAMANLIAN | FE09555 | 7076992 |
| MANUEL KARAMANLIAN | FE09555 | 7077043 |
| DIANNE FENDLER | FE75469 | 7137624 |
| RENEE NOWLIN | FE86892 | 7150647 |
| BARBARA EISENBEIS | FF59578 | 7229275 |
| JAMES KIRSCH | FF90813 | 7268892 |
| MATTHEW OGWIN | FH07827 | 7405730 |
| GERALD LAM | FH37257 | 7440045 |
| CHELSEY GRIMM | FH72816 | 7485763 |
| KAY CLINE | FJ14715 | 7619151 |
| RUTH FOSSON | FJ17166 | 7621338 |
| TERRY NICHOLSON | FJ24066 | 7627507 |
| KAZUMI TAKENAKA | FL73269 | 7849664 |
| JEFF MERRITT | FM26406 | 7901430 |
| JEFF MERRITT | FM26406 | 7901447 |
| RUSSELL W KRUGER | BH25130 | 7940491 |
| GRACE HO | FM93387 | 7959813 |
| GERALD LAM | FH37257 | 8012869 |
| CHINH TRAN | FN77243 | 8042101 |
| ERIC BURDICK | FN77336 | 8042224 |
| GERARDO PASTOR | FN86806 | 8050731 |
| KAY CLINE | FJ14715 | 8084699 |
| GLEN MCLARTY | FO79166 | 8136749 |
| ROSA GUERREO | FQ15097 | 8256072 |
| HOPE SLIGER | FQ60460 | 8299352 |
| MICHELLE TRAN | FQ73713 | 8314512 |
| HO YEUNG | FQ89807 | 8332622 |
| LUKE MARQUARD | FR16619 | 8362117 |
| ANDREA RODRIGUEZ | FR59596 | 8405739 |
| MEGAN WILSON | FR99856 | 8442192 |
| JENNIFER MINDT | FS06404 | 8448255 |
| RUSSELL LISTER | FT28536 | 8565112 |
| RUSSELL LISTER | FT28536 | 8565129 |
| RUSSELL LISTER | FT28536 | 8565143 |
| RUSSELL LISTER | FT28536 | 8565150 |
| RENE GARCIA | FU31926 | 8649195 |
| ANDREA RODRIGUEZ | FR59596 | 8664877 |
| BRITNI HOTCHKISS | FV11760 | 8731692 |
| BRITNI HOTCHKISS | FV11760 | 8731708 |
| MARY CANTLIN | GP83436 | 9050501 |
| MATT SHAW | HF83635 | 9156913 |

| | | |
|---|---|---|
| MAXIMILIANO GREMIGNI | HG66099 | 9275836 |
| PATRICIA KENNEDY | HH46897 | 9401860 |
| PATRICIA KENNEDY | HH46897 | 9402140 |
| BETTY ROMANO | HH51294 | 9408043 |
| MICHAEL WEST | HI30768 | 9522794 |
| RENEE ANDERSON | HI37513 | 9532083 |
| ERICA PETERS | HI55179 | 9560635 |
| NICOLE RICE | HI68825 | 9584037 |
| JEFF PUI | HJ34173 | 9687370 |
| JEFF PUI | HJ34173 | 9687387 |
| ASHLEY BURRIS-ANTEE | HJ58991 | 9721142 |
| SHIRENE ERICKSON | HK38251 | 9827561 |
| SHIRENE ERICKSON | HK38251 | 9827776 |
| JULI KOPROWSKI | HK54853 | 9848986 |
| TRACY MOSER | HK59854 | 9854857 |
| JATINDER UBBI | HL79826 | 10006764 |
| JATINDER UBBI | HL79827 | 10007013 |
| JORDAN BOUCHAL | HM08156 | 10042892 |
| JEFF CARLSON | HM54121 | 10107171 |
| LISA EVEN | HM77409 | 10138670 |
| ROBERT BREADY | HM92986 | 10158586 |
| AARON AKEMAN | HN00836 | 10169681 |
