```
 1                    UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3            HONORABLE A. HOWARD MATZ, U.S. DISTRICT JUDGE

 4                              - - -

 5
                                          COPY
 6

 7   DANIEL FRIEDMAN, ET AL.,      )
                                   )
 8                   PLAINTIFFS,   )
                                   )
 9        vs.                      ) No. CV06-6282-AHM (CTx)
                                   )
10   24-HOUR FITNESS USA, INC., ET AL., )
                                   )
11                   DEFENDANTS.   )
     _____)
12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                    LOS ANGELES, CALIFORNIA

17                    MONDAY, JULY 12, 2010

18

19

20

21

22          _____

23              CINDY L. NIRENBERG, CSR 5059
                U.S. Official Court Reporter
24              312 North Spring Street, #438
                Los Angeles, California 90012
25                 www.cindynirenberg.com
```

```
 1   APPEARANCES OF COUNSEL:

 2   FOR THE PLAINTIFFS:
                         WASSERMAN, COMDEN & CASSELMAN
 3                       BY: MELISSA M. HARNETT, ATTORNEY AT LAW
                         5567 RESEDA BOULEVARD
 4                       SUITE 330
                         TARZANA, CA 91357
 5                       818-705-6800

 6                       KELLER GROVER
                         BY: JEFFREY F. KELLER, ATTORNEY AT LAW
 7                       425 SECOND STREET
                         SUITE 500
 8                       SAN FRANCISCO, CA 94107
                         415-543-7861
 9

10

11   FOR THE DEFENDANTS:
                         KIRKLAND & ELLIS
12                       BY: ELIZABETH DEELEY, ATTORNEY AT LAW
                             NICKOLAS KACPROWSKI, ATTORNEY AT LAW
13                       555 CALIFORNIA STREET
                         SUITE 2700
14                       SAN FRANCISO, CA 94104
                         415-439-1847
15

16

17

18

19

20

21

22

23

24

25
```

```
 1              LOS ANGELES, CALIFORNIA; MONDAY, JULY 12, 2010
 2                              10:30 A.M.
 3                              - - - - -
 4           THE CLERK:  Calling Item Number 3, CV06-6282, Daniel
 5   Friedman, et al. versus 24-Hour Fitness USA, Inc., et al.
 6           Counsel, state your appearances, please.
 7           MS. HARNETT:  Good morning, Your Honor.  Melissa
 8   Harnett and Jeffrey Keller on behalf of plaintiff.
 9           THE COURT:  Good morning.
10           MS. DEELEY:  Good morning, Your Honor.  Elizabeth
11   Deeley and my colleague Nick Kacprowski on behalf of 24-Hour
12   Fitness.
13           THE COURT:  Okay.  Good morning to both of you as
14   well.  Please be seated.
15           Are there any objectors to the request that I
16   authorize as a final judgment the approval of the settlement?
17           Are there any objectors who have come to court and
18   wish to be heard?
19           No one has signified by voice or by hand that she or
20   he is here to object.
21           Is there any counsel for any of the objectors who
22   wishes to be heard?
23           Okay.  I have separately issued a ruling on the
24   objections.  It's an unusual ruling.  It's based in part, but
25   not entirely, on portions of the proposed final judgment and
```

1   order that the parties jointly submitted.
2           I removed those and changed those and made certain
3   modifications in the bases for overruling the objections, but
4   the objections are now overruled, and that draft order on the
5   ruling for the objections will go out as I edit it.
6           In terms of the final order and the judgment granting
7   approval, the bases for that order that were set forth in the
8   motion were very careful, very complete.
9           We had a hearing last time, and I reviewed the
10  transcript for the March 22nd hearing and have independently
11  confirmed that the concerns I raised and the requirements that
12  I imposed at that hearing be complied with, and they have been.
13          The only real issue that gave me some pause is the
14  issue of the 12,500 potential class members who didn't get
15  timely notice because of what parties referred to as a computer
16  glitch, and I've changed some of the language in that.
17          You've reviewed this proposed order, I take it, Ms.
18  Harnett?
19          MS. HARNETT:  Yes, Your Honor.
20          THE COURT:  And you, too, Ms. Deeley?
21          MS. DEELEY:  Yes, Your Honor.
22          THE COURT:  So with those changes, I'm prepared to
23  proceed on the basis that was indicated.