| AARON AKEMAN | HN00836 | 10169698 |
| LEAH BEAVER | HN00837 | 10169704 |
| TROY STAMPS | HN46902 | 10229897 |
| JARED GRAFF | HO02108 | 10297896 |
| MELVIN LONG | HO71754 | 10394106 |
| TOMAS SASSONE | HP10466 | 10444474 |
| TOMAS SASSONE | HP10467 | 10444481 |
| CHRIS SMITH | HP23878 | 10461518 |
| ANA VELAZQUEZ | HP43394 | 10486443 |
| RAOUL LEYBA | HP59891 | 10504864 |
| JOSE AGUILAR | HF63393 | 10512418 |
| KRISTEN BAKER | HQ06096 | 10565452 |
| DANIA MARTINEZ | HQ60609 | 10647745 |
| MARIA PESTOVNIKOVA | HQ61609 | 10648926 |
| DIANE ELLIOTT | HR79956 | 10828823 |
| DIANE ELLIOTT | HR80050 | 10828847 |
| NICOLE LANOUETTE | HR91534 | 10850909 |
| HILARY WILKANS | HS27047 | 10901618 |
| MELISSA MCCARRISTON | HS80903 | 10991107 |

| | | |
|---|---|---|
| ANDREW HAYES | HT49235 | 11104889 |
| PEGGY SIMMONS | HT92152 | 11170624 |
| CHESTER CAMPBELL | HU06955 | 11193401 |
| CHESTER CAMPBELL | HU06955 | 11193579 |
| SHANNON POTEET | HU67342 | 11284284 |
| ELIZABETH DANIEL | HT82411 | 11286844 |
| SANDY JOSEPH | HU94468 | 11321521 |
| ERIN MICHELLE CRITTENDEN | HV17561 | 11354819 |
| SARA WELLS | HV96162 | 11471738 |
| GIGI LEIBY | HW23208 | 11504245 |
| LORETTA REDDAWAY | HW35456 | 11528395 |
| MAYA JONES | HW53895 | 11551539 |
| JILL JONES | HW78536 | 11589846 |
| PAULETTE SYLVIA | HX29704 | 11665861 |
| MELODY LOYOLA | HX33081 | 11671008 |
| RACHEL VERON | HY15232 | 11785835 |
| STEPHANIE LOPEZ | HY31527 | 11806936 |
| MARY DAVIDSON | HZ47280 | 11966753 |
| BRANDON SHORT | IA02377 | 12040254 |
| ANDREA BEAULIER | IB81519 | 12284627 |
| ANDREA BEAULIER | IB81519 | 12284634 |
| ANDREA BEAULIER | IB81519 | 12284986 |
| ANDREA BEAULIER-REAVIS | IB81519 | 12284993 |
| VALERIE BLOISE | IC11930 | 12326624 |
| VALENE BLOISE | IC11930 | 12326631 |
| QUINTINA GALLEGOS | IC28756 | 12349180 |
| KAY FORD | IC32154 | 12354986 |
| CHAUNDRA KENNEDY | IC75186 | 12416875 |
| CHRISTOPHER HAMILTON | IC77910 | 12421824 |
| HANNAH AFFLECK | ID03371 | 12458349 |
| RUTH BELL | ID25961 | 12487615 |
| AESHIM MARTIN | HB84303 | 12493937 |
| JENNA MALTSBERGER | ID92958 | 12572625 |
| JENNA MALTSBERGER | ID93043 | 12572847 |
| LETICIA GUTIEREZ | IE08034 | 12591602 |
| J CHANDRASEKHARA | IE30608 | 12616817 |
| ALMAZ TESFAI | IE51487 | 12643653 |
| ALMAZ TESFAI | IE51487 | 12643660 |
| JACQUIE BUTTERFIELD | IE72773 | 12673025 |
| ORLANDO OMORUYI | IE94818 | 12699582 |
| ORLANDO OMORUYI | IE94818 | 12699599 |

| | | |
|---|---|---|