24          Do the lawyers for either side wish to be heard
25  further?

```
 1              MS. HARNETT:  I do, Your Honor.  With respect to the
 2   draft-ruling objections, I bring to the Court's attention both
 3   the -- I have the wrong one in front of me.  Excuse me.
 4              Several places, it references the fact that the Smith
 5   objections -- there were two filed, one by Neil Dennis Smith,
 6   Jr. and one by Andrew Smith.  Those according to the Court's
 7   docket were --
 8              THE COURT:  Were untimely.
 9              MS. HARNETT:  -- were untimely, and here it
10   referenced them as being timely.
11              THE COURT:  But I've considered them, so I'm going to
12   proceed on that basis.
13              MS. HARNETT:  I just wanted to make clear, in case --
14              THE COURT:  I was aware that they were late, but I
15   chose to consider them.
16              MS. HARNETT:  All right.  And I also raise to the
17   Court's attention that they had filed a request for leave to
18   not appear at the hearing today, which I don't believe the
19   Court has yet ruled on.  They have not appeared, indeed, and --
20              THE COURT:  But their objections have been
21   considered.  They didn't even have to be considered because
22   they were belated.  I don't have to rule on that request.
23              I'm making a ruling now that they had a right to be
24   here, but I'm not making my finding on the basis that they
25   chose not to be here.
```

```
 1              MS. HARNETT:  For clarification, then, for their
 2   standing to appeal -- I mean, there is a concern among the
 3   parties as to whether they have standing to appeal.  By the
 4   Court's own notice requirement and as set forth even in the
 5   response to objections, there is a blank space noting those
 6   objectors who did not appear today and who have, therefore,
 7   waived their objections and as to whether they have standing to
 8   appeal.  We ask for clarification as to whether --
 9              THE COURT:  What are you proposing that I say or do?
10              MS. HARNETT:  We believe based on the Court's
11   preliminary approval order and the notice that they do not have
12   standing to appeal because they did not appear today and
13   because they were untimely in their objections.
14              THE COURT:  Okay.  But you can assert a challenge to
15   their standing, if they chose to appeal, without my having to
16   rule on it one way or the other.  I can rule on the validity
17   objections if I choose to.
18              MS. HARNETT:  Absolutely.
19              THE COURT:  So I'm not going to issue any further
20   advisory ruling on their standing.  That's not for me to do.
21              MS. HARNETT:  I understand.  I just wanted to clarify
22   that -- whether they had been given leave, then, by the Court
23   not to appear today so that it would be clear if they did
24   appeal and we brought a motion for early dismissal based on
25   lack of standing that we have a clear record that they were not
```

```
 1   given leave by the Court excusing their failure to appear
 2   today.
 3             THE COURT:  That's correct.
 4             MS. HARNETT:  Thank you, Your Honor.
 5             THE COURT:  Anything else?
 6             MS. HARNETT:  That was it, Your Honor.
 7             THE COURT:  Anything from you, Ms. Deeley?
 8             MS. DEELEY:  No, Your Honor.
 9             THE COURT:  I'm going to just take this opportunity
10   to say this case has been before me for a long time and may
11   have involved at least as much, if not more, time and effort
12   and concern and rulings than any class action I can recall, and
13   I really want to commend you, Ms. Harnett, because you have
14   been stellar in your representation of the class and of your
15   clients, very responsive, very detailed.
16             I know you have different counsel now, but I'm aware
17   of the hoops that -- I don't want to say the hoops that you
18   were put through.  I am not castigating any prior counsel, but
19   it was not an easy challenge.  You did a very fine job and you
20   deserve a lot of credit.
21             That may also be applicable to you, Mr. Keller, but
22   your colleague is the one who stood up before me almost every
23   time, so I've singled her out.  So thank you for your
24   representation and this order will go out.
25        *(Proceedings concluded.)*
```

```
 1
 2
 3                        CERTIFICATE
 4
 5      I hereby certify that pursuant to Section 753,
 6   Title 28, United States Code, the foregoing is a true and
 7   correct transcript of the stenographically reported
 8   proceedings held in the above-entitled matter and that the
 9   transcript page format is in conformance with the
10   regulations of the Judicial Conference of the United States.
11
12   Date: JULY 19, 2010
13
14                           _____
15                           Cindy L. Nirenberg, CSR No. 5059
16
17
18
19
20
21
22
23
24
25
```