| HAMAD ALJASSAR | IF22585 | 12730483 |
| JENNIFER TANCREDI | IG08740 | 12833177 |
| LEILA SCHWANEMANN | IG56259 | 12897391 |
| RACHAEL DAVIS | IG56976 | 12898596 |
| MICHAEL NORIEGA | IG69088 | 12911943 |
| LESLIE REICHBAUM | IG89084 | 12935482 |
| LESLIE REICHBAUM | IG89084 | 12935499 |
| GARY PENTECOST | IH31990 | 12982592 |
| AMBER RADECKI | II29822 | 13099756 |
| MARIE NELSON | GB74170 | 13119720 |
| AMANDA DUGGAN | II67724 | 13143008 |
| AMANDA DUGGAN | II67724 | 13143015 |
| KRISTIN FASSNACHT | IL54767 | 13469306 |
| KIM CYBORON | IL78898 | 13500894 |
| KIM CYBORON | IL78898 | 13500900 |
| JANE TAKAYAMA | IM66978 | 13578572 |
| ALI VAHIDZAEH | IM90553 | 13599577 |
| DAVE KITCHEN | IN33633 | 13642037 |
| JENNIFER JOHNSON | IO76602 | 13777142 |
| DANIELA KWON | IR99993 | 14112034 |
| AARON AKEMAN | HN00836 | 14154942 |
| AARON AKEMAN | HN00836 | 14154959 |
| JAMES BARTON | IT18526 | 14234187 |
| AMADO TADIARCA | IU11916 | 14327834 |
| FRANCESCA GACHO | IU35271 | 14354977 |
| ELYSE GRESNICKSMITH | IU44941 | 14365416 |
| LIZETH LOPEZ | IU90461 | 14405846 |
| SAVANNAH ARGYLE | IV84807 | 14497698 |
| SHAWN ARIANNIA | IW55836 | 14570803 |
| SHAWN ARIANNIA | IW55836 | 14570810 |
| PABLO MEDINA | IX19607 | 14629488 |
| ADRIANA ROMO | IX39680 | 14650901 |
| MAROLYN LARSON | IX77116 | 14684845 |
| SHANE LIPPOLD | IX90658 | 14697951 |
| EARL HOBAR | GO71719 | 14728228 |
| KOURTNEY PYLE | IY26574 | 14736308 |
| ZAYRA SERRANO | FK05293 | 14798818 |
| ALEXANDER GINO | JA34157 | 14927133 |
| ANDREW CHILDS | JB68571 | 15036438 |
| EVA RAMOS | JD02900 | 15134714 |
| BRITTANY BARCUS | JD06382 | 15137319 |

| EDLYN CADIZ | JD28341 | 15153166 |
|---|---|---|
| EDLYN CADIZ | JD28341 | 15153173 |
| JENNIFER LEPIRE | JD33112 | 15156280 |
| NGOC LE | JE44364 | 15230256 |
| ARACELI RUIZ DE FIERRO | JF12377 | 15268488 |
| LISA SANXTER | JG63653 | 15347602 |
| CRAIG GEARK | JH03449 | 15365767 |
| STEVE MERGEN | JH28854 | 15376503 |
| BARBARA FRANKLIN | JH96603 | 15401199 |
| MARY LEYBA | HP59890 | 15431578 |
| KATIE ELLIS | JJ21224 | 15435712 |
| KATIE ELLIS | JJ21224 | 15435781 |
| ADAM FORMAN | JJ61366 | 15443786 |
| JESUS CONTRERAS | JL55478 | 15469656 |
| CITATION GAS | QQ008601 | 15482198 |
| CITATION GAS | QQ008603 | 15482204 |
| CITATION GAS | QQ008604 | 15482211 |
| CITATION GAS | QQ008605 | 15482228 |
| CITATION GAS | QQ008615 | 15482235 |
| CITATION GAS | QQ008619 | 15482242 |
| CITATION GAS | QQ008622 | 15482259 |
| CITATION GAS | QQ008623 | 15482358 |
| CITATION GAS | QQ008625 | 15482365 |
| CITATION GAS | QQ008627 | 15482372 |
| CITATION GAS | QQ008628 | 15482389 |
| CITATION GAS | QQ008630 | 15482396 |
| CITATION GAS | QQ008666 | 15482402 |
| CITATION GAS | QQ008664 | 15482419 |
| CITATION GAS | QQ008665 | 15482426 |
| CITATION GAS | QQ008699 | 15482440 |
| CITATION GAS | QQ008667 | 15482457 |
| CITATION GAS | QQ008669 | 15482464 |
| CITATION GAS | QQ008670 | 15482471 |
| CITATION GAS | QQ008633 | 15482488 |
| CITATION GAS | QQ008637 | 15482495 |
| CITATION GAS | QQ008638 | 15482501 |
| CITATION GAS | QQ008640 | 15482518 |
| CITATION GAS | QQ008641 | 15482525 |
| CITATION GAS | QQ008644 | 15482532 |
| CITATION GAS | QQ008646 | 15482549 |
| CITATION GAS | QQ008647 | 15482556 |

| CITATION GAS | QQ008648 | 15482563 |
| CITATION GAS | QQ008649 | 15482570 |
| CITATION GAS | QQ008652 | 15482587 |
| CITATION GAS | QQ008654 | 15482594 |
| CITATION GAS | QQ008656 | 15482600 |
| CITATION GAS | QQ008657 | 15482617 |
| CITATION GAS | QQ008658 | 15482624 |
| CITATION GAS | QQ008660 | 15482631 |
| CITATION GAS | QQ008661 | 15482648 |
| CITATION GAS | QQ011731 | 15482655 |
| CITATION GAS | QQ011739 | 15482679 |
| CITATION GAS | QQ011740 | 15482686 |
| CITATION GAS | QQ008663 | 15482693 |
| CITATION GAS | QQ008672 | 15482709 |
| CITATION GAS | QQ008673 | 15482716 |
| CITATION GAS | QQ008671 | 15482761 |
| CITATION GAS | QQ010641 | 15482822 |
| CITATION GAS | QQ011728 | 15482853 |
| CITATION GAS | QQ011729 | 15482860 |
| CITATION GAS | QQ011771 | 15483010 |
| K. I. (a minor) | ZX037847 | 15531490 |
| MICHAEL RODRIGUES | ZX335464 | 15690890 |
| CITATION GAS | ZY038878 | 15714398 |
| CITATION GAS | ZY042913 | 15719478 |
| CITATION GAS | ZY042914 | 15719652 |
| CITATION GAS | ZY042915 | 15719669 |
| CITATION GAS | ZY043231 | 15720139 |
| CITATION GAS | ZY043232 | 15720146 |
| CITATION GAS | ZY043233 | 15720153 |
| LINDA SANDERS | ZY830743 | 15928085 |
| KATRINA MARRIOTT | ZY893471 | 16014800 |
| JARED W KLINGENBERG | ZY944536 | 16081277 |
| CITATION GAS | ZZ204212 | 16150577 |
| CITATION GAS | ZZ204830 | 16150638 |
| CITATION GAS | ZZ290646 | 16151321 |
| CITATION GAS | ZZ290647 | 16151338 |
| CITATION GAS | ZZ290648 | 16151345 |
| CITATION GAS | ZZ290650 | 16151352 |
| CITATION GAS | ZZ290651 | 16151369 |
| CITATION GAS | ZZ290653 | 16151376 |
| CITATION GAS | ZZ290654 | 16151383 |

| | | |
|---|---|---|
| CITATION GAS | ZZ292517 | 16152274 |
| CITATION GAS | ZZ292518 | 16152281 |
| CITATION GAS | ZZ292536 | 16152304 |
| CITATION GAS | ZZ298151 | 16152526 |
| CITATION GAS | ZZ298152 | 16152724 |
| CITATION GAS | ZZ298153 | 16152731 |
| KARIN KUNZIG | ZZ392287 | 16157439 |
| CHERIE NAVARRO | ZZ396760 | 16159594 |
| CITATION GAS | ZZ404354 | 16163171 |
| CITATION GAS | ZZ404355 | 16163188 |
| CITATION GAS | ZZ404841 | 16163324 |
| CITATION GAS | ZZ404842 | 16163379 |
| CITATION GAS | ZZ575502 | 16177604 |
| CITATION GAS | ZZ575683 | 16177772 |
| MICHAEL MANNING | ZZ762165 | 16194809 |
| MICHAEL MANNING | ZZ762163 | 16194922 |
| MICHAEL MANNING | ZZ762164 | 16194939 |
| CITATION GAS | ZZ770708 | 16201026 |
| CITATION GAS | BS436118 | 16229723 |
| ALFRED MIKULA | CL59452 | 16234178 |
| ROBERT PARK | FO37086 | 16515864 |
| MICHELLE TRAN | FQ73713 | 16536012 |
| MARILYN FLEETWOOD | FT79490 | 16563926 |
| JENNIFER CORUM | GH15499 | 16744202 |
| JENNIFER BLACK | GI49119 | 16763821 |
| SURENDRA SAMLALSINGH | GU25562 | 16930179 |
| JANICE NORCROSS | GU75553 | 16937499 |
| JEANNE ROITER | HB50135 | 17024488 |
| JD HOLLAND | HD10644 | 17045797 |
| LOLETTA HAZEN | HH05844 | 17100410 |
| RACHAEL DAVIS | HI99915 | 17128698 |
| CHRIS SMITH | HP23878 | 17206457 |
| DEEPAK MURTHY | IG06556 | 17429429 |
| CHRISTINE CORBETT | IG51335 | 17435512 |
| KONRAD MORAGA | II79732 | 17461443 |
| ALLEN MARGARETH | II89095 | 17462174 |
| HELEN CALUPIG | IL57182 | 17490702 |
| JULIO CARDENAS | JA76340 | 17630955 |
| CITATION GAS | QQ008642 | 17678384 |
| CITATION GAS | QQ008634 | 17678445 |
| CITATION GAS | QQ008655 | 17678599 |

| CITATION GAS | QQ008606 | 17678605 |
| CITATION GAS | QQ008611 | 17678629 |
| CITATION GAS | QQ008620 | 17678636 |
| CITATION GAS | QQ011742 | 17678650 |
| CITATION GAS | QQ008662 | 17678827 |
| CITATION GAS | QQ008697 | 17678834 |
| LINDA SANDERS | ZY830743 | 17720656 |
| CITATION GAS | ZZ204827 | 17741637 |
| CITATION GAS | ZZ204831 | 17741644 |
| CITATION GAS | ZZ404356 | 17742740 |
| FARRAH CARLTON | AX48313 | 17750875 |
| TRAVIS RENNER | DD23534 | 17798952 |
| GARY CHRISTENSEN | DL81085 | 17834513 |
| CHRIS PARKER | DW04546 | 17897242 |
| OMAR VIENGAR | DW13417 | 17897341 |
| KIRK MCVEY | DX86322 | 17906395 |
| VIRGINIA SCHNEEGANS | EA04253 | 17917216 |
| CONSTANCE ELMORE EARL | ED35865 | 17931564 |
| TAMI ZINK | FE18083 | 363341 |
| TAMI ZINK | FE18083 | 7083839 